IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01625

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

---

**DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND AND DEFENDANT'S DEMAND FOR JURY TRIAL**

---

Defendant Society For Human Resource Management ("SHRM"), by and through its counsel Kendra K. Smith, Esq., Katherine N. Hoffman, Esq., and Kaitlin I. Spittell, Esq., of Hall & Evans, L.L.C., respectfully submits this  Answer to Complaint and Jury Demand and Defendant's Demand for Jury Trial as follows:

## <u>INTRODUCTION</u>

1.    Defendant admits it is a professional human resources organization and affirmatively states, at all relevant times, Defendant has had less than 500 employees. Defendant affirmatively states it operates as a professional human resources membership association that works to elevate the human resources profession by providing education, certification, and networking opportunities to its members. Defendant denies the remaining allegations of paragraph 1 of Plaintiff's Complaint and

Jury Demand ("Plaintiff's Complaint").

2.      Defendant admits it is a leading expert in human resources' best practices and provides educational programming, human resources accreditations programs, and lobbying and advocacy regarding labor and employment issues and affirmatively states Defendant's website, in its entirety, speaks for itself and denies any allegations of paragraph 2 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits its workplace policies and practices prohibit race and/or color-based discrimination and Defendant promotes anti-discrimination policies and practices in the workplace in accordance with federal, state, and local laws and regulations, and affirmatively states Defendant's employment policies, in their entirety, speak for themselves and deny any allegations of paragraph 3 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations of paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits Plaintiff is a thirty-four-year-old woman of Egyptian descent and was employed by Defendant from April 2016 until the termination of her employment on or around September 1, 2020.  Defendant affirmatively states Plaintiff was hired into the role of eLearning Specialist, and from in or around January 2020 until the time of her termination of employment, Plaintiff held the role of Senior Instructional Designer.   Defendant denies the remaining allegations of paragraph 5 of Plaintiff's

Complaint.

6.    Defendant admits Plaintiff received performance reviews and affirmatively states those performance reviews, in their entirety, speak for themselves and deny any allegations of paragraph 6 of Plaintiff's Complaint inconsistent therewith.    Defendant admits Plaintiff received a promotion during her employment to the position of Senior Instructional Designer in or around January of 2020.    Defendant denies Plaintiff received consistently glowing performance feedback and affirmatively states, toward the latter part of her employment with Defendant, Plaintiff received counseling for performance issues related to her communication with her supervisor, her untimeliness of meeting deadlines, and her failure to complete two large projects, which resulted in her termination of employment.    To the extent any further response is required, Defendant denies the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7.    With respect to paragraph 7 of Plaintiff's Complaint, Defendant admits Plaintiff received a promotion to Senior Instructional Designer in or around January 2020 and reported to Carolyn Barley, Instructional Design Manager, during that time. Defendant denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8.    Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

9.    With respect to paragraph 9 of Plaintiff's Complaint, Defendant admits Plaintiff submitted a complaint to Vice President of Education Jeanne Morris and affirmatively states, the complaint, in its entirety, speaks for itself and denies any allegations of paragraph 9 of Plaintiff's Complaint inconsistent therewith.    Defendant affirmatively states, in response to Plaintiff's complaint, Ms. Morris met with Plaintiff  and

Ms. Barley on or around June 3, 2020 to investigate and address Plaintiff's concerns. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 of Plaintiff's Complaint, and therefore denies same.

10.     Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11.     With respect to paragraph 11 of Plaintiff's Complaint, Defendant admits Plaintiff spoke to Johnny C. Taylor, Chief Executive Officer, and Sean Sullivan, Chief Human Resources Officer, regarding her concerns, and affirmatively states Mr. Sullivan investigated Plaintiff's concerns and found no discrimination or retaliation, but instead, a strained work relationship between Plaintiff and Ms. Barley and therefore recommended the two participate in a mediation to resolve their issues. To the extent a further response is required, Defendant denies the remaining allegations of paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits Plaintiff's employment was terminated on or around September 1, 2020, but denies the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits Plaintiff attempts claims under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"), but denies Plaintiff states any cognizable claims against Defendant as a matter of law. Defendant denies the remaining allegations of paragraph 13 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

14.     Defendant admits this Court possesses subject matter jurisdiction over this

matter, but denies Plaintiff states any cognizable claims as a matter of law. Defendant denies the remaining allegations of paragraph 14 of Plaintiff's Complaint.

15.    Defendant admits this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, but denies the remaining allegations of paragraph 15 of Plaintiff's Complaint.

16.    Defendant admits Plaintiff attempts claims under Section 1981 and Title VII, but denies Plaintiff states any cognizable claims as a matter of law.

17.    Defendant admits Plaintiff attempts claims under Title VII, but denies Plaintiff states any cognizable claims as a matter of law and denies Plaintiff is entitled to any relief.

18.    Defendant denies jurisdiction is invoked pursuant to 28 U.S.C. § 1332 and affirmatively states this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Defendant denies the remaining allegations of paragraph 18 of Plaintiff's Complaint.

19.    Defendant admits venue is proper before this Court pursuant to 28 U.S.C. § 1391, but denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

## THE PARTIES

20.    With respect to paragraph 20 of Plaintiff's Complaint, Defendant admits Plaintiff is a thirty-four-year-old woman of Egyptian descent. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 of Plaintiff's Complaint, and therefore, denies same.

21.    Defendant admits Plaintiff worked in Colorado during her employment with

Defendant and venue is proper before this Court, but Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21 of Plaintiff's Complaint and therefore denies same.

22.     Defendant admits it is a Nonstock Corporation formed for non-profit purposes and its headquarters are located at 1800 Duke Street, Alexandria, Virginia 22314 and affirmatively states it is an Ohio Corporation.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 22 of Plaintiff's Complaint.

23.     Defendant admits Plaintiff was an employee of Defendant from in or around April 2016 until on or around September 1, 2020, but affirmatively states the remaining allegations in paragraph 23 of Plaintiff's Complaint set forth determinations of law to which no response is required.  To the extent any further response is required, Defendant denies the remaining allegations of paragraph 23 of Plaintiff's Complaint.

24.     The allegations in paragraph 24 of Plaintiff's Complaint set forth determinations of law to which no response is required.  To the extent any further response is required, Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

### Ms. Mohamed was a dedicated and consistently high-performing SHRM employee for over four years.[1]

25.    Defendant admits the allegations in paragraph 25 of Plaintiff's Complaint.

26.    Defendant admits the allegations in paragraph 26 of Plaintiff's Complaint.

27.    Defendant admits the allegations in paragraph 27 of Plaintiff's Complaint.

28.    With respect to paragraph 28 of Plaintiff's Complaint, Defendant admits, during Plaintiff's employment with Defendant, Plaintiff moved to Denver, Colorado, where Plaintiff continued working for Defendant as a remote employee and venue is proper before this Court.   Defendant denies the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29.    Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30.    Defendant admits the allegations in paragraph 30 of Plaintiff's Complaint.

31.    With respect to paragraph 31 of Plaintiff's Complaint, Defendant admits it evaluated Plaintiff's performance on an annual basis in 2016 and 2017 and admits Plaintiff received a "meets expectations" rating, but affirmatively states, Plaintiff's performance evaluations, in their entirety, speak for themselves and deny any allegations in paragraph 31 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 31 of

---

[1] Defendant does not adopt the heading on Page 5 of Plaintiff's Complaint, or any characterization therein made by Plaintiff, or, for that matter, any other heading and/or quotation in Plaintiff's Complaint.  To the extent this heading on Page 5 of Plaintiff's Complaint is construed to be part of Plaintiff's allegations, Defendant denies same.

Plaintiff's Complaint.

32.    Defendant admits the allegations in paragraph 32 of Plaintiff's Complaint.

33.    With regard to the allegations set forth in paragraph 33 of Plaintiff's Complaint, Defendant admits Plaintiff received performance evaluations between 2018 and the termination of her employment and affirmatively states, those evaluations, in their entirety, speak for themselves and deny any allegations in paragraph 33 of Plaintiff's Complaint inconsistent therewith.    Defendant affirmatively states Plaintiff received positive feedback in various areas of her work performance and was counseled regarding deficiencies in other areas of her work performance in the timeframe leading up to her termination of employment.    To the extent any further response is required, Defendant denies the remaining allegations in paragraph 33 of Plaintiff's Complaint.

**In January 2020, SHRM recognizes Ms. Mohamed's years of strong performance by promoting her to Senior Instructional Designer."[2]**

34.    Defendant admits the allegations in paragraph 34 of Plaintiff's Complaint.

35.    Defendant admits the allegations in paragraph 35 of Plaintiff's Complaint.

36.    With respect to the allegations set forth in paragraph 36 of Plaintiff's Complaint, Defendant admits there was a job description for Plaintiff's role as Senior Instructional Designer, and affirmatively states, the job description, in its entirety, speaks

---

[2] Defendant does not adopt the heading on Page 7 of Plaintiff's Complaint, or any characterization therein made by Plaintiff. To the extent this heading on Page 7 of Plaintiff's Complaint is construed to be part of Plaintiff's allegations, Defendant denies same.

for itself and denies any allegations in paragraph 36 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 36 of Plaintiff's Complaint.

37.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of Plaintiff's Complaint, and therefore, deny same.

38.     Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     With respect to paragraph 39 of Plaintiff's Complaint, Defendant admits Ms. Barley had performance expectations with respect to Plaintiff's communications with vendors and third-parties, but denies these performance expectations were imposed for any reason other than legitimate, business purposes.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 39 of Plaintiff's Complaint.

40.     With respect to paragraph 40 of Plaintiff's Complaint, Defendant admits Ms. Barley had performance expectations with respect to Plaintiff's communications and meetings with vendors and third-parties, but denies these performance expectations were imposed for any reason other than legitimate, business purposes.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48.     With respect to paragraph 48 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding what Plaintiff and Ebony Thompson discussed, and therefore denies same. Defendant denies Ms. Barley subjected Plaintiff and Ebony Thompson to differential treatment as compared to Carrie Mills and Ann Godmere for any reason other than legitimate, business purposes. To the extent any further response is required, Defendant denies the remaining allegations of paragraph 48 of Plaintiff's Complaint.

49.     Defendant admits Ms. Barley offered performance counseling to Plaintiff regarding a vendor, including that Plaintiff was not "assertive" in managing the vendor relationship, but Defendant denies this performance feedback was for any reason other than legitimate, business purposes. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

## In June 2020, Ms. Mohamed formally complains of Barley's race-discriminatory treatment.[3]

51.    With regard to paragraph 51 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies same.

52.    Defendant admits Plaintiff contacted Vice President of Education Jeanne Morris, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 52 of Plaintiff's Complaint and therefore denies same.

53.    Defendant admits Plaintiff spoke to Ms. Morris regarding Ms. Barley, but denies the remaining allegations in paragraph 53 of Plaintiff's Complaint.

54.    Defendant admits the allegations in paragraph 54 of Plaintiff's Complaint.

55.    Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

56.    Defendant admits Plaintiff and Ms. Barley met on or around June 12, 2020, but denies the remaining allegations in paragraph 56 of Plaintiff's Complaint.

57.    Defendant denies the allegations in paragraph 57 of Plaintiff's Complaint.

---

[3] Defendant does not adopt the heading on Page 10 of Plaintiff's Complaint, or any characterization therein made by Plaintiff. To the extent this heading on Page 10 of Plaintiff's Complaint is construed to be part of Plaintiff's allegations, Defendant denies same.

## Immediately following Ms. Mohamed's discrimination complaints, Barley begins retaliating against Ms. Mohamed.[4]

58.     Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendant admits the allegations in paragraph 59 of Plaintiff's Complaint.

60.     Defendant admits the allegations in paragraph 60 of Plaintiff's Complaint.

61.     Defendant admits the allegations in paragraph 61 of Plaintiff's Complaint.

62.     Defendant admits Ms. Barley spoke to Plaintiff regarding her attendance at the June 25 PMQ meeting and affirmatively states Ms. Barley shared with Plaintiff that she would like Plaintiff to join and participate in the meeting and understood if Plaintiff could not do so given her other assignments, but denies the remaining allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64.     Defendant admits Plaintiff was a contributor to the PMQ project, but Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 64 of Plaintiff's Complaint, and therefore, denies same.

65.     Defendant denies the allegations in paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations in paragraph 66 of Plaintiff's Complaint.

---

[4] Defendant does not adopt the heading on Page 11 of Plaintiff's Complaint, or any characterization therein made by Plaintiff. To the extent this heading on Page 11 of Plaintiff's Complaint is construed to be part of Plaintiff's allegations, Defendant denies same.

67.     Defendant denies the allegations in paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies the allegations in paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations in paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations in paragraph 71 of Plaintiff's Complaint.

72.     Defendant admits the allegations in paragraph 72 of Plaintiff's Complaint.

73.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 of Plaintiff's Complaint, and therefore, deny same.

74.     Defendant admits the allegations in paragraph 74 of Plaintiff's Complaint.

75.     Defendant admits the allegations in paragraph 75 of Plaintiff's Complaint.

76.     Defendant denies the allegations in paragraph 76 of Plaintiff's Complaint.

77.     Defendant denies the allegations in paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations in paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations in paragraph 79 of Plaintiff's Complaint.

80.     Defendant admits a meeting occurred on or around July 20, 2020, with members of the educational design team, including Plaintiff, but denies the remaining allegations in paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations in paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations in paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations in paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations in paragraph 84 of Plaintiff's Complaint.

85.      Defendant admits the allegations in paragraph 85 of Plaintiff's Complaint.

86.      Defendant admits Plaintiff told Mr. Taylor, who is African American, regarding her concerns of race discrimination, but denies the remaining allegations in paragraph 86 of Plaintiff's Complaint, and affirmatively states Mr. Taylor asked Plaintiff whether other non-white employees had similar concerns, and Plaintiff responded, "no."

87.      Defendant denies the allegations in paragraph 87 of Plaintiff's Complaint.

88.      Defendant denies the allegations in paragraph 88 of Plaintiff's Complaint.

89.      Defendant admits Mr. Taylor connected Plaintiff with Chief Human Resources Officer Sean Sullivan, but denies the remaining allegations in paragraph 89 of Plaintiff's Complaint.

90.      Defendant admits Plaintiff shared her concerns regarding Ms. Barley with Mr. Sullivan in two phone calls on or around July 22, 2020 and July 23, 20202, but denies the remaining allegations in paragraph 90 of Plaintiff's Complaint.

91.      Defendant admits Plaintiff and Ms. Barley were encouraged and did participate in mediation sessions with Bernée Long and affirmatively states Ms. Long first met with Ms. Barley and Plaintiff together and thereafter met with each of the two individually until Plaintiff withdrew from the mediation sessions.  Defendant denies the remaining allegations in paragraph 91 of Plaintiff's Complaint.

92.      Defendant admits Ms. Long spoke to Ms. Barley about implicit bias in the workplace, but denies the remaining allegations in paragraph 92 of Plaintiff's Complaint.

93.      Defendant denies the allegations in paragraph 93 of Plaintiff's Complaint.

94.      Defendant denies the allegations in paragraph 94 of Plaintiff's Complaint.

95.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95 of Plaintiff's Complaint, and therefore, denies same.

### After Ms. Mohamed complains of race/color discrimination to Taylor Jr. and Sullivan, SHRM begins maneuvering to silence Ms. Mohamed by firing her within weeks."[5]

96.     Defendant denies the allegations in paragraph 96 of Plaintiff's Complaint.

97.     Defendant admits Ms. Barley reached out to Plaintiff regarding Plaintiff's communication and affirmatively states Plaintiff ceased responding to emails and questions from Ms. Barley, but denies the remaining allegations in paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies the allegations in paragraph 98 of Plaintiff's Complaint.

99.     Defendant admits Ms. Barley emailed the members of the instructional design team and affirmatively states, the email, in its entirety, speaks for itself and denies any allegations contained in paragraph 99 of Plaintiff's Complaint inconsistent therewith. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 99 of Plaintiff's Complaint.

100.    Defendant denies the allegations in paragraph 100 of Plaintiff's Complaint.

101.    Defendant denies the allegations in paragraph 101 of Plaintiff's Complaint.

102.    Defendant admits Plaintiff responded to Ms. Barley on or around August 11,

---

[5] Defendant does not adopt the heading on Page 17 of Plaintiff's Complaint, or any characterization therein made by Plaintiff. To the extent this heading on Page 17 of Plaintiff's Complaint is construed to be part of Plaintiff's allegations, Defendant denies same.

2020 via email, and affirmatively states the email, in its entirety speaks for itself, and denies any allegations in paragraph 102 of Plaintiff's Complaint inconsistent therewith. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 102 of Plaintiff's Complaint.

103.    Defendant admits Plaintiff responded to Ms. Barley on or around August 11, 2020 via email, and affirmatively states the email, in its entirety speaks for itself, and denies any allegations in paragraph 103 of Plaintiff's Complaint inconsistent therewith. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 103 of Plaintiff's Complaint.

104.    Defendant admits Plaintiff responded to Ms. Barley on or around August 11, 2020 via email, and affirmatively states the email, in its entirety speaks for itself, and denies any allegations in paragraph 104 of Plaintiff's Complaint inconsistent therewith. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 104 of Plaintiff's Complaint.

105.    Defendant admits Plaintiff responded to Ms. Barley on or around August 11, 2020 via email, and affirmatively states the email, in its entirety speaks for itself, and denies any allegations in paragraph 105 of Plaintiff's Complaint inconsistent therewith. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 105 of Plaintiff's Complaint.

106.    Defendant admits Ms. Godmere and Ms. Mills each responded to Ms. Barley via email, and affirmatively states those emails, in their entirety speak for themselves, and denies any allegations in paragraph 106 of Plaintiff's Complaint

inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 106 of Plaintiff's Complaint.

107.    Defendant denies the allegations in paragraph 107 of Plaintiff's Complaint.

108.    Defendant denies the allegations in paragraph 108 of Plaintiff's Complaint.

109.    Defendant denies the allegations in paragraph 109 of Plaintiff's Complaint.

110.    Defendant denies the allegations in paragraph 110 of Plaintiff's Complaint.

111.    Defendant admits Ms. Barley expected both programs to be finished by the deadline of August 31, 2020, but denies the remaining allegations in paragraph 111 of Plaintiff's Complaint.

112.    Defendant admits Ms. Mills responded to Ms. Barley via email, and affirmatively states the email, in its entirety, speaks for itself and denies any allegations in paragraph 112 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 112 of Plaintiff's Complaint.

113.    Defendant denies the allegations in paragraph 113 of Plaintiff's Complaint.

114.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114 of Plaintiff's Complaint, and therefore, denies same.

115.    Defendant admits Ms. Barley sent an email regarding Ms. Mills' project completion, and affirmatively states the email, in its entirety, speaks for itself and denies any allegations in paragraph 115 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in

paragraph 115 of Plaintiff's Complaint.

116.    Defendant denies the allegations in paragraph 116 of Plaintiff's Complaint.

117.    Defendant admits Plaintiff and Ms. Barley exchanged emails in August 2020 and affirmatively states, the emails, in their entirety, speak for themselves and denies any allegations in paragraph 117 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 117 of Plaintiff's Complaint.

118.    Defendant admits Plaintiff and Ms. Barley exchanged emails in August 2020 and affirmatively states, the emails, in their entirety, speak for themselves and denies any allegations in paragraph 118 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 118 of Plaintiff's Complaint.

119.    Defendant admits Plaintiff and Ms. Barley exchanged emails in August 2020 and affirmatively states, the emails, in their entirety, speak for themselves and denies any allegations in paragraph 119 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 119 of Plaintiff's Complaint.

120.    Defendant admits on or around August 19, 2020, Plaintiff emailed Chief Global Development Officer Nick Schact and affirmatively states, the email, in its entirety, speaks for itself and denies any allegations in paragraph 120 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 120 of Plaintiff's Complaint.

121.    Defendant admits Nick Schact responded to Plaintiff via email and affirmatively states, the email, in its entirety, speaks for itself and denies any allegations in paragraph 121 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 121 of Plaintiff's Complaint.

122.    Defendant denies the allegations in paragraph 122 of Plaintiff's Complaint.

123.    Defendant admits Plaintiff did not complete her projects, but denies the remaining allegations in paragraph 123 of Plaintiff's Complaint.

124.    Defendant denies the allegations in paragraph 124 of Plaintiff's Complaint.

125.    Defendant admits Sean Sullivan sent Plaintiff a letter regarding the outcome of Defendant's investigation into Plaintiff's complaints and affirmatively states the letter, in its entirety, speaks for itself and denies any allegations in paragraph 125 of Plaintiff's Complaint inconsistent therewith.   To the extent any further response is required, Defendant denies the remaining allegations in paragraph 125 of Plaintiff's Complaint.

126.    Defendant denies the allegations in paragraph 126 of Plaintiff's Complaint.

127.    Defendant admits Plaintiff sent emails to Ms. Barley on or around August 31, 2020, and affirmatively states the emails, in their entirety, speak for themselves and denies any allegations in paragraph 127 of Plaintiff's Complaint inconsistent therewith. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 127 of Plaintiff's Complaint.

128.    Defendant admits Ms. Barley responded to Plaintiff via email, and affirmatively states the email, in its entirety, speaks for itself and denies any allegations

19

in paragraph 128 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations in paragraph 128 of Plaintiff's Complaint.

129.    Defendant admits Plaintiff's employment was terminated on or around September 1, 2020, and affirmatively states Plaintiff's employment was terminated for failing to timely and completely meet her work deadlines.  Defendant denies all remaining allegations in paragraph 129 of Plaintiff's Complaint.

130.    Defendant admits the allegations in paragraph 130 of Plaintiff's Complaint.

131.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 131 of Plaintiff's Complaint, and therefore, denies same.

132.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 132 of Plaintiff's Complaint, and therefore, denies same.

### FIRST CLAIM FOR RELIEF
**(Discriminatory Treatment Because of Race in Violation of 42 U.S.C. § 1981)**

133.    Defendant incorporates by reference its responses to paragraphs 1 through 132 of Plaintiff's Complaint, as though fully set forth herein.

134.    Defendant denies the allegations in paragraph 134 of Plaintiff's Complaint.

135.    Defendant denies the allegations in paragraph 135 of Plaintiff's Complaint.

136.    Defendant denies the allegations in paragraph 136 of Plaintiff's Complaint.

137.    Defendant denies the allegations in paragraph 137 of Plaintiff's Complaint.

138.    Defendant denies the allegations in paragraph 138 of Plaintiff's Complaint.

139.    Defendant denies the allegations in paragraph 139 of Plaintiff's Complaint.

140.    Defendant denies the allegations in paragraph 140 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
### (Retaliation for Engaging in Protected Activity in Violation of 42 U.S.C. § 1981)

141.    Defendant incorporates by reference its responses to paragraphs 1 to 132 of Plaintiff's Complaint, as though fully set forth herein.

142.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142 of Plaintiff's Complaint, and therefore, denies same.

143.    Paragraph 143 of Plaintiff's Complaint sets forth determinations of law to which no response is required.  To the extent any further response is required, Defendant denies the allegations in paragraph 143 of Plaintiff's Complaint.

144.    Defendant denies the allegations in paragraph 144 of Plaintiff's Complaint.

145.    Defendant denies the allegations in paragraph 145 of Plaintiff's Complaint.

146.    Defendant denies the allegations in paragraph 146 of Plaintiff's Complaint.

147.    Defendant denies the allegations in paragraph 147 of Plaintiff's Complaint.

148.    Defendant denies the allegations in paragraph 148 of Plaintiff's Complaint.

149.    Defendant denies the allegations in paragraph 149 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF
### (Discrimination on the basis of religion in violation of C.R.S. § 24-34-401, et. seq.)

150.    Defendant incorporates by reference its responses to paragraphs 1 to 132 of Plaintiff's Complaint, as though fully set forth herein.

151.    Paragraph 151 of Plaintiff's Complaint sets forth determinations of law to

which no response is required.  To the extent any further response is required, Defendant

denies the allegations in paragraph 151 of Plaintiff's Complaint.

152.    Defendant denies the allegations in paragraph 152 of Plaintiff's Complaint.

153.    Defendant denies the allegations in paragraph 153 of Plaintiff's Complaint.

154.    Defendant denies the allegations in paragraph 154 of Plaintiff's Complaint.

155.    Defendant denies the allegations in paragraph 155 of Plaintiff's Complaint.

156.    Defendant denies the allegations in paragraph 156 of Plaintiff's Complaint.

157.    Defendant denies the allegations in paragraph 157 of Plaintiff's Complaint.

### FOURTH CLAIM FOR RELIEF
**(Retaliation for Engaging in Protected Activity in Violation of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e et seq.)**

158.    Defendant incorporates by reference its responses to paragraphs 1 to 132

of Plaintiff's Complaint, as though fully set forth herein.

159.    Defendant is without sufficient knowledge or information to form a belief as

to the truth of the allegations in paragraph 159 of Plaintiff's Complaint, and therefore,

denies same.

160.    Paragraph 160 of Plaintiff's Complaint sets forth determinations of law to

which no response is required.  To the extent any further response is required, Defendant

denies the allegations in paragraph 160 of Plaintiff's Complaint.

161.    Defendant denies the allegations in paragraph 161 of Plaintiff's Complaint.

162.    Defendant denies the allegations in paragraph 162 of Plaintiff's Complaint.

163.    Defendant denies the allegations in paragraph 163 of Plaintiff's Complaint.

164.    Defendant denies the allegations in paragraph 164 of Plaintiff's Complaint.

165.    Defendant denies the allegations in paragraph 165 of Plaintiff's Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies all the allegations in the paragraph beginning "WHEREFORE" on pages 28 through 29, including subparagraphs 1 through 10, of Plaintiff's Complaint. Defendant denies Plaintiff is entitled to any of the damages alleged or sought in Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted against Defendant.

2.    Defendant's actions respecting Plaintiff were taken for nondiscriminatory and nonretaliatory reasons.

3.    Plaintiff cannot establish a causal connection between any of her statutory rights and any adverse employment action.

4.    Upon information and belief, Plaintiff may have failed to mitigate her damages, if any, as required by law.

5.    At all times pertinent herein, Plaintiff was an at-will employee of the Defendant.

6.    At all times pertinent herein, Defendant acted in accordance with all common law, statutory, regulatory, and policy obligations and without any intent to cause

Plaintiff any harm.

7.      Plaintiff's injuries and damages, if any, were not aggravated by any action or omission of or by Defendant nor were they proximately caused by or related to any act or omission of or by Defendant.

8.      Some or all of the damages alleged, if any, by Plaintiff may have been caused by the actions of third parties, or circumstances over which the Defendant had no right of control or actual control.

9.      Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of federal law.

10.     Plaintiff is not entitled to the relief sought in Plaintiff's Complaint under any of the theories asserted.

11.     Defendant never breached any duties owed to Plaintiff at any time in the course of the Plaintiff's employment with Defendant.

12.     All actions taken by Defendant with respect to Plaintiff were reasonable under the circumstances, taken in the course and scope of the Defendant's employees' employment, in the good faith performance of their duties and responsibilities, for legitimate business reasons, for the purpose of serving Defendant, and in the good faith belief that Defendant's employees acted in compliance with applicable laws and regulations, and all such actions were based on legitimate factors, with no action taken for inappropriate or illegal reasons or in retaliation for any action of Plaintiff.

13.     Plaintiff's claims for punitive or exemplary damages against Defendant have no basis in fact or law and are barred, reduced, or in the alternative, are unconstitutional

and would violate Defendant's rights under the Due Process Clauses of the United States and Colorado constitutions.

14.    Defendant possessed good and sufficient cause for all actions taken in relation to the employment of Plaintiff.

15.    Plaintiff's claims in whole or in part are precluded by Plaintiff's failure to exhaust the remedial avenues available to her.

16.    Defendant specifically reserves the right to amend its Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

WHEREFORE, Society for Human Resource Management moves the Court for an entry of an Order dismissing all elements of all claims against it in complete and total fashion, awarding its costs and attorney's fees, and ordering such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

Dated this 29th day of August, 2022.

Respectfully submitted:

s/ Kendra K. Smith
Kendra K. Smith, Esq.
Katherine N. Hoffman, Esq.
Kaitlin I. Spittell, Esq.

25

Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO  80202
(303) 628-3337
smithk@hallevans.com
hoffmank@hallevans.com
spittellk@hallevans.com

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on 29th day of August, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

Hunter A. Swain, Esq.
SWAIN LAW, LLC
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Tel: (720) 815-5281
hunter@swainemploymentlaw.com

Ariel DeFazio, Esq.
LOWREY PARADY LEBSACK, LLC
1490 North Lafayette Street, Suite 304
Denver, CO 80218
Tel: (303) 593-2595
ariel@lowrey-parady.com

***Attorneys for Plaintiff***

s/ Nicole Marion, Legal Assistant to
Hall & Evans, L.L.C.