IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

## ORDER

    Before the Court is Defendant's Motion to Strike the Declaration and Testimony of Carrie Mills (D. 75). Defendant asks the Court to strike the declaration of non-party Carrie Mills, one of its former employees, (D. 73-1 at 74–80) that was attached to the response to Defendant's Motion for Summary Judgment (D. 40) and to preclude her from testifying at trial. In the alternative, Defendant requests the Court to reopen discovery and allow it to depose her. For the reasons set forth below, the Court DENIES the Motion.

    According to her declaration, Carrie Mills is a former employee of Defendant Society for Human Resource Management (D. 73-1 at 74). She worked on a small team of instructional designers led by Carolyn Barley (*id*.). Mills and Barley worked in neighboring cubicles (*id*.). Barley is white. Plaintiff Rehab Mohamed was on the same team and worked remotely (*id*.). Mohamed is black. Defendant fired Mohamed. This is the related employment discrimination case.

1

Before leaving the company, Mills told at least six employees of Defendant that she believed Barley was racially discriminating against Mohamed (*id*. at 76–77). She told at least two of Defendant's employees that she was leaving because of Barley's racial discrimination, including discussing it during her exit interview (*id*.).

On September 23, 2022, Mohamed disclosed Mills as a potential witness on her initial disclosures as having information about "Plaintiff's job duties, work projects, job performance, and the performance of her peers" (D. 75 at 1).

On August 4, 2023, Defendant filed its motion for summary judgment (D. 40).

At the end of August 2023, Mohamed's counsel contacted Mills for the first time (D. 75 at 13). On September 11, 2023, discovery closed. On that date, Mohamed supplemented her initial disclosures to identify those among her previously disclosed potential witnesses that have information regarding "Plaintiff's protected activity during her employment and Defendant's response to the same, including retaliatory treatment of Plaintiff;" "Defendant's pattern of race and color discrimination and retaliation against other employees;" and "Plaintiff's economic and/or non-economic damages" (D. 75-2 at 4–7). Mohamed identified Mills in each of these categories. Mohamed also disclosed the "Declaration of Carrie Mills, signed September 8, 2023" as a document she would use to support her claim and produced a copy (*id*. at 8).

On October 18, 2023, Defendant's prior attorneys were terminated as counsel of record (D. 65) and new counsel entered their appearance shortly thereafter (D. 66).

In January 2024, Mohamed attached the previously disclosed declaration as an exhibit to her response to the motion for summary judgment (D. 73-1 at 74–80).

Defendant asserts that Mohamed violated Federal Rules of Civil Procedure 26(a) and 26(e) through her initial and supplemental disclosures and Rule 26(g)(3) by failing to make a proper inquiry before making her initial disclosures (D. 75 at 4, 12).  Defendant asserts that the initial disclosures were inadequate because Mills is listed with forty-one other individuals with knowledge about her work (i.e. Defendant's employees) and that the supplemental disclosures were untimely (*id*. at 4–11).  These arguments are not well taken.  There is nothing in the Motion or the record to suggest that Mohamed knew Mills had further information than was listed on the initial disclosures, and disclosing Mills with other coworkers is consistent with Mohamed's obligations in the context of an employment discrimination case.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) ("each individual likely to have discoverable information--along with the subjects of that information").  Thus, the initial disclosures were not materially incomplete.  Likewise, Mohamed's supplemental disclosure was not untimely given that they were made shortly after Mills was first contacted and Mills was already listed as a witness.  The cases that Defendant cites in support of its argument are not analogous.  They involve disclosures of hundreds of names with generic descriptions of information or the disclosure of *new* witnesses shortly before the close of discovery.  *See, e.g.*, *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) ("Sender disclosed the names of 196 investors and 126 brokers"); *First W. Cap. Mgmt. Co. v. Malamed*, No. 16-CV-01961-WJM-MJW, 2017 WL 6628108, at *2 (D. Colo. Oct. 2, 2017) (new witness disclosed two days before the close of discovery).

Even if Defendant could show a violation of Rule 26, the Court would find it harmless. Fed. R. Civ. P. 37(c)(1); *Sender*, 225 F.R.D. at 656 ("Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." (internal

quotations omitted)).[1]  Mills is Defendant's former employee and, according to her uncontested declaration, told Defendant in no uncertain terms what she thought about issues relevant to the case.[2]  Defendant's (prior) counsel's failure to uncover (or disclose) this may put Defendant's (new) counsel in a tight spot.  The Court is sympathetic.  But this is not harm as prejudicial injustice or unfairness as contemplated by the Rule.  *Id*. ("prejudice or surprise to the party against whom the testimony is offered" (internal quotations omitted)); *Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC*, 501 F. Supp. 3d 886, 896 (E.D. Cal. 2020) (holding a violation harmless where "Clear was aware of the additional facts Comcast seeks to use").  Defendant itself cannot credibly claim surprise.  Likewise, in these circumstances, Defendant's assertion that it was Mohamed's counsel that failed to conduct a sufficient Rule 26(g)(3) investigation before making her initial disclosures is absurd.

The Court denies the Motion and will also deny Defendant's requested alternative relief.  To the extent that Defendant is presented with difficulties due to Mohamed contacting Mills late in the discovery process, these difficulties are of Defendant's own making.  *See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) ("Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor

---

[1] If there had been a failure to disclose, the Court would look to whether the failure was substantially justified or harmless using the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  Given the timing, there will be no disruption to the trial, which is not yet set.  "Defendant does not assert that Plaintiff has acted in bad faith," and there is nothing in the record to suggest it (D. 75 at 11).

[2] Notably, Defendant makes no attempt to contest Mill's account of, for example, her exit interviews, or explain how these facts had not come to light earlier in discovery.  Rather, Defendant makes the incredible claims that it "does not have the ability to investigate Ms. Mills' allegations" and that "she was not properly disclosed in any capacity" (D. 75 at 9, 11).

its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."). As Mohamed argues, Defendant "has known about the depth and breadth of Ms. Mills's knowledge for years and had ample opportunity to obtain her testimony through discovery but chose not to do so" (D. 79 at 2).

## V.  CONCLUSION

Accordingly, it is ordered that Defendant's Motion to Strike the Declaration and Testimony of Carrie Mills (D. 75) is DENIED.  It is FURTHER ORDERED that the parties shall contact the Court within two weeks of the date of this Order to set a status conference.

DATED September 6, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge