**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.1:22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

**DEFENDANT'S MOTION *IN LIMINE***

Defendant Society for Human Resource Management ("SHRM" or "Defendant"), by and through its attorneys, submits the following Motion *in limine*.

**I.    INTRODUCTION**

Plaintiff alleges that SHRM violated 42 U.S.C. § 1981 by terminating her employment in 2020 because of her race and in retaliation for engaging in protected activity.[1] However, the evidence will show that SHRM terminated Plaintiff's employment only after repeated performance issues, and most significantly, her failure to complete two critical projects that were essential to her role.

Despite the straightforward nature of this case, SHRM anticipates that Plaintiff will seek to introduce the following categories of evidence which the Court should exclude for the reasons detailed below:

1. Evidence pertaining to discrimination and retaliation allegedly faced by other employees, including but not limited to Ebony Thompson;

---

[1] Plaintiff's counsel advised counsel for SHRM via email on September 15, 2025, that Plaintiff will not be pursuing her Title VII claims at trial.

1

2. Evidence concerning SHRM's treatment of Carrie Mills and Ann Godmere;

3. Evidence concerning allegations that SHRM failed to preserve evidence; and,

4. Evidence referring to SHRM's size, financial resources, and expertise in human resources.

## II. STATEMENT OF CONFERRAL

Pursuant to **D.C.COLO.LCivR 7.1**, SHRM's counsel conferred with Plaintiff's counsel regarding this Motion on September 25, 2025. Plaintiff opposes the relief requested in this Motion.

## III. LEGAL STANDARD

Courts have the power to exclude evidence pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). In essence, "[a] motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Scott*, 59 F.3d 143, 146 (10th Cir. 1995). In doing so, this type of motion "gives a court the chance to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-CV-00970-PAB-KMT, 2014 WL 348637, at *2 (D. Colo. Jan. 31, 2014) (internal citations and quotations omitted).

## IV. ARGUMENT

### A. Evidence, Testimony, and Argument Regarding Unlawful Treatment Allegedly Suffered by Other Employees of Defendant Must Be Excluded.

This is a single-plaintiff case. Plaintiff's claims rise and fall on her own circumstances, yet she has indicated that she will parade before the jury allegations of discrimination and retaliation involving other former employees, including Ebony Thompson. The discovery record makes clear that Plaintiff seeks to call these witnesses

2

to suggest that, because SHRM allegedly discriminated against and/or retaliated against Ms. Thompson, it must have also discriminated and/or retaliated against Plaintiff.

In the context of discrimination claims, however, courts have made clear that under Federal Rule of Evidence 404(b), "evidence of past […] discrimination cannot be used to show that a defendant discriminated on a specific subsequent occasion." *See, e.g., Perkins v. Fed. Fruit & Produce Co.*, No. 11-CV-00542-REB-KLM, 2012 WL 1658871, at *3 (D. Colo. May 3, 2012); *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002) ("Plaintiffs seek to admit this evidence, not to show discriminatory intent, but instead to prove the fact of the harassment itself—exactly the purpose prohibited by Plaintiffs' cited cases and by Rule 404(b). The district court did not abuse its discretion in excluding evidence of alleged prior bad acts."). Thus, while evidence of discrimination or retaliation may be introduced at trial to establish motive and/or intent, *see Spulak v. K–Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir.1990), such evidence may not be used to prove the fact of discrimination or retaliation itself. *Wilson*, 303 F.3d at 1217.

Regardless of whether the testimony of these witnesses is admissible to establish intent, a court may nevertheless disallow such evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Schneider v. City and County of Denver,* 47 Fed. Appx. 517, 526 (10th Cir. Aug. 22, 2002).

Here, even assuming the testimony of these witnesses has some minimal probative value, which it does not, it is apparent that its introduction at trial creates a substantial risk of unfair prejudice as there is a strong possibility that the jury will consider this evidence

3

for purposes disallowed by Rule 404(b). Moreover, the introduction of this evidence would necessitate a mini-trial over whether Ms. Thompson was in fact subjected to discrimination or retaliation, thereby confusing and misleading the jury. *See Powell v. COBE Lab'ys, Inc.*, 208 F.3d 227, at *13 n. 8 (10th Cir. 2000) ("The district court was concerned throughout trial with avoiding mini-trials on issues unrelated to the alleged discrimination at issue in this case. The district court's rulings were designed to avoid such periphery issues and fall well within the court's discretion.").

To the extent that the Court is inclined to allow this evidence to be admitted at trial, SHRM requests that the Court provide a limiting instruction to the jury to the effect that the testimony of other witnesses concerning their own personal experiences with discrimination and retaliation while employed by SHRM may only be considered in assessing Defendant's motive or intent. *See Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) *cited with approval in Wilson* 303 F.3d at 1217.

### B. Much of the Evidence Concerning Carrie Mills and Ann Godmere Should Be Excluded from Trial.

As federal courts have consistently held, evidence of comparators who are not similarly situated to the plaintiff are irrelevant in assessing claims of intentional discrimination. *See, e.g., Donez v. Leprino Foods, Inc.*, No. 21-1212, 2022 WL 500549, at *3 (10th Cir. Feb. 18, 2022) (affirming the district court's decision to exclude comparator evidence where the comparators were not similarly situated); *Vay v. Huston*, 725 F. App'x 112, 117 (3rd Cir. 2018); *Lane v. McKeithen*, 423 F. App'x 903, 906 (11th Cir. 2011) ("Because Enfinger was not a similarly situated comparator, Lane's proffered evidence concerning his hiring was irrelevant, and the district court did not abuse its discretion by excluding it."); *Boyer v. City of Philadelphia*, No. CV 13-6495, 2019 WL 920200, at *3

4

(E.D.Pa. Feb. 25, 2019) ("In response to a motion in limine a court can exclude comparator evidence where the individuals are not 'similarly situated' and thus their testimony and evidence about them is either irrelevant or, if probative, substantially outweighed by a danger of confusing the issues or misleading the jury.").

While SHRM concedes that Ms. Godmere, Ms. Mills, and Plaintiff occupied the same position and reported to the same supervisor, these facts, standing alone, are insufficient to establish that they are similarly situated. *See, e.g., Coyne, Bio v. Federal Express Corp.,* 424 F.3d 593, 597 (7th Cir.2005) *cited with approval in Glapion v. Castro,* No. 14-CV-01699-MEH, 2015 WL 7253331, at *36 (D. Colo. Nov. 16, 2015), *aff'd*, 646 F. App'x 668 (10th Cir. 2016). Indeed, as the Seventh Circuit held in *Coyne*, where there is a considerable gap in experience between two employees, those employees cannot be similarly situated. 424 F.3d at 597; *see also Glapion*, 2015 WL 7253331 at *36 (relying on the differences in experience to hold that plaintiff was not similarly situated to his alleged comparators); *Green v. New Mexico,* 420 F.3d 1189, 1195 (10th Cir. 2005) ("Although Mr. Garcia held the same position as Ms. Green (Examiner III), he was promoted to the position five years before the events giving rise to this lawsuit took place. At the time he was promoted to the Examiner III position, he had already been a DOL employee for over three years […].").

Here, Ms. Godmere had decades of experience as a senior instructional designer, and Ms. Mills had several years of experience in that role before joining SHRM in February 2020. By contrast, Plaintiff had only been promoted to the senior instructional designer position in January 2020, less than nine months before her termination. Accordingly, neither Ms. Godmere nor Ms. Mills are proper comparators. See *Kendrick v.*

*Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000) (recognizing that differences in work history must be considered when determining whether employees are similarly situated).

Moreover, Ms. Mills' testimony should be excluded or, at the very least, strictly limited because it has little probative value. Ms. Mills never met Plaintiff in person, never worked with her, and never observed her interactions firsthand. [Dkt. No. 73-1 at 74-79]. Other instructional designers will testify that they primarily worked independently and had very little interaction with one another. The discovery record confirms that any testimony Ms. Mills might offer would be nothing more than speculation and unsupported by personal knowledge. Fed. R. Evid. 602; *Predator*, 2014 WL 348637, at *3-4 (holding that testimony not based on personal knowledge was speculative and thus inadmissible). At most, such testimony would rest on Ms. Mills' assumptions or her recollection of one-sided conversations she believes referenced Plaintiff, which is inadmissible hearsay. *Giertz v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-cv-01781-DDD-SKC, 2022 WL 20015420, at *1 (D. Colo. Mar. 10, 2022).

Defendant further anticipates that Ms. Mills may attempt to testify about conversations that occurred after Plaintiff's termination in September 2020. Those conversations are irrelevant to the issues in this case, fall outside the relevant time period, and should also be excluded. *See Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) ("Testimony about later events is even less relevant and of less probative value than evidence of prior bad acts generally, because the logical relationship between the circumstances of the character testimony and the employer's decision to terminate is

6

attenuated"); *Bowie v. Maddox*, 642 F.3d 1122, 1135 (D.C. Cir. 2011); *Hamilton v. Nat'l Propane*, 276 F.Supp.2d 934, 948 (W.D. Wis. 2002).

### C. Unproven Arguments Related to SHRM's Evidence Preservation Should Be Excluded.

The Court should preclude Plaintiff from introducing evidence, testimony, or argument suggesting that SHRM spoliated evidence or failed to comply with its discovery obligations. Plaintiff has never raised spoliation before the Court, never sought sanctions, and never presented a factual basis for such allegations. As such, Plaintiff should be precluded from making any such arguments at trial. *See, e.g., Woulard v. Greenwood Motor Lines, Inc.*, No. 1:17CV231-HSO-JCG, 2019 WL 3318467, at *5 (S.D. Miss. Feb. 4, 2019) (prohibiting plaintiff from introducing testimony on spoliation where "Plaintiff ha[d] never formally raised spoliation before the Court."); *Park W. Radiology v. Care Core Nat. LLC*, 675 F.Supp.2d 314, 335 (S.D.N.Y. 2009) ("Because Plaintiffs have not previously made any spoliation claim, despite ample opportunity to do so during or after discovery, the Court concludes that raising any such claim at trial for the first time would be untimely.").

### D. "David And Goliath" Evidence and Arguments Referencing the Relative Size and Financial Status of the Parties Should be Excluded.

The Court should preclude Plaintiff from making any argument, comment, or reference to SHRM's size or financial status, including any comments or references that characterize this case as one involving an individual against a large corporate entity. Similarly, direct or indirect references to SHRM's ability to pay judgment, ability to afford counsel, the number of attorneys appearing on behalf of SHRM, costs of defense, the number of offices of SHRM's counsel, or any inference that is a "David and Goliath"

7

reference should be precluded. *See, e.g.*, *U.S. v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 237-39 (1940) (explicitly condemning statements that could appeal to class prejudice, such as remarks regarding a party's size, wealth, and corporate status); *Cribari v. Allstate Fire & Cas. Ins. Co.*, No. 16-CV-02450-NRN, 2019 WL 2436045, at *9 (D. Colo. June 11, 2019), *aff'd,* 861 F. App'x 693 (10th Cir. 2021) (barring evidence of the financial condition of the parties and stating, "reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper"); *Olsen v. Owners Ins. Co.*, No. 18-CV-01665-RM-NYW, 2022 WL 1791098, at *2 (D. Colo. June 1, 2022), *appeal dismissed,* No. 22-1233, 2022 WL 18495982 (10th Cir. Aug. 17, 2022) ("Comments about a party's law firm, its size, or its resources are also improper and potentially prejudicial, as well as irrelevant.").

Finally, Plaintiff should also be precluded from introducing evidence or argument that SHRM is a so-called "model employer." Such references are irrelevant to the claims at issue and serve only to unfairly prejudice SHRM. The fact that SHRM has expertise in human resources does not make it more or less likely that SHRM unlawfully discriminated or retaliated against Plaintiff. To the contrary, allowing Plaintiff to present this type of evidence would improperly hold SHRM to a higher standard than any other employer facing similar claims, confuse the issues, and mislead the jury.

IV.   **CONCLUSION**

For the reasons articulated above, SHRM respectfully requests that the Court grant the relief requested in the foregoing Motion *in Limine*.

Dated September 26, 2025

*s/ Virginia L. Woodfork*
Virginia L. Woodfork
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.362.2824
Facsimile:  303.629.0200
Email: vwoodfork@littler.com

Tanja Darrow
LITTLER MENDELSON, P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile:   213.443.4299
Email: tdarrow@littler.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September 2025, a true and correct copy of the foregoing **DEFENDANT'S MOTION *IN LIMINE*** was filed by CM/ECF and was served on the following parties:

Ariel Beryl DeFazio
Lowrey Parady Lebsack LLC
1490 Lafayette Street, Suite 304
Denver, CO 80218
Tel: 303-593-2595
ariel@lowrey-parady.com

Hunter Anthony Swain
Swain Law LLC
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Tel: 720-815-5281
hunter@swainemploymentlaw.com

*Attorneys for Plaintiff*

Robert Allen Lees
Robert A. Lees & Associates
5655 South Yosemite Street, Suite 350
Greenwood Village, CO 80111
Tel: 303-292-1020
ral@robertalees.com

*Attorney for Interested Party*

> *s/ Laura L. Custer*
> Laura L. Custer, Legal Assistant