IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTIONS

As required by the Court's practice standards, Defendant Society for Human Resources Management ("SHRM" or "Defendant"), submits the following proposed *voir dire* questions for the Court to include in its examination of trial jurors.

It is SHRM's understanding that the Court will ask the typical questions of the jury pool pursuant to Section III(K)(3) of the Court's Standing Order Regarding Pretrial and Trial Procedures – CIVIL, including inquiring about the jurors' residences, employment, employment history, family, past jury experience, potential hardships, and whether any of the jurors are familiar with the attorneys (or their law firms), named parties, potential witnesses, or the facts of the case.

In addition to those standard areas of inquiry, SHRM respectfully submits the following additional *voir dire* questions:

**General Background & Exposure**

1. Do you subscribe to any newspapers or magazines, or regularly watch any specific television shows or news programs? Which ones?

2. Have any of you been a member of a jury in the past? Did you reach a verdict? Is there anything about that experience that would make you unable to make an objective decision in this case.

3. Do you have any human resources or legal training? Please describe.

4. Do you or have you had any human resources or management responsibilities at work? If so, what are or were your responsibilities?

5. Prior to this case, has anyone heard of the Defendant Society for Human Resource Management, commonly known as SHRM?

    a. What is your understanding of what SHRM does?

    b. Is there any reason you believe you could not be a fair juror in case involving SHRM as the Defendant?

**Employment and Lawsuit Experience**

6. Have you ever participated in a lawsuit against your current or former employer? If so, please state the circumstances surrounding the lawsuit.

7. Have you ever wanted to file a grievance, charge, complaint or lawsuit or take any other type of action against an employer, but did not? If so, please state the circumstances surrounding the action, including the name of the employer, the nature of the action, and when it occurred.

4918-3643-1983 / 122983.1001

8. Has anyone here ever filed a formal complaint against their supervisor or employer?

9. Have you ever felt that your employer retaliated against you because you opposed some form of discrimination?

10. Have you been in a situation in which you disagreed with your employer about how your job should be performed or evaluated? If so, please explain.

**Views on Employment, Fairness, and Management**

11. Would you be able to evaluate an employer's decision based on the evidence presented, even if HR procedures differ from your expectations?

12. How important is it to you that HR follows every best-practice step before termination?

13. How do you generally view the timing of employer decisions in evaluating fairness?

14. Do you believe that an employer that is being sued by an individual is entitled to the same fair and unbiased treatment as the individual who brought the lawsuit?

15. Employers and individual employees are equal in the eyes of the law. Will you have any difficulty accepting Ms. Mohamed and SHRM as equals in this case?

**Views on Discrimination, Race, and Retaliation**

16. Do you personally identify with the motivations of people who participated in any protests or demonstrations that took place due to George Floyd's death?

17. This is a case that revolves around allegations of discrimination, have any of you, or someone close to you, had experiences in life related to race and/or

4918-3643-1983 / 122983.1001

discrimination that you believe might come to mind or be an issue if you are selected to be a juror in this case?

18. Does anyone here think they would have a very difficult time putting aside their sympathies in denying a person compensation if they alleged to have suffered racial discrimination in the workplace? Is this true even if the Plaintiff fails to meet their burden of proof?

19. Who thinks that employees need to be protected from mistreatment by their employers, businesses, or corporations?

20. Some people think that simply because a case goes to trial, the employee suing must have a legitimate claim for unfair treatment. What do you think?

**Damages and Corporate Accountability**

21. Do you believe that companies should face larger damage verdicts because of their size or financial resources?

22. Who here believes that large damages awards are the best way to get a company to change their behavior?

23. Who here believes that damages awards in lawsuits today are too small to fully compensate plaintiffs for their injuries and/or losses?

24. Does anyone believe that they would struggle to send Ms. Mohamed home with no money if you feel she did not prove her case?

**Impartiality & Following the Law**

25. Does anyone have any pre-conceived notions about who should win this case?

4

26. Would you be able to follow the law even if you personally disagreed with how a company acted?

27. Based on the information you have heard about this case so far, is there anyone who believes they would not be able to be fair and impartial to both parties in this case?

28. The defendant, SHRM will present its evidence last. Would it be difficult for any of you to wait until you have heard all the evidence before you make your decision about who should win this case?

29. The Court will instruct you on the law in this case. Some of what the judge tells you may be different from what you believe. It may or may not happen, but if it does, will you be willing to put aside your personal views and follow the instructions, even if you disagree with them? Do you think you might have trouble doing that?

30. Do you understand that it may become necessary for the attorneys to make objections and that it is their job to object? Would you view objections to the evidence as negative or improper?

31. Does anyone have an issue that we have not covered already that you believe the Court should know about that you believe would not allow you to be an otherwise fair and impartial juror in this matter?

32. Does anyone have an issue they believe would have an impact on their ability to be a fair juror that they feel needs to be discussed privately?

4918-3643-1983 / 122983.1001

Dated October 10, 2025

                    <u>*s/ Virginia L. Woodfork*</u>
                    Virginia L. Woodfork
                    LITTLER MENDELSON, P.C.
                    1900 Sixteenth Street, Suite 800
                    Denver, CO  80202
                    Telephone: 303.362.2824
                    Facsimile:  303.629.0200
                    Email: vwoodfork@littler.com

                    Tanja Darrow
                    LITTLER MENDELSON, P.C.
                    633 West Fifth Street, 63rd Floor
                    Los Angeles, CA 90071
                    Telephone: 213.443.4300
                    Facsimile:   213.443.4299
                    Email: tdarrow@littler.com

                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October 2025, a true and correct copy of the foregoing **DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS** was filed by CM/ECF and was served on the following parties:

Ariel Beryl DeFazio
Lowrey Parady Lebsack LLC
1490 Lafayette Street, Suite 304
Denver, CO 80218
Tel: 303-593-2595
ariel@lowrey-parady.com

Hunter Anthony Swain
Swain Law LLC
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Tel: 720-815-5281
hunter@swainemploymentlaw.com

*Attorneys for Plaintiff*

Robert Allen Lees
Robert A. Lees & Associates
5655 South Yosemite Street, Suite 350
Greenwood Village, CO 80111
Tel: 303-292-1020
ral@robertalees.com

*Attorney for Interested Party*

 

                                *s/Elisabeth L. Egan*
                                Elisabeth L. Egan