**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:22-cv-01625-GPG-KAS

REHAB MOHAMED,

      Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

      Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO BIFURCATE
PUNITIVE DAMAGES CLAIM [DKT. # 106]**

Plaintiff Rehab Mohamed, by and through her counsel, hereby responds to Defendant's Motion to Bifurcate Punitive Damages Claim [Dkt. # 106] ("Motion"), filed on September 26, 2025, as follows.

**I.    INTRODUCTION**

In its Motion, Defendant asks the Court to bifurcate the parties' upcoming jury trial, specifically by requiring the jury to separately try Ms. Mohamed's claim for punitive damages in a second mini-trial only *after* the jury has found SHRM liable for discrimination and/or retaliation under 42 U.S.C. § 1981. In the alternative, SHRM requests that the Court elongate the scheduled five-day jury trial by requiring a separate phase for the jury to determine the amount of punitive damages only if the jury has first found SHRM *both* liable under Section 1981 *and* liable for punitive damages.

Bifurcation of the trial in either form requested by Defendant is inappropriate because it would unfairly prejudice Plaintiff. Specifically, because the evidence underlying Defendant's overall liability is so interwoven with the evidence justifying an award of punitive damages, bifurcation would prejudice Plaintiff by requiring her to present the same evidence twice in separate proceedings. Defendant points to no facts unique to this case that would justify departing from the default single-trial rule and the presumption that a plaintiff should be permitted to present her case in the order she chooses.

Bifurcation would needlessly multiply these proceedings, creating unnecessary inconvenience, delay, and expense, and ultimately wasting the time and resources of the parties, jurors, witnesses, and the Court. SHRM terminated Ms. Mohamed's employment more than five years ago, and her case will have already been pending before this Court for 41 months by the time of trial. Any further delay will not serve the ends of justice.

Because Defendant has failed to meet its affirmative burden to show that bifurcation is appropriate, the Court should deny Defendant's Motion in its entirety.

## II.     LEGAL ARGUMENT

Fed. R. Civ. P. 42(b) allows for bifurcation of issues for trial if a court determines that conducting multiple trials will: (1) promote convenience, (2) avoid unfair prejudice to a party, or (3) expedite and economize the proceedings.

"Bifurcation is the <u>exception</u>, not the rule." *Smith v. BNSF Ry. Co.*, No. 17-cv-00977-KMT, 2019 U.S. Dist. LEXIS 175354, at *4 (D. Colo. Oct. 8, 2019) (emphasis in original). The reason why is:

> [T]he presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the [movant]

2

> seeking to bifurcate proceedings to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.

*Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 98564, at **2-3 (D. Colo. Sep. 3, 2010) (*quoting Patten v. Lederle Labs.*, 676 F. Supp. 233, 238 (D. Utah 1987)) (alterations in original). Thus, a party seeking bifurcation must articulate specific reasons unique to the case regarding why a court should depart from the presumption of a single trial.

A court should not bifurcate a trial if doing so would create unfair prejudice for any party. Bifurcation is prejudicial to a plaintiff and therefore improper "where the issues are so closely interwoven that the plaintiff would have to present the same evidence twice, or thrice, in separate trials." *Smith*, 2019 U.S. Dist. LEXIS 175354, at *5.

Here, the Court should deny the Motion because Defendant has not met its affirmative burden to articulate specific reasons why the Court should depart from the presumption of a unitary trial in this particular case. In addition, the Court should decline to bifurcate the trial because it would create unfair prejudice by requiring Plaintiff to present the same evidence in multiple proceedings (or twice in the same trial) without justification.

### A. Unitary trials are the default and Defendant has not met its affirmative burden to justify invoking the rare exception of bifurcation.

In its Motion, SHRM claims that "any mention of punitive damages" or introduction of evidence regarding punitive damages "will cause confusion and have a prejudicial effect" because it will supposedly orient the jury toward compensation for Ms. Mohamed

3

instead of the question of whether SHRM is liable in the first place. (Motion at 2.) SHRM's claim ignores the reality that "[f]ederal courts routinely try actual and punitive damage issues together." *Baker v. Equifax Credit Info. Servs.*, 1998 U.S. Dist. LEXIS 2707, at *3 (D. Kan. Feb. 6, 1998).

The proper remedy for any potential confusion on the jury's part is a limiting instruction, which both parties have proposed here. *See Smith*, 2019 U.S. Dist. LEXIS 175354, at **5-6. There is no reason to assume that any jury will automatically conflate evidence associated with compensatory damages with evidence related to punitive damages. This is especially the case where, as here, the parties and the Court take considerable care to provide the jury with explicit and clear instructions. *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1157 (10th Cir. 1990) (assuming that the jury followed an explicit limiting instruction and rejecting the defendant's claim that it was prejudiced by the district court's refusal to bifurcate the trial of the separate claims with different available damages).

A party seeking bifurcation of trial bears the affirmative burden to prove why it is necessary and appropriate under Fed. R. Civ. P. 42(b), *Smith*, 2019 U.S. Dist. LEXIS 175354, at *4, and cases where courts have found bifurcation necessary to avoid potential unfair prejudice and maximize efficiency are rare.

This rarity is borne out in the (mostly out-of-circuit) cases cited by SHRM in its Motion. For example, bifurcation may be appropriate where determining liability is especially complex and the plaintiff's injuries are grave. *E.g., Beaucamp v. Russell*, 547 F. Supp. 1191, 1199-1200 (N.D. Ga. 1982) (bifurcating a case brought against the

manufacturer of a palletizer because (a) the plaintiff was "severely and permanently injured" by the machine in a work accident and (b) bifurcation would allow the jury to "concentrate on the complicated issue of liability without considering evidence on the extent of . . . [his] injuries and the damages the plaintiff seeks for these injuries").

Courts have also allowed separate consideration of factual issues in multi-plaintiff employment discrimination cases where the plaintiffs' claims arose from largely distinct facts, including employment in different positions and divisions, denial of different promotional opportunities, and separations occurring under different circumstances. *See, e.g., Hicks v. Cmty. Educ. Ctrs., Inc.*, 2013 U.S. Dist. LEXIS 84076, at **3-4 (D. Colo. June 14, 2013) (granting a motion to bifurcate after concluding that trying the two plaintiffs' cases together would be unfairly prejudicial to the defendant given the plaintiffs' lack of knowledge about "the allegedly hostile work environment that the other was facing").

Bifurcation of liability and damages may be necessary to avoid jury confusion where the same remedies are not available among different claims. *E.g., Buscemi v. Pepsico, Inc.*, 736 F. Supp. 1267, 1272 (S.D.N.Y. 1990) (court granted a motion to separate the plaintiff's ADEA and state law claims because of the possibility of jury confusion regarding evidence of emotional distress damages for the state law claims being irrelevant to the federal law claim).

Finally, a court may of course bifurcate trial where both parties agree to the severance of issues. *Tom v. S.B. Inc.*, 2013 U.S. Dist. LEXIS 192700, at **2-3 (D.N.M. March 19, 2013) (plaintiff conceded that claims against a company be bifurcated from claims against joined insurers was appropriate); *North Dakota Fair Hous. Council, Inc., v.*

*Allen*, 298 F. Supp. 2d 897, 899 (D.N.D. 2004) (plaintiffs did not oppose bifurcation of punitive damages phase of the trial).

This trial is distinguishable from all of the above instances cited by Defendant. Determination of liability is no more complex than in any other employment discrimination case. And although Ms. Mohamed was seriously harmed by SHRM's conduct, she is not claiming grave or gory physical injuries such that presentation of evidence regarding her injuries will unduly prejudice the jury. This is also a single plaintiff case where there is no risk of unfair prejudice due to the presence of another former SHRM employee claiming that they were harmed. Furthermore, there is no risk of confusion regarding the types of damages to which Ms. Mohamed is entitled given that she seeks relief only for two claims under Section 1981—discrimination and retaliation—for which the same remedies are available.

Defendant has failed to meet its affirmative burden to show that bifurcation is appropriate because it has articulated no reasons unique to this case as to why the Court should require a second-mini trial or elongate the existing trial to include a second phase.

**B. Bifurcation would be unfairly prejudicial to Plaintiff because the evidence underlying liability and punitive damages is so intertwined that bifurcation would require her to present identical evidence in separate proceedings.**

By default, a jury trial requires the jury to simultaneously determine whether liability exists, and if so, the amount of damages to be awarded. Defendant asks the Court to invoke a rare exception to that default rule without justification. And in employment discrimination trials, the same evidence is frequently necessary for juries to determine both the existence of liability and the amount of damages to a prevailing plaintiff:

6

> Federal courts routinely try actual and punitive damage issues together. . . Defendant has not established a persuasive reason to depart from routine practice. In employment discrimination cases of this nature, defendant's state of mind is a critical issue. The issue permeates all aspects of the jury deliberations regarding liability for both actual and punitive damages, and the Court discerns no practical need (or for that matter, ability) to separately address those issues from an evidentiary point of view.

*Baker v. Equifax Credit Info. Servs.*, No. 97-2214-KHV, 1998 U.S. Dist. LEXIS 2707, at *3 (D. Kan. Feb. 6, 1998).

Such is the case where, as here, evidence regarding punitive damages is intertwined with evidence regarding liability, specifically pretext. For example, evidence that SHRM's investigation of Ms. Mohamed's race discrimination and retaliation complaints was a sham is relevant both to the jury's determination of pretext (which is an aspect of determining liability) and to SHRM's liability for punitive damages. (*See* Order Denying Defendant SHRM's Motion for Summary Judgment [Dkt. # 89] at pp. 11-12.)

Bifurcation is inappropriate here as unfairly prejudicial to Plaintiff because "the issues are so closely interwoven that [she] would have to present the same evidence twice. . . in separate trials." *Smith*, 2019 U.S. Dist. LEXIS 175354, at *5; *see Arndt v. City of Colo. Springs*, 263 F.Supp.3d 1071, 1073 (D. Colo. 2017) (denying a motion to bifurcate an equitable claim after finding that "the factual questions were too common with the jury claims to be determined at an earlier bench trial"). Specifically, separately trying Plaintiff's claim for punitive damages would require redundant (and often identical) testimony from multiple witnesses, including Carolyn Barley, Mike Jackson, Bernée Long, Plaintiff herself, and Sean Sullivan. Not only is such an exercise unfairly prejudicial to

7

Plaintiff, but it would be an inefficient use of the time and resources of the Court, the jury, witnesses, and counsel alike.

### C. Trying liability and punitive damages in separate phases at the same trial is an unnecessary waste of time.

As an alternative to bifurcation, SHRM requests that the Court "allow for a separate phase to determine the amount of punitive damages, where separate evidence that is only specific to punitive damages be presented (e.g., evidence of SHRM's financial affairs, financial conditions, and net worth)." (Motion at 3.) Practically speaking, this would require that the parties proceed through their cases in chief, give closing arguments, and wait for the jury to deliberate only to have to return to testimony, have the Court provide additional instructions, and then allow for even more deliberation time. Given the parties' estimated time for witness testimony alone—25.5 hours for Defendant [Dkt. # 111] and 29.5 hours for Plaintiff [Dkt. # 112]—the parties will need to work diligently to try this case in five days with adequate time for *voir dire*, opening statements, closing arguments, a charging conference, breaks, and jury deliberation. There is simply no time in the week scheduled for trial to repeat any of these steps unnecessarily without jeopardizing the completion of the trial during the scheduled time. SHRM provides no specific justification for imposing further delay on Ms. Mohamed's access to justice other than speculation that the jury will find her story so persuasive that it will find for her on both liability and damages. Such is the risk for SHRM in proceeding to trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Defendant's Motion to Bifurcate Punitive Damages Claim be denied in full.

Respectfully submitted on October 15, 2025 by:

| | |
|---|---|
| SWAIN LAW, LLC | LOWREY PARADY LEBSACK, LLC |
| *s/Hunter A. Swain* | *s/Ariel B. DeFazio* |
| Hunter A. Swain | Ariel B. DeFazio |
| 1490 North Lafayette Street, Suite 303 | 1490 Lafayette Street, Suite 304 |
| Denver, CO 80218 | Denver, CO 80218 |
| Phone: (720) 815-5281 | Phone: (303) 593-2595 |
| hunter@swainemploymentlaw.com | Fax: (303) 502-9119 |
| | ariel@lowrey-parady.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

9

## CERTIFICATE OF SERVICE

      I certify that on October 15, 2025 I personally filed the foregoing with the Clerk of Court using the CM/ECF system, which effected electronic service upon the following by email:

Tanja L. Darrow
tdarrow@littler.com

Virginia LeeAnn Woodfork
vwoodfork@littler.com

*Attorneys for Defendant*

                                      *s/Ariel B. DeFazio*
                                      Ariel B. DeFazio