**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

---

**PLAINTIFF'S MOTION IN LIMINE**

---

Plaintiff Mohamed, by and through her counsel, with the leave of Court [Dkt. #119] hereby files this Motion in Limine in which she seeks to exclude from use at trial an audio recording that Defendant SHRM first disclosed nine months after the close of discovery.

**D.C.COLO.LCivR 7.1(a) Certification:** The undersigned has conferred with counsel for Defendant, who objects to the relief sought in this motion.

**I.     SHRM disclosed evidence responsive to Plaintiff's first discovery requests after years of being on notice of its relevance.**

SHRM terminated Ms. Mohamed on September 1, 2020. On September 9, Ms. Mohamed's counsel sent SHRM a letter notifying it of its obligation to preserve evidence. (Ex. 1, Letter to J. C. Taylor, Jr.) In February 2021, Ms. Mohamed filed charges of discrimination against SHRM and six employees, including Jeanne Morris. (Ex. 2, Letter to CCRD with Charges, Feb. 24, 2021.) This lawsuit followed in June 2022 [Dkt. #1].

Discovery began in September. On December 19, 2022, Ms. Mohamed served her first set of discovery requests (Ex. 3, P's First Set of Discy.). RFP No. 6 asked SHRM to produce all documents, which included "recordings of any kind" (Ex. 3 at 4), related to the "separation from employment, and all complaints and/or expressions of concern" for members of the Instructional Design team (Ex. 3 at 14); this included Carrie Mills. Defendant responded on February 1, 2023 (Ex. 4, D's Responses) and supplemented its responses on March 1 (Ex. 5, D's 1st Supp. Responses) and April 7, 2023 (Ex. 6, D's 2d Supp. Responses). With respect to Ms. Mills, SHRM provided only her personnel file in response to RFP 6. (Ex. 5 at 19.) Discovery ended on September 11, 2023. [Dkt. #48.] SHRM switched counsel the next month. [Dkt. #62-63.]

On June 13, 2024, one of SHRM's new attorneys, Levy Leatherman, notified Ms. Mohamed's counsel that SHRM would be producing an audio recording of a conversation between Ms. Mills and Ms. Morris (Ex. 7, Email re D's Third Supp. Discy. Responses, p. 2) that had taken place around February 2021 (Ex. 8, Mills Decl. ¶ 17). SHRM identified the recording as responsive to RFP 6 in its Third Supplemental Discovery Responses (Ex. 9, D's Third Supp. Discovery Responses, p. 2.), which were attached to the email (Ex. 7). In a subsequent call, Mr. Leatherman explained the delay by stating that Ms. Morris had only recently remembered that she made the recording.

SHRM did not list the recording in its December 2024 exhibit list [Dkt. #94-4]. Plaintiff first learned of SHRM's intent to enter the recording into evidence on October 10, 2025, when SHRM added the recording to the Joint Exhibit List as Exhibit 115 [Dkt. #114]. Based on SHRM's counsel's statements, SHRM intends to use the recording to discredit

2

Ms. Mills because of purported inconsistencies between the content of the recording and her signed declaration. (Ex. 7 at 2)

### II. SHRM should not be permitted to use the recording at trial because its failure to timely produce it was neither substantially justified nor harmless.

Fed. R. Civ. P. 26(e)(1) requires parties to supplement or correct their responses to a request for production of documents "in a timely manner." According to Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." The burden to establish substantial justification and harmlessness is on the party who failed to make the required disclosure. *Fitzgerald v. Cath. Health Initiatives Colo.*, 2025 U.S. Dist. LEXIS 50683, at *10 (D. Colo. March 19, 2025) (internal citations omitted). SHRM cannot make either showing.

When considering whether SHRM should be barred from using its Exhibit 115 at trial, the Court must consider the factors from *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999): "(1) prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."

*Prejudice or Surprise to Plaintiff.* The recording was a surprise to Plaintiff, especially given the year-long discovery period, SHRM's two supplemental responses to her first set of discovery, and the fact that discovery had closed nine months earlier. The undue prejudice to Plaintiff stems from the fact that she was deprived of the

3

opportunity to question Ms. Morris during her deposition about the context of the recording and also to clarify Ms. Mills's testimony prior to obtaining a declaration. Because of SHRM's dilatory disclosure, Ms. Mohamed has been placed in a position where a critical witness will be vulnerable to a surprise attack on her credibility without the ability to conduct further discovery.

*Ability to Cure Prejudice.* If SHRM had listed Exhibit 115 on its initial exhibit list before the pretrial conference, Plaintiff could have moved for additional discovery about the recording, including a continued deposition of Ms. Morris and/or a deposition of Ms. Mills. However, now that discovery is over, the trial is less than a month away, and SHRM has indicated its intent to use the recording as an exhibit for the very first time only 38 days before trial, Plaintiff has no ability to cure this prejudice.

*Disruption to Trial.* Other than the fact that this issue will take additional time when the anticipated witness testimony already exceeds the time allotted for trial. [Dkt. #111, #112], Plaintiff does not anticipate that the introduction of Exhibit 115 will disrupt trial.

*Bad Faith or Willfulness.* Based on SHRM's counsel's representations, Plaintiff has no reason to believe that a nefarious motive was behind the late disclosure of Exhibit 115; however, the circumstances tend to show "a neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested . . . motive," which is indicative of bad faith. Black's Law Dictionary 94 (6th ed. 1991). Here, SHRM and Ms. Morris were on notice as early as September 9, 2020 that litigation was imminent. On December 2022, SHRM learned that Ms. Mohamed would be seeking information about her comparators. Despite the time that SHRM had to collect relevant

4

documents from its employees—here, an employee who was specifically accused of wrongful conduct—it failed to do so until nine months after the close of discovery.

### III.   Conclusion

In light of the above, Plaintiff requests that the Court grant this Motion in Limine and, thereby, prohibit SHRM from using the recording designated as Exhibit 115 for any purpose at trial.

Respectfully submitted October 20, 2025, by:

| | |
|---|---|
| SWAIN LAW, LLC | LOWREY PARADY LEBSACK, LLC |
| *s/Hunter A. Swain* | *s/Ariel B. DeFazio* |
| Hunter A. Swain | Ariel B. DeFazio |
| 1490 North Lafayette Street, Suite 303 | 1490 Lafayette Street, Suite 304 |
| Denver, CO 80218 | Denver, CO 80218 |
| Phone: (720) 815-5281 | Phone: (303) 593-2595 |
| hunter@swainemploymentlaw.com | Fax: (303) 502-9119 |
| | ariel@lowrey-parady.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

## CERTIFICATE OF SERVICE

   I certify that on October 20, 2025 I personally filed the foregoing with the Clerk of Court using the CM/ECF system, which effected electronic service upon the following by email:

Tanja L. Darrow
tdarrow@littler.com

Virginia LeeAnn Woodfork
vwoodfork@littler.com

Julian G. G. Wolfson
jwolfson@littler.com

Nicholas Hankins
nhankins@littler.com

*Attorneys for Defendant*

                *s/Ariel B. DeFazio*
                Ariel B. DeFazio