CONFIDENTIAL



September 9, 2020

**Via Certified Mail**
*Return Receipt Requested*

Johnny C. Taylor, Jr.
Chief Executive Officer
Society for Human Resources Management
1800 Duke Street
Alexandria, VA 22314

*Re: Request for Copy of Personnel File & Notice of Obligation to Preserve Evidence*

Dear Mr. Taylor:

SWAIN LAW, LLC represents Rehab "Ruby" Mohamed with respect to her legal claims against the Society for Human Resources Management ("SHRM") and various of its employees arising from the termination of her employment on September 1, 2020.

Though I am still investigating Ms. Mohamed's claims, I have already identified that she has legal claims against SHRM for race/color discrimination and retaliation for engaging in protected activity in opposition to such discrimination in violation of federal and Colorado state law. Ms. Mohamed also has legal claims against Sean Sullivan, Nick Schacht, Jeanne Morris, Carolyn Barley, Karen Maldonado, and Bernée Long in their individual capacities for aiding, abetting, inciting, compelling, or coercing such discrimination and retaliation under the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-402(e)(I)-(IV). I will send a separate letter describing Ms. Mohamed's claims in more detail once I have completed my investigation.

Colorado law gives Ms. Mohamed a legal right to inspect and obtain a copy of her personnel file after termination. *See* Colo. Rev. Stat. § 8-2-129. Please send a complete copy of Ms. Mohamed's entire personnel file to me via email or U.S. Mail at the address below.

In addition, please know that Ms. Mohamed will be filing charges of discrimination with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC"). She plans to file a lawsuit at the appropriate time if her claims are not resolved beforehand. To be clear, litigation should be reasonably anticipated by SHRM and the individuals identified above.

SHRM has an affirmative and continuing duty to preserve all potentially relevant information, including any hard copy documents and electronically stored information ("ESI"), related to Ms. Mohamed, Ms. Mohamed's terms and conditions of employment with SHRM; Ms. Mohamed's complaints of discrimination and retaliation at SHRM; disbursement of information about Ms. Mohamed; and all information concerning Ms. Mohamed's employment. The obligation to preserve arises when SHRM knows or should know that the evidence may be relevant to future litigation. *Asher Assocs., LLC v. Baker Hughes Oil Field Ops., Inc.*, 2009 WL 1328483 (D. Colo. May 12, 2009) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." (quoting *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

The Federal Rules of Civil Procedure, the Colorado Rules of Civil Procedure, and court decisions interpreting the duty to preserve evidence and ESI require reasonable efforts and diligence on the part of SHRM's attorney to implement a litigation hold upon notice of a claim and the intent to file a lawsuit. Consider this letter a reiteration of SHRM's duty.

Specifically, SHRM has a duty to preserve and not destroy the following categories of documents and other evidence which are related to Ms. Mohamed's claims:

1. All correspondence and documents, including emails, text messages and ESI, related to Ms. Mohamed's employment at SHRM between and/or among anyone at SHRM including, but not limited to, all employees, owners, executives, managers, and human resources representatives; specifically including such correspondence and documents between and/or among Ms. Mohamed, yourself, Sean Sullivan, Nick Schacht, Jeanne Morris, Carolyn Barley, Ann Godmere, Carrie Mills, Mike Jackson, Karen Maldonado, Bernée Long, and Liz Lacey from April 2016 through the conclusion of litigation.

2. All correspondence and documents, including emails, text messages and ESI, related to Ms. Mohamed's job performance, performance evaluations, or internal complaints, between and/or among anyone at SHRM, including all Ms. Mohamed's, supervisors, managers and any human resources representative(s).

3. Ms. Mohamed's personnel file and that of all employees named in Paragraph 1.

4. All of Ms. Mohamed's performance evaluations and any documents and correspondence, including emails, text messages and ESI, related to Ms. Mohamed's performance evaluations.

5. All documents and correspondence, including emails, text messages and ESI, related to complaints made by SHRM employees of race or color discrimination, race or color bias, and retaliation between April 2016 and the conclusion of litigation.

6. All documents and correspondence, including emails, text messages and ESI, related to complaints of discrimination and retaliation made by Ms. Mohamed during her employment, including any investigations into such complaints or other responsive actions taken by SHRM.

7. All documents and correspondence, including emails, text messages and ESI, related to missed deadlines or deadline extensions granted to SHRM's Educational Programs employees between April 2016 and the conclusion of litigation.

8. All documents and correspondence, including emails, text messages and ESI, related to reallocation of job duties or assignments with respect to SHRM's Educational Programs employees between April 2016 and the conclusion of litigation.

9. All documents and correspondence, including emails, text messages and ESI, related to SHRM's decision to terminate Ms. Mohamed's employment.

10. All documents and correspondence, including emails, text messages and ESI, related to SHRM's decision to terminate Ebony Thompson's employment in or about August 2020.

11. A copy of each and every document, including policies and procedures, upon which SHRM based its decision to terminate Ms. Mohamed's employment.

12. All documents and correspondence, including emails, text messages and ESI, related to the discipline and/or termination of any and all SHRM Educational Program employees from January 1, 2020 through the conclusion of litigation.

13. All documents and data related to all current and prospective employees of SHRM, including hiring, job postings, job descriptions, promotions, changes in wages, discipline, and termination documents and employees' demographic information.

14. All documents and data related to SHRM's financial performance from December 2019 through the conclusion of litigation.

CONFIDENTIAL

Mr. Johnny C. Taylor, Jr.
Re: Ruby Mohamed
September 9, 2020
Page 4 of 4

This is not an exhaustive list of the documents you must preserve. At this time, SHRM knows what information exists that may be relevant to Ms. Mohamed's claims better than I do. Because you are on notice of Ms. Mohamed's claims, your preservation obligation extends to all relevant documents, whether identified in this letter or not.

This litigation hold notice should be construed as broadly as possible to apply to all documents and custodians which may be relevant to any of the factual matters that could be relevant to Ms. Mohamed's employment discrimination and retaliation claims. This litigation hold notice specifically applies to documents and data contained on both SHRM's property and the personal property of the individuals named in paragraph 1 above (for instance, the personal/work cell phones and personal/work computers of each person). Failure to preserve such documents and information may constitute additional violations of federal and/or state law and could result in civil sanctions.

We also demand that SHRM immediately suspend any document retention and/or destruction procedures that will alter, destroy, or make it more difficult to retrieve any documents that could lead the discovery of evidence involving the above-referenced claims. SHRM must assure that these documents and other materials are readily accessible. If SHRM fails to take these steps, we will seek appropriate remedies for any spoliation of evidence, including but not limited to costs and sanctions such as adverse inferences and/or admissions.

Finally, I at the beginning of this letter I identified that Ms. Mohamed has potential legal claims against Sean Sullivan, Nick Schacht, Jeanne Morris, Carolyn Barley, Karen Maldonado, and Bernée Long in their individual capacities. Please share a copy of this letter with all of those individuals so that they are on notice of their own preservation obligations.

Please contact me if you have any questions about these matters.

Sincerely,

SWAIN LAW, LLC

Hunter A. Swain

cc: Ruby Mohamed, via email