## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01625-RM-SKC

REHAB MOHAMED,

     Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

     Defendant.

---

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

---

     Plaintiff Rehab Mohamed ("Plaintiff" or "Ms. Mohamed"), by and through her attorneys, hereby submits the following Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant Society for Human Resource Management ("Defendant" or "SHRM").

     Defendant is directed to respond to Plaintiff's Interrogatories and Requests for Admission with answers signed under oath within thirty days pursuant to Fed. R. Civ. P. 33 & 36. Defendant is further directed to produce all requested Documents to Plaintiff's counsel in electronic format within thirty days pursuant to Fed. R. Civ. P. 34. Defendant has a continuing duty to supplement its responses pursuant to Fed. R. Civ. P. 26(e).

## INSTRUCTIONS AND DEFINITIONS

1.      Each Interrogatory, Request for Production of Documents, and Request for Admission (hereinafter collectively called "Discovery Requests") is continuing, and the Federal Rules of Civil Procedure require supplementation of your responses. If, after serving an answer to any Discovery Request, Defendant obtains or becomes aware of any further responsive information, Defendant is required to amend or supplement the answer thereto, setting forth such additional information.

2.      If any Discovery Request cannot be answered in full, please answer to the fullest extent possible and specify the reasons for your inability to fully answer the Request or Interrogatory.

3.      In answering these Discovery Requests, you are required to furnish such information as is available to you regardless of whether this information is obtained by you or through your agents, other representatives, or your attorney(s). In other words, each Discovery Request calls not only for personal knowledge of the person answering but also for all information which is available to him or her by reasonable inquiry, including inquiries to the attorneys, agents, employees, and all other persons or organizations to whom inquiries can be made to respond fully to these Discovery Requests. If the person answering these Discovery Requests is an agent, employee, or representative of a corporation or any other business entity, the answers to these requests and interrogatories call for the collective information of the corporation or other business entity and its agents or other representatives.

2

4.      For the purpose of these Discovery Requests, the following definitions shall apply:

a.      "SHRM" means Defendant Society for Human Resources Management (including its predecessors, successors, subsidiaries, and assigns), as well as anyone acting for or on behalf of the organization, including without limitation past and present agents, employees, officers, board members, insurance companies, attorneys, consultants and investigators, and their respective agents and employees.

b.      "You" or "your" means SHRM and any of its employees, officers, servants, agents, representatives and/or all other persons acting on behalf or representing SHRM, including its attorneys.

c.      "Person" means any natural or legal person, firm, association, organization, partnership, business, trust, corporation, or business, legal or public entity.

d.      "Communication" means both (a) contact between two or more persons and (b) statements made by one person to another person; and shall include contact and/or statements made by means of a Document, conversation, or any other medium of communication.

e.      "Correspondence" means a written Communication, whether by letter, electronic mail, other Document, or otherwise.

f.      "Document" means the complete original (or a complete copy where the original is not available) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any written or graphic

3

communications and all written graphic matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, including but not limited to, letters, correspondence, memoranda, minutes, notes, films, recordings of any kind, transcripts, contracts, memoranda or notes of telephone conversations, personal conversations or meetings, diaries, desk calendars, telegrams, circulars, pamphlets, manuals, statements, notices, reports, telexes, inter- or intra-office communications, minutes of meetings, studies, books or records of accounts, bank account records, invoices, requisitions, microfilms, movies, videotapes, slides, photographs, computer entries whether printed or unprinted, e-mail, text messages, messages or comments made on or through any social media site, computer runs or printouts, summaries or analyses of any computer run or printout, checks, bank drafts, tabulations, charts, manuals, guides, outlines, abstracts, plans, drawings, specifications, blueprints, graphs, studies or material similar to any of the foregoing, however denominated and by whomever prepared and to whomever addressed..

> g      "Describe" means to state fully all material facts, beliefs, opinions, or contentions that provide the bases for the subject matter, answer, allegation, or claim being inquired about.

> h.     "Including" is a word of expansion rather than one of limitation and means "including without limitation."

> i.     "Address" means the full street address, including the city, state, and zip code.

4

j.    "Personnel file" means all documents and files relating to a person's employment with Defendant, including (a) all documents which comprise, effect, or discuss: evaluations, performance, hiring, firing, compensation, promotion or decision not to promote, discipline, investigations of employee conduct, and training and (b) any other documents customarily held by Defendant in employee personnel files; whether or not those documents are maintained in a physical or electronic file called "personnel file," in addition to all other documents physically or electronically kept in the employee's personnel file.

5.    "Identify," when used with respect to an individual, means to state the person's full name, race, national origin, current address (or if unknown, the most recent address known), current telephone number (or if unknown, the most recent telephone number known), current email address (or if unknown, the most recent email address known), job title at SHRM (and any changes thereto), compensation (and any changes thereto), date of birth, date of hire, and date of termination.

6.    "Identify," when used with respect to a Communication, means to state:

a.    the date of such Communication and the form of such Communication (e.g., in writing, by telephone, or in person);

b.    the identity of each person participating therein and each person who was present during such Communication;

c.    where such Communication took place (location of participants);

5

d.      what was said or written by each participant in the course of such communication; or, if not specifically known or recalled, the substance of what was said or written by each participant and person present during the course of such Communication;

e.      the person or persons upon whose recollection your response to this Interrogatory is based and the source of his or her knowledge (e.g., personal observations);

f.      whether any Documents exist which set forth, summarize, or refer to any portion of such Communication; and

g.      if such Document exists, its identity and the person or persons having custody of or control over it.

7.      "Identify," when used with respect to a Document or Documents, means:

a.      to specify the nature of the Document(s) (e.g., letter, memorandum, contract, file, proof of insurance, telephone call sheets, etc.);

b.      to state the date, if any, appearing on the Document(s), or if none, the dates upon which such Document(s) (a) was originally prepared and (b) was altered or edited in any way;

c.      to describe in general the subject matter of the Document(s);

d.      to state the name, address, and telephone number of each person who wrote, signed, dictated, or otherwise participated in the preparation, editing, or alteration of the Document(s);

6

e.      to state the name, address, and telephone number of each person, if any, who was an addressee or recipient thereof;

f.      to state the file or files in which such Document is or has been placed or assigned;

g.      to state the present location of the Document(s) and the storage medium of the Document(s) (*i.e.*, whether the document is stored electronically); and

h.      to state the name, address, and telephone number of the person or persons having custody of or control over such Document(s).

8.      If you claim that a Document requested no longer exists, state:

a.      why the Document no longer exists (e.g., missing, lost, destroyed, transferred to others);

b.      the person who last had custody or control of the Document and such current person's address and telephone number;

c.      the date when the Document ceased to exist;

d.      the last known location of the Document; and

e.      what efforts you have made to locate the Document or a copy thereof.

9.      If any evidentiary privilege is asserted with respect to any requested Documents or information, please provide a privilege log which describes the Document withheld, identifies the author and all recipients, and specifies in detail the complete material factual and legal basis for the privilege invoked.

10.    Plaintiff expressly reserves her rights to request native-format production of any particular electronically-stored Document produced by Defendants, and to inspect the original of any Document not stored in electronic form.

12.    Please contact Hunter A. Swain and Ariel B. DeFazio directly via email or telephone with any questions, concerns, clarifications about the meaning or scope of any of these requests. Please do not wait to object or claim vagueness or confusion or the like when such concerns could have been dealt with quickly and timely in an email or phone call.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail the factual basis for SHRM's decision to terminate Ms. Mohamed's employment, including a description of all behaviors, omissions, or events that SHRM claims played any material role in SHRM's decision to terminate Ms. Mohamed, and the identity of each person who had input into or participated in the decision to terminate Ms. Mohamed's employment, and a description of each such person's input or participation in the decision to terminate Ms. Mohamed's employment.

**INTERROGATORY NO. 2:** Describe in detail any conduct of which SHRM has become aware since Ms. Mohamed's termination which SHRM claims would have resulted in discipline or termination of Ms. Mohamed's employment if Defendant had known about such conduct at the time it occurred.

**INTERROGATORY NO. 3:** Identify all "remedial avenues" that SHRM contends Ms. Mohamed failed to exhaust, as alleged in Affirmative Defense 15 in Defendant's Answer.

**INTERROGATORY NO. 4:** Identify each person employed by SHRM in SHRM's Education Department who was disciplined (including formal discipline or informal "counseling") and/or terminated for any reason between January 1, 2020 and the conclusion of this litigation, including for each such person a description of the reasons for his or her discipline or termination.

**INTERROGATORY NO. 5:** Identify each SHRM employee who worked on SHRM's Instructional Design team between January 1, 2020 and the conclusion of this litigation, including for each such person the person's job title, direct supervisor(s), last known contact information, date of birth, dates of employment, and (if the person is no longer employed by SHRM) the reason for the separation of the person's employment (*i.e.*, resignation, or the reason why the employee was terminated).

**INTERROGATORY NO. 6:** Identify each person who participated in or assisted Defendant in any way in the preparation of Defendant's responses to Plaintiff's Discovery Requests, including each such person's job title at Defendant or relationship to Defendant and a description of the nature of that person's participation or assistance in the preparation of Defendant's responses to Plaintiff's Discovery Requests (*i.e.* the specific Discovery Requests for which the person provided assistance, whether the

person was a custodian of documents, gathered or provided documents, provided information, drafted or reviewed interrogatory responses, etc.).

**INTERROGATORY NO. 7:** Describe in detail all compensation (*e.g.*, salary, including any raises; bonuses; commissions; stock units; etc.) and all benefits (e.g., medical insurance, dental insurance, vision insurance, paid time off, short- and long-term disability insurance, life insurance, education, training, and all other perquisites) that Plaintiff would have earned as a Senior Instructional Designer at SHRM between the date of Plaintiff's termination and the conclusion of this litigation had Plaintiff's employment not been terminated.

**INTERROGATORY NO. 8:** Identify and describe all of SHRM's policies and procedures related to race discrimination, retaliation, internal complaints, internal investigations, hiring, promotion, and termination that were in effect at any time during Ms. Mohamed's employment to conclusion of this litigation.

**INTERROGATORY NO. 9:** Identify all litigation, bankruptcy proceedings, or administrative charges, other than the instant action, to which SHRM has been a party from January 1, 2010 through the conclusion of this litigation. Your answer should include the parties to the action, the identification number of the action (e.g., case or administrative charge number), the venue where the action was filed, the nature of the action, and the current status of the action.

**INTERROGATORY NO. 9:** Describe each internal complaint and/or expression of concern – whether formal or informal, oral or in writing – of discrimination or

10

retaliation received by SHRM from any person currently or formerly employed by SHRM between January 1, 2015 and the conclusion of litigation (1) that came from an employee of SHRM's Education Department or (2) that involved the actions of Carolyn Barley, Bernée Long, Jeanne Morris, Nick Schacht, Sean Sullivan, Johnny C. Taylor, and any other person identified in response to Interrogatory No. 1. Your answer should include for each such complaint or expression of concern: the name, job title, dates of employment, and last known contact information of the individual that made the complaint of discrimination or retaliation; a description of the complaint; and the steps taken by SHRM to investigate and/or remediate the complaint.

**INTERROGATORY NO. 10**: At any point during Plaintiff's employment with SHRM through the conclusion of this litigation, has Defendant assigned a monetary value to the benefits offered to its employees, e.g., the benefits offered are valued at a certain percentage of an employee's salary? If so, provide any such assigned value(s) for employees for the time period between January 1, 2016 and the conclusion of this litigation.

**INTERROGATORY NO. 11**: Identify each employee, contractor, or other individual who assumed Plaintiff's position or any material part of her duties, following her termination from employment through the present. For each individual, provide their name, dates of employment and job title, national origin, race, and whether they engaged in other protected activity during their employment with Defendant, and, if

applicable, the circumstances under which they separated from employment with Defendant.

**INTERROGATORY NO. 12**: Identify all employees of Defendant who were disciplined, up to and including termination, from January 1, 2015 through the conclusion of litigation for any reason identified in response to Interrogatory No. 1. For each individual, provide their name, race, national origin, direct supervisor at the time of the discipline, the discipline meted out and when, the reason for the discipline, whether the individual is still employed with Defendant, and, if so, their current job position at Defendant and, if not, when they separated and under what circumstances and, if applicable, whether they engaged in protected activity during their employment with Defendant.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

The following Requests for Production of Documents are to be answered pursuant to Fed. R. Civ. P. 34 and to be supplemented as required by Fed. R. Civ. P. 26(e). In your responses, please label groups of produced documents by bates number with the discovery request number to which they are responsive. If documents requested below have previously been disclosed or produced with sequential numbering, it is sufficient to specifically reference those documents by bates number without again producing them. In the event that any documents requested have been destroyed, identify all such documents particularly as possible and state when, by whom, and under what circumstances they were destroyed. In responding to each Request for

Production, please note the definition for "Documents" enumerated above in ¶ 4(f) of Definitions and Instructions. **All electronically-stored Documents not produced in native format should be produced in searchable .pdf format, converted directly from the native format to searchable .pdf format.**

Please produce the following:

**REQUEST FOR PRODUCTION NO. 1**:    Produce all Documents identified, referred to, reviewed, or otherwise used by SHRM in formulating its responses to Ms. Mohamed's Interrogatories.

**REQUEST FOR PRODUCTION NO. 2**:  Produce all Documents, communications, data compilations, and items in SHRM's possession, custody, or control, relevant to disputed facts alleged in SHRM's Answer.

**REQUEST FOR PRODUCTION NO. 3**:  Produce all written communications (excluding attorney-client communications) to which the following individuals were a party (*i.e.*, communications sent by, sent to, or received by each such individual) between June 1, 2020 and the conclusion of this litigation which reference Ms. Mohamed by name or otherwise discuss Ms. Mohamed:

- Carolyn Barley;
- Jeanne Morris;
- Johnny C. Taylor, Jr.;
- Sean Sullivan;
- Michael Jackson;
- Nick Schacht;
- Bernée Long; and
- Any other individual identified in response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 4**:   Produce all written communications (excluding attorney-client communications) to which Carolyn Barley was a party (*i.e.*, communications sent by, sent to, or received by Carolyn Barley) between January 1, 2020 and December 31, 2020 which reference Instructional Design team work assignments and/or deadlines.

**REQUEST FOR PRODUCTION NO. 5**:   Produce the complete investigation file (including all handwritten or typed notes, emails, witness statements, memoranda, and other related documents and written communications whether in draft or final form) for all investigation(s) that SHRM claims it conducted into Ms. Mohamed's complaints, including the investigations referenced in Paragraphs 9, 11, and 125 of Defendant's Answer.

**REQUEST FOR PRODUCTION NO. 6**:   Produce all documents related to the hiring, work performance and qualifications, compensation and benefits, promotions, discipline, separation from employment, and all complaints and/or expressions of concern all individuals identified in response to Interrogatories Nos. 1, 4, 5, 11, and 12.

**REQUEST FOR PRODUCTION NO. 7**:   All Documents that reflect any and all training provided to the following individuals between September 1, 2015 and the conclusion of this litigation regarding prohibited discrimination on the basis of race/color and prohibited retaliation under any applicable federal, state or local laws:

- Carolyn Barley;
- Jeanne Morris;
- Johnny C. Taylor, Jr.;
- Sean Sullivan;
- Michael Jackson;
- Nick Schacht;
- Bernée Long; and
- Any other individual identified in response to Interrogatory No. 1.

.

**REQUEST FOR PRODUCTION NO. 8**:  Produce all Documents not previously produced by SHRM which support the statements made by SHRM, Carolyn Barley, Jeanne Morris, Nick Schacht, Sean Sullivan, Johnny C. Taylor, Jr., and Bernée E. Long in their joint Position Statement to the Colorado Civil Rights Division dated April 21, 2021 (MOHAMED 000066-000084) and its attachments (MOHAMED 000126-000314).

**REQUEST FOR PRODUCTION NO. 9**:  Produce all documents on which Defendant relied in arriving at its decision to terminate Plaintiff's employment.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1**:  Admit that Ms. Mohamed filed her charge of discrimination (MOHAMED 000087) against SHRM within three hundred days of the date of her termination from SHRM.

**Request for Admission No. 2**: Admit that Ms. Mohamed filed this lawsuit against SHRM within 90 days of April 18, 2022.

**Request for Admission No. 3**:  Admit that SHRM has no evidence that Ms. Mohamed did not exhaust her administrative remedies as required by Title VII of the Civil Rights Act of 1964.

Respectfully submitted this 19th day of December, 2022 by:

_/s/ Hunter A. Swain_
Hunter A. Swain
Swain Law, LLC
Hunter A. Swain
1490 N. Lafayette St., Ste. 303
Denver, CO 80218
Tel: (720) 815-5281
hunter@swainemploymentlaw.com

_/s/ Ariel B. DeFazio_
Ariel B. DeFazio
Lowrey Parady Lebsack, LLC
1490 N. Lafayette St., Ste. 303
Denver, CO 80218
Tel: (303) 593-2595
ariel@lowrey-parady.com

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of December, 2022, I personally served the foregoing **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** upon the following via email: Kendra K. Smith, Katherine Hoffman, and Kaitlin I. Spittell.

<u>*/s/ Hunter A. Swain*</u>
Hunter A. Swain

Attorney for Plaintiff