IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01625

REHAB MOHAMED,

     Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

     Defendant.

_____

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
_____

     Defendant Society for Human Resource Management ("Defendant") by and through its counsel, Kendra K. Smith, Esq., Katherine N. Hoffman, Esq., and Kaitlin I. Spittell, Esq., of Hall & Evans, L.L.C., hereby respectfully submits its Second Supplemental Responses and Objections to Plaintiff's Second Set of Written Discovery to Defendant Society for Human Resource Management as follows:

**PRELIMINARY STATEMENT**

     Defendant objects to any definitions and instructions set forth in Plaintiff's First Set of Written Discovery to Defendant Society for Human Resource Management ("Discovery Requests"), to the extent said definitions and instructions purport to impose additional duties, responsibilities, and requirements other than those required by the Federal Rules of Civil Procedure. Defendant responds to the Discovery Requests pursuant to the Federal Rules of Civil Procedure.

Defendant's General Objections to the Discovery Requests are set forth below. To avoid the necessity of restating each objection in full, these General Objections are incorporated within each response where applicable. The assertion of additional specific objections to certain of the Discovery Requests shall not waive or be construed to waive any applicable General Objections.

In addition, Defendant's responses to each of the Discovery Requests shall not waive any right to challenge the relevance, materiality, or admissibility of the information or documents provided, or to object to the use of the information or documents in any subsequent proceeding, including the trial in this matter. Defendant's search for information is ongoing and its responses are based on information known to the Defendant at this time only. Defendant specifically reserves the right to supplement or amend its responses to the Discovery Requests at any time pursuant to the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.     Defendant objects to Plaintiff's First Set of Discovery Requests to the extent any such requests seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the required reports privilege, the accountant-client privilege, the physician-patient privilege, or any other recognized privilege under Colorado law or federal law, where applicable.

2.     Defendant objects to Plaintiff's First Set of Discovery Requests to the extent any such requests seek information concerning Defendant's contentions or positions

2

regarding legal issues in this action and as being overbroad and premature because discovery in this action is ongoing.

3.      Defendant objects to Plaintiff's First Set of Discovery Requests to the extent they seek information and/or documents that would violate any constitutional, statutory, or common law privacy interest or privilege of the Defendant or any current or former employee, representative, agent, client, patient, customer, or user of the products or services of Defendant.

4.      Defendant objects to Plaintiff's First Set of Discovery Requests to the extent they seek information and/or documents that are neither relevant in that there is no logical nexus between the requested information and/or documents and the issues and controversies between the parties alleged with particularity in the pleadings, nor any sense of proportionality between the documents requested and the needs of this case.

5.      Defendant objects to Plaintiff's First Set of Discovery Requests to the extent they are unduly burdensome and oppressive, in that the burden and expense to the Defendant in locating and producing such information outweighs its likely benefit, especially with respect to such information that may be as readily obtained by Plaintiff from other sources.

6.      Defendant objects to Plaintiff's First Set of Discovery Requests to the extent they are overbroad and seek information and/or documents without proper limit to subject matter and seek to impose obligations on the Defendant greater than those provided by applicable rules and law.

7.    Defendant objects to Plaintiff's First Set of Discovery Requests to the extent they are vague and ambiguous, and thus likely to lead to confusing, misleading, inaccurate, or incomplete answers.

8.    Defendant objects to Plaintiff's First Set of Discovery Requests to the extent they seek information and/or documents which require the Defendant to exhaustively state the facts supporting its present contentions and speculate as to future contentions, prior to the completion of discovery. Additional facts that are responsive to the requested information and/or documents will likely be learned through discovery.

9.    Defendant objects to Plaintiff's First Set of Written Discovery to the extent they seek information and/or documents which are as equally available to the Plaintiffs as to Defendant pursuant to the Federal Rules of Civil Procedure or otherwise.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail the factual basis for SHRM's decision to terminate Ms. Mohamed's employment, including a description of all behaviors, omissions, or events that SHRM claims played any material role in SHRM's decision to terminate Ms. Mohamed, and the identity of each person who had input into or participated in the decision to terminate Ms. Mohamed's employment, and a description of each such person's input or participation in the decision to terminate Ms. Mohamed's employment.

**RESPONSE**: Objection. *See* General Objection Nos. 1, 2, 5, 6, 7, and 8.  Without waiving these objections, Defendant states: Plaintiff was terminated because of documented issues with her job performance. The catalyst to the decision was Ms.

Mohamed's inability to complete two of her projects by deadline. Ms. Mohamed submitted incomplete versions of two projects to her manager, Carolyn Barley, on August 28, 2020. Ms. Mohamed did not provide any additional work to fully complete either the Digital HR or Compliance programs in accordance with the August 31, 2020 deadline for both projects. Ms. Barley contacted leadership, including Sean Sullivan and Michael Jackson, who both participated in the decision to terminate Plaintiff. Karen Maldonado assisted in communicating the decision to Plaintiff and drafting Plaintiff's termination documents.

**INTERROGATORY NO. 2:** Describe in detail any conduct of which SHRM has become aware since Ms. Mohamed's termination which SHRM claims would have resulted in discipline or termination of Ms. Mohamed's employment if Defendant had known about such conduct at the time it occurred.

**RESPONSE**: Objection. See General Objection Nos 1, 2, 4, 6, and 7. Without waiving these objections, Defendant states: Defendant is not aware of any conduct that was discovered after Ms. Mohamed's termination which it claims would have resulted in discipline or termination of Ms. Mohamed's employment. Defendant specifically reserves the right to amend this Response as discovery is ongoing.

**INTERROGATORY NO. 3:** Identify all "remedial avenues" that SHRM contends Ms. Mohamed failed to exhaust, as alleged in Affirmative Defense 15 in Defendant's Answer.

**RESPONSE**: Objection. See General Objection Nos 1, 2, 3, 8, and 9. Without waiving these objections, Defendant states: Sean Sullivan, Chief Human Resources Officer, investigated Plaintiff's concerns and found no discrimination or retaliation, but

instead, a strained work relationship between Plaintiff and Carolyn Barley, Instructional Design Manager and Plaintiff's supervisor at the time, and he therefore recommended the two participate in a mediation to resolve their issues. Bernee Long first held a mediation session with Ms. Barley and Plaintiff together, and thereafter, met with each of the two individually until Plaintiff withdrew from the mediation sessions. Defendant specifically reserves the right to amend this Response as discovery is ongoing.

**INTERROGATORY NO. 4**: Identify each person employed by SHRM in SHRM's Education Department who was disciplined (including formal discipline or informal "counseling") and/or terminated for any reason between January 1, 2020 and the conclusion of this litigation, including for each such person a description of the reasons for his or her discipline or termination.

**RESPONSE**: Objection. See General Objection Nos 1, 2, 3, 4, 5 and 6. Defendant further objects to the temporal scope of the Interrogatory, which seeks information subsequent to Plaintiff's September 1, 2020 termination. Such information is irrelevant to Plaintiff's discrimination and retaliation claims, and unlikely to lead to admissible evidence. Subject to and without waiving said objections, Defendant states: **No employees within SHRM's Educational Department, other than those listed below received any disciplinary action, since January 1, 2020.** Since January 1, 2020, the following former employees within SHRM's Education Department were terminated for performance issues:

| Name | Position | Termination Date |
|---|---|---|
| Amy Papp | Sr. Instructional Designer | 12/9/2021 |
| Brian Simms | Director, Instructional Design | 10/19/2022 |

| Ebony Thompson | Sr. Instructional Designer | 8/6/2020 |
| --- | --- | --- |

**INTERROGATORY NO. 5:** Identify each SHRM employee who worked on SHRM's Instructional Design team between January 1, 2020 and the conclusion of this litigation, including for each such person the person's job title, direct supervisor(s), last known contact information, date of birth, dates of employment, and (if the person is no longer employed by SHRM) the reason for the separation of the person's employment (*i.e.*, resignation, or the reason why the employee was terminated).

**RESPONSE**: Objection. See General Objection Nos 1, 3, 4, 5, 6 and 8. Defendant further objects to this request to the extent it contains more than one interrogatory. Defendant further objects to this request to the extent such inquiries are unduly burdensome and oppressive, in that the burden and expense to Defendant in locating and producing such information outweighs its likely benefit. The employees listed herein may be contacted through counsel at Hall & Evans, L.L.C. Further, Defendant does not provide the date of birth for any employee as such information is not relevant to the color, race, and retaliation claims brought by Plaintiff in the present lawsuit. Without waiving the objections, Defendant states:

| Employee | Position Title | Manager | Orig Hire Date | Rehire Date | Term Date | Reason for Separation of Employment |
| --- | --- | --- | --- | --- | --- | --- |
| Barley, Carolyn | Lead, Instructional Designer | Morris, Jeanne | 1/22/2018 | 1/22/2018 | ACTIVE | **N/A** |
| Brown, Stephanie | Instructional Designer | Barley, Carolyn | 8/9/2021 | 8/9/2021 | ACTIVE | **N/A** |
| Godmere, Ann H | Sr. Instructional Designer | Barley, Carolyn | 4/10/2006 | 12/11/2017 | ACTIVE | **N/A** |
| Mohamed, Rehab (RUBY) | Instructional Designer | Barley, Carolyn | 4/18/2016 | 4/18/2016 | 9/2/2020 | **Performance Issues** |

7

| Orakwue, Obianuju | Sr. Instructional Designer | Barley, Carolyn | 1/7/2019 | 1/7/2019 | 2/7/2020 | **Voluntary Resignation** |
|---|---|---|---|---|---|---|
| Thompson, Ebony | Sr. Instructional Designer | Barley, Carolyn | 2/24/2020 | 2/24/2020 | 8/6/2020 | **Performance Issues** |
| Mills, Caroline T | Sr. Instructional Designer | Barley, Carolyn | 2/24/2020 | 2/24/2020 | 3/5/2021 | **Voluntary Resignation** |
| Jones, Darren S | Sr. Instructional Designer | Barley, Carolyn | 11/30/2020 | 11/30/2020 | 9/10/2021 | **Voluntary Resignation** |
| Papp, Amy B | Sr. Instructional Designer | Barley, Carolyn | 1/11/2021 | 1/11/2021 | 12/9/2021 | **Performance Issues** |
| Simms, Brian | Director, Instructional Design | Morris, Jeanne | 5/31/2022 | 5/31/2022 | 10/19/2022 | **Performance Issues** |
| Nedelkovski, Aleksandar | Sr. Instructional Designer | Barley, Carolyn | 5/17/2021 | 5/17/2021 | 10/21/2022 | **Voluntary Resignation** |

      **Additionally, Defendants provide the contact information (or last known contact information for former employees) for the following individuals:**

- **Stephanie Brown, Phone: 919-671-9452; Email: Brown.stephanief@gmail.com**

- **Ann Godmere, Phone: 202-316-7006; Email: godmereann@yahoo.com**

- **Obianuju Orakue, SHRM is not in possession of contact information.**

- **Ebony Thompson, Phone: 706-833-5208; Email: Ebony89633@gmail.com**

- **Caroline Mills, Phone: 203-213-1593; Email: carrietmills@gmail.com**

- **Darren Jones, Phone: 585-233-8915; Email: darrensjonesmba@gmail.com**

- **Amy Papp, Phone: 515-371-9382; Email: Amypapp7@gmail.com**

- **Aleksandar Nedelkovski: Phone: 832-431-7423; Email: aleknmkd@gmail.com**

      **INTERROGATORY NO. 6:** Identify each person who participated in or assisted Defendant in any way in the preparation of Defendant's responses to Plaintiff's Discovery Requests, including each such person's job title at Defendant or relationship to Defendant

and a description of the nature of that person's participation or assistance in the preparation of Defendant's responses to Plaintiff's Discovery Requests (*i.e.* the specific Discovery Requests for which the person provided assistance, whether the 10 person was a custodian of documents, gathered or provided documents, provided information, drafted or reviewed interrogatory responses, etc.).

**RESPONSE**: Objection. See General Objection Nos 1, 3, 4, 6, 7, and 8. Without waiving the objections, with the assistance of undersigned counsel, the following individuals gathered and provided information responsive to Plaintiff's First Set of Discovery Responses:

- James L. Banks, Jr., General Counsel, coordinated all the gathering of the responsive information/documentation provided by Defendant in response to Plaintiff's Discovery Requests.

- Jim Link, SHRM CHRO, coordinated HR collection of information documentation provided by Defendant in response to Plaintiff's Discovery Requests.

- Sean Roddy, SHRM CFO, provided budgeted benefits calculations provided as part of Defendant's discovery responses. Mr. Roddy is the custodian of all financial records and documents.

- Laurie McIntosh, Lead, Employee Experience, and Nicole Belyna, Manager, Talent Acquisition & Inclusion gathered and reported HR information provided by Defendant in response to Plaintiff's Discovery Requests.

- Jim Link, CHRO coordinated HR collection of information documentation provided by Defendant in response to Plaintiff's Discovery Requests. Mr. Link is the custodian of HR documents.

**INTERROGATORY NO. 7:** Describe in detail all compensation (*e.g.*, salary, including any raises; bonuses; commissions; stock units; etc.) and all benefits (e.g., medical insurance, dental insurance, vision insurance, paid time off, short- and long-term disability insurance, life insurance, education, training, and all other perquisites) that Plaintiff would have earned as a Senior Instructional Designer at SHRM between the date of Plaintiff's termination and the conclusion of this litigation had Plaintiff's employment not been terminated.

**RESPONSE**: Objection. See General Objection Nos 1, 3, 4, 5, 6, 8, and 9. Defendant further objects to this request to the extent it seeks speculative information regarding Plaintiff's claimed damages.

Without waiving these objections, Defendant states: Salary increases and bonuses are not guaranteed but are performance-based and discretionary. SHRM is a 501(c)(6) organization and does not have stock units. All employees have the option of receiving the basic benefits package at SHRM: medical insurance, dental insurance, vision insurance, open leave, short and long-term disability insurance, defined benefits retirement plan, 401(k), and educational reimbursement up to $5250/year. Each employee also receives annual compliance training (anti-harassment training, all corporate policies, etc.). Other education and training are provided as needed by the company and individual employees.

**INTERROGATORY NO. 8:** Identify and describe all of SHRM's policies and procedures related to race discrimination, retaliation, internal complaints, internal investigations, hiring, promotion, and termination that were in effect at any time during Ms. Mohamed's employment to conclusion of this litigation.

**RESPONSE**: Objection. See General Objection Nos 1, 2, 3, 4, 6, and 8. Without waiving its objection, Defendant refers Plaintiff to its policies contained in documents bates-labeled, SHRM 0001-0041.

**INTERROGATORY NO. 9:** Identify all litigation, bankruptcy proceedings, or administrative charges, other than the instant action, to which SHRM has been a party from January 1, 2010 through the conclusion of this litigation. Your answer should include the parties to the action, the identification number of the action (e.g., case or administrative charge number), the venue where the action was filed, the nature of the action, and the current status of the action.

**RESPONSE**: Objection. See General Objection Nos 1 ,2, 3, 4, 5, 6, 7, 8, and 9. Without waiving these objections, Defendant states: SHRM has been a party to the following lawsuits and administrative charges involving allegations of discrimination since January 1, 2020:

- Annette Buckmaster v. SHRM, EEOC Charge No: 555-2018-00663, Oakland, CA Office – This matter involved allegations of discrimination based on race, national origin, and retaliation. This matter was concluded without any lawsuit being filed.  SHRM denies Charging Party states any cognizable claims against it.

- Carmen Johnson v. SHRM, California Department of Fair Employment and Housing Charge No: 202110-14955604 – This matter involves allegations of disability and sex discrimination. Amended Charge filed on December 7, 2021. Still pending. SHRM denies Plaintiff states any cognizable claims against it.

- Ruffa, et al. v. SHRM, USDC for N. Dist. Ca., Oakland/SF Div., No: 4:21-cv-05549-DMR – This matter involved allegations of disability discrimination for denial of access to programs and materials under the ADA and Unruh Civil Rights Act, filed July 21, 2021. Settled. Case dismissed 6/24/2022. SHRM denies Plaintiff states any cognizable claims against it.

**INTERROGATORY NO. 9[1]:** Describe each internal complaint and/or expression of concern – whether formal or informal, oral or in writing – of discrimination or retaliation received by SHRM from any person currently or formerly employed by SHRM between January 1, 2015 and the conclusion of litigation (1) that came from an employee of SHRM's Education Department or (2) that involved the actions of Carolyn Barley, Bernée Long, Jeanne Morris, Nick Schacht, Sean Sullivan, Johnny C. Taylor, and any other person identified in response to Interrogatory No. 1. Your answer should include for each such complaint or expression of concern: the name, job title, dates of employment, and last known contact information of the individual that made the complaint of discrimination or retaliation; a description of the complaint; and the steps taken by SHRM to investigate and/or remediate the complaint.

---

[1] Plaintiff's First Set of Discovery Requests included two Interrogatory Nos. 9, therefore, in order for Defendant's response to remain consistent, Defendant has followed Plaintiff's same numerical order.

**RESPONSE**: Objection. See General Objection Nos 1, 2, 3, 4, 6, and 8. Without waiving the objections, Defendant states: none other than the complaint received by Johnny C. Taylor, Chief Executive Officer, and Sean Sullivan, Chief Human Resources Officer, by Plaintiff, which Mr. Sullivan investigated and found no discrimination or retaliation, but nonetheless recommended Plaintiff and Carolyn Barley participate in a mediation process to resolve their strained working relationship.

**INTERROGATORY NO. 10**: At any point during Plaintiff's employment with SHRM through the conclusion of this litigation, has Defendant assigned a monetary value to the benefits offered to its employees, e.g., the benefits offered are valued at a certain percentage of an employee's salary? If so, provide any such assigned value(s) for employees for the time period between January 1, 2016 and the conclusion of this litigation.

**RESPONSE**: Objection. See General Objection Nos 1, 3, 4, 5, 6, 8, and 9. Without waiving these objections, Defendant states: SHRM generally assumes that fully loaded personnel cost is base salary plus 38% of base salary for all employment benefits offered to employees if employees make all benefit elections available to them.

**INTERROGATORY NO. 11**: Identify each employee, contractor, or other individual who assumed Plaintiff's position or any material part of her duties, following her termination from employment through the present. For each individual, provide their name, dates of employment and job title, national origin, race, and whether they engaged in other protected activity during their employment with Defendant, and, if applicable, the circumstances under which they separated from employment with Defendant.

**RESPONSE**: Objection. See General Objection Nos 1, 2, 3, and 5. Without waiving these objections, Defendant states: Amy Papp (white female), Senior Instructional Designer, assumed Plaintiff's responsibilities following Plaintiff's termination of employment. Ms. Papp began her employment with SHRM on January 11, 2021. Her application was previously produced as SHRM 0051-63. See Defendant's response to Interrogatory No. 4 for information related to Ms. Papp's termination of employment.

**INTERROGATORY NO. 12**: Identify all employees of Defendant who were disciplined, up to and including termination, from January 1, 2015 through the conclusion of litigation for any reason identified in response to Interrogatory No. 1. For each individual, provide their name, race, national origin, direct supervisor at the time of the discipline, the discipline meted out and when, the reason for the discipline, whether the individual is still employed with Defendant, and, if so, their current job position at Defendant and, if not, when they separated and under what circumstances and, if applicable, whether they engaged in protected activity during their employment with Defendant.

**RESPONSE**: Objection. See General Objection Nos 1, 2, 3, 4, 5, 6, and 7. Defendant objects to this request to the extent such inquiries are unduly burdensome and oppressive, in that the burden and expense to Defendant in locating and producing such information outweighs its likely benefit. Without waiving the objections, Defendant states: its response is limited to employees terminated for poor performance from January 1, 2020 through the present:

| Employee | Position | Manager | Department Name | Termination Date |
|---|---|---|---|---|
| Christopher Joe | Assoc, Service Desk | Michael Hampton | Technology Infrastructure | 1/22/2020 |
| Karen Lee | Anlst, Collections | Glenn Andrews | Accounting Operations | 2/5/2020 |
| Tauren Dyson | Spec, Multimedia Production | Michael Frost | Advertising General | 3/31/2020 |
| Kevin Schultz | Dir, Business Intelligence | Jeaneen Andrews-Feldman | Bus Int & Mrktg Tech | 4/6/2020 |
| James Connors | Sr Spec, Certification Communication | Sara Khalatbar | Comms & Content-Communications | 4/8/2020 |
| Suzanne Goulden | Dir, Total Rewards & Analytics | Sean Sullivan | HR Department | 4/9/2020 |
| Lynell Johnson | Adv, HR Knowledge | Michelle Marrow | Knowledge Center | 4/15/2020 |
| Joshua Woodson | Spec, Social Engagement | Khalatbari, Sara | Comms & Content-Communications | 6/10/2020 |
| Towhee Veronesi-Shupka | Dir, Enterprise Sales | Salmon Yori, Diego | Chief GDO | 7/15/2020 |
| Samantha Hawa | Manager, Educational Programs | ElizabethLacey | ED Prgms General | 7/23/2020 |
| Ebony Thompson | Sr Instructional Designer | Carolyn Barley | ED Prgms General | 8/6/2020 |
| Rehab (RUBY) Mohamed | Instructional Designer | Carolyn Barley | ED Prgms General | 9/2/2020 |
| Tyra Smith | Adv, HR Knowledge | Elizabeth Peterson | Knowledge Center | 1/12/2021 |
| Jonathan Manley | Senior Specialist, Event Strategy | Abbey Dively | Event Strategy & Exp General | 8/2/2021 |
| Angela Simpson | Adv, HR Knowledge | Elizabeth Petersen | Knowledge Center | 8/5/2021 |
| Amy Papp | Sr Instructional Designer | Carolyn Barley | ED Prgms General | 12/9/2021 |
| Stacy Kidwell | Lead, Enterprise Relationship Director | Michael Aitken | Membership | 12/21/2021 |
| Ethel El-Tayef | Coord, Global | George Rivera | Chief GDO | 12/30/2021 |
| Marc Goldberg | Chief Technology Officer | Johnny Taylor Jr | Executive | 1/19/2022 |
| Gerard L Mandell | Mgr, Integration Development & Technology Testing | Ryan Adams | Technology Infrastructure | 3/25/2022 |
| Terry F. Walter | Lead, Marketing Audience Segment | Brian Clark | Marketing - General | 8/18/2022 |
| Charles Brabble | Mgr, Multimedia Production | Denise Bell | Comms & Content-Communications | 10/14/2022 |
| Brian Simms | Director, Instructional Design | Jeanne Morris | ED Prgms General | 10/19/2022 |
| Adrienna Hood | Specialist, Workplace Innovation | Guillermo Corea | Workplace Innovation Lab | 11/10/2022 |
| Matthew Capristo | Mgr, Digital Marketing | Kristina Beaty | CMEO - Mrktg & Experience Ops | 11/15/2022 |
| Haley Haldeman | Senior Accounts Manager, Mid-Size Markets | Edward Montes De Oca | Enterprise Sales - General | 12/29/2022 |
| Zoe  McKenzie | Director, Corporate Partnerships | Ashley Browne | Enterprise Sales - General | 12/29/2022 |

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Produce all Documents identified, referred to, reviewed, or otherwise used by SHRM in formulating its responses to Ms. Mohamed's Interrogatories.

**RESPONSE**: Objection. See General Objections No. 1. Without waiving these objections, Defendant states: See SHRM 0001-0711.

**REQUEST FOR PRODUCTION NO. 2**: Produce all Documents, communications, data compilations, and items in SHRM's possession, custody, or control, relevant to disputed facts alleged in SHRM's Answer.

**RESPONSE**: Objection. See General Objections No. 1, 2, 5, 6, 7, 8, and 9. Without waiving these objections, Defendant states: See SHRM 0001-0711.

**REQUEST FOR PRODUCTION NO. 3:** Produce all written communications (excluding attorney-client communications) to which the following individuals were a party (*i.e.*, communications sent by, sent to, or received by each such individual) between June 1, 2020 and the conclusion of this litigation which reference Ms. Mohamed by name or otherwise discuss Ms. Mohamed:

• Carolyn Barley;

• Jeanne Morris;

• Johnny C. Taylor, Jr.;

• Sean Sullivan;

• Michael Jackson;

• Nick Schacht;

• Bernée Long; and

• Any other individual identified in response to Interrogatory No. 1.

**RESPONSE**: Objection. See General Objections Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9. Defendant further objects to this request in that it is overly broad and not proportional to the needs of the case.  Defendant further objects in that the time period is overly broad, as it encompasses a period beyond the date of Plaintiff's termination which has no bearing on the issues in this matter. Without waiving these objections, Defendants refer Plaintiff to documents which reference Plaintiff from June 1, 2020 until her termination of employment, see SHRM 0088-0198;0445-0543; SHRM 0580-0591; **SHRM 0716; 0725; 0737-0743; 0771-0772; 0784-0790.**

**REQUEST FOR PRODUCTION NO. 4:** Produce all written communications (excluding attorney-client communications) to which Carolyn Barley was a party (*i.e.*, communications sent by, sent to, or received by Carolyn Barley) between January 1, 2020 and December 31, 2020 which reference Instructional Design teamwork assignments and/or deadlines.

**RESPONSE**: Objection. See General Objections Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9. Defendant further objects to this request in that it is overly broad and not proportional to the needs of the case.  Defendant further objects in that the time period is overly broad, as it encompasses a period beyond the date of Plaintiff's termination which has no bearing on the issues in this matter.  Defendant further objects to the broad nature of the request. Without waiving these objections, Defendant refers Plaintiff to documents to which Carolyn Barley was a party between January 1, 2020 and September 1, 2020 which

reference Plaintiff's work assignments and/or deadlines documents, see SHRM 0452-0452;0456-0458;0468-0471;0476-0480;0487-0492;0500-0525;    0531-0535;    **0712-0715;0717-0724**; **0744;0747-0767; 0773-0782; 0791-0792.**

**REQUEST FOR PRODUCTION NO. 5:** Produce the complete investigation file (including all handwritten or typed notes, emails, witness statements, memoranda, and other related documents and written communications whether in draft or final form) for all investigation(s) that SHRM claims it conducted into Ms. Mohamed's complaints, including the investigations referenced in Paragraphs 9, 11, and 125 of Defendant's Answer.

<u>**RESPONSE**</u>: Objection. See General Objections Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9. Without waiving these objections, Defendant refers Plaintiff to the investigation notes of Sean Sullivan and Michael Jackson, Employee Experience Manager, see SHRM 0536-0611; **SHRM 0793.**

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents related to the hiring, work performance and qualifications, compensation and benefits, promotions, discipline, separation from employment, and all complaints and/or expressions of concern all individuals identified in response to Interrogatories Nos. 1, 4, 5, 11, and 12.

<u>**RESPONSE**</u>: Objection.  See General Objections Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9. Defendant further objects to this request as overly broad and not proportional to the needs of the case.  Defendant further objects in that the time period is overly broad, as it encompasses a period beyond the date of Plaintiff's termination which has no bearing on the issues in this matter. Defendant further objects to the breadth of this request, which seeks documents related to employees who were not employed within the Instructional

Design team, and thus were not similarly situated to Plaintiff. Such documents are irrelevant to the present litigation and unlikely to lead to discovery of admissible evidence. Without waiving these objections, Defendant refers Plaintiff to responsive documents related to the individuals identified in Response to Interrogatory No. 4 which includes Amy Papp, Ebony Thompson, Brian Simms. SHRM 0612-0710. **Defendant also provides responsive documents for Ann Godmere, Caroline Mills, and Carolyn Barley**. **SHRM 0795-1025.**

**REQUEST FOR PRODUCTION NO. 7**: All Documents that reflect any and all training provided to the following individuals between September 1, 2015 and the conclusion of this litigation regarding prohibited discrimination on the basis of race/color and prohibited retaliation under any applicable federal, state or local laws:

- Carolyn Barley;

- Jeanne Morris;

- Johnny C. Taylor, Jr.;

- Sean Sullivan;

- Michael Jackson;

- Nick Schacht;

- Bernée Long; and

- Any other individual identified in response to Interrogatory No. 1.

<u>**RESPONSE**</u>:   Objection.   See General Objections Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9. Defendant further objects to this request as overly broad and not proportional to the needs

of the case. Defendant further objects in that the time period is overly broad, as it encompasses a period beyond the date of Plaintiff's termination which has no bearing on the issues in this matter. Without waiving these objections, Defendant refers Plaintiff to responsive documents relating to trainings between September 1, 2015 and September 1, 2020. See SHRM 0711**; SHRM 0736; SHRM 1026. After a diligent search**, **SHRM is not aware of any additional documents which are responsive to this request.**

**REQUEST FOR PRODUCTION NO. 8**: Produce all Documents not previously produced by SHRM which support the statements made by SHRM, Carolyn Barley, Jeanne Morris, Nick Schacht, Sean Sullivan, Johnny C. Taylor, Jr., and Bernée E. Long in their joint Position Statement to the Colorado Civil Rights Division dated April 21, 2021 (MOHAMED 000066-000084) and its attachments (MOHAMED 000126- 000314).

**RESPONSE**: Objection. See General Objections Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9. Defendant further objects to this request as overly broad and not proportional to the needs of the case. Without waiving these objections, Defendant states: Defendant has previously produced all exhibits submitted as part of its joint Position Statement to the Colorado Civil Rights Division as part of its First Supplemental Disclosures, see SHRM 0042-0087. Defendant further directs Plaintiff to email communications and notes by Sean Sullivan and Michael Jackson, as part of their conversations with Plaintiff during the complaint/investigation process, see SHRM 0536-0611.

**REQUEST FOR PRODUCTION NO. 9**: Produce all documents on which Defendant relied in arriving at its decision to terminate Plaintiff's employment.

**RESPONSE**: See General Objections Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9. Without waiving these objections, Defendant states: see SHRM 0087;0200-0201;0468;0487-0488; 0531-0532.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1**: Admit that Ms. Mohamed filed her charge of discrimination (MOHAMED 000087) against SHRM within three hundred days of the date of her termination from SHRM.

**RESPONSE**:  Objection.  See General Objections Nos. 2, 7, 8, and 9.  Defendant further objects to this request as Defendant is without sufficient knowledge or information as the request seeks information within the possession or control of Plaintiff and/or a third party.  Without waiving these objections on these bases, Defendant states: deny.

**Request for Admission No. 2**: Admit that Ms. Mohamed filed this lawsuit against SHRM within 90 days of April 18, 2022.

**RESPONSE**:  Objection.  See General Objections Nos. 2, 7, 8, and 9.  In addition, Defendant objects to this request because it is incomplete in that it requests Defendant admit an isolated fact without providing an appropriate context to how that fact relates to other facts.  Knowledge of the additional facts is essential to understanding Defendant's position with respect to the isolated fact at issue in this Request for Admission.  Without waiving these objections, Defendant states: admit.

Dated this 7th day of April, 2023.

**AS TO OBJECTIONS:**

s/ Kaitlin I. Spittell
Kaitlin I. Spittell, Esq.
Kendra K. Smith, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 Seventeenth Street, Suite 300
Denver, CO  80202
(303) 628-3300
spittellk@hallevans.com
smithk@hallevans.com
hoffmank@hallevans.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 7th day of April, 2023, a true and correct copy of the foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** was filed by CM/ECF and was served on the following parties as specified:

Hunter A. Swain, Esq.
SWAIN LAW, LLC
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Tel: (720) 815-5281
hunter@swainemploymentlaw.com

Ariel DeFazio, Esq.
LOWREY PARADY LEBSACK, LLC
1490 North Lafayette Street, Suite 304
Denver, CO 80218
Tel: (303) 593-2595
ariel@lowrey-parady.com

***Attorneys for Plaintiff***

s/Holly Rogers
Legal assistant

## VERIFICATION

I, Laurie McIntosh, state that I have answered the above Interrogatories the best of my information, knowledge and belief, under penalty of perjury pursuant to 28 U.S.C. § 1746.

Dated this _5_ day of _April_ 2023.


Laurie McIntosh