# Ariel DeFazio

| | |
|---|---|
| **From:** | Ariel DeFazio |
| **Sent:** | Thursday, June 20, 2024 11:44 AM |
| **To:** | Leatherman, Levy; Hunter Swain |
| **Cc:** | Darrow, Tanja; Wolfson, Julian G.G.; Davidson, Michelle |
| **Subject:** | RE: Mohamed v. SHRM - Supplemental Production and Confer |

Levy,

I hope that the summer has been treating you well thus far.

As an initial matter, your summary of much of paragraph 17 of Ms. Mills's Declaration is not accurate. Ms. Mills did not state that she was leaving SHRM *because* of how Ms. Mohamed was treated and *because* she couldn't get past what Ms. Barley did to Ms. Mohamed. Ms. Mills also does not state in her Declaration that she told Ms. Morris during that February 25 meeting that Ms. Mills decided not to be a consultant after her departure because it would have required her to keep in touch with Ms. Barley. Regardless, I do agree with you that Ms. Mills does not explicitly state in the recording that she could not get past what Ms. Barley did to Ms. Mohamed or that Ms. Mills would only stay at SHRM if Ms. Barley was fired. As a result, we are in the process of reaching back out to Ms. Mills to clarify her statement in paragraph 17 of her Declaration. If we are able to do so, then we would be amenable to providing a modified declaration in support of our MSJ response.

We are not able to respond regarding the other "false statements and contradictions" that are purportedly contained within the Declaration given that there are no specifics provided. We can only assume that your basis for that statement is contradictory statements from SHRM's own witnesses. As you know, credibility determinations are ultimately up to the jury.

It goes without saying that if SHRM has any other recordings or documents that it has not already disclosed on which it relies in concluding that Ms. Mills's Declaration includes false statements and contradictions, it must disclose those immediately. As it stands, I find SHRM's disclosure of a recording that it concedes is responsive to discovery requests nearly 10 months after the close of discovery unfathomable. Given this profoundly belated disclosure that was made without explanation, we will vehemently oppose SHRM's use of this evidence, including in the supplemental briefing that you reference in your email.

Given the complexity of the situation, we do think that a phone call is warranted. Unfortunately, both Hunter and I are out of town until the week of July 1. Please let us know your schedule that week so that we can set up a call at everyone's earliest convenience.

Thank you,

**Ariel DeFazio**
**(she/her/hers)**



Lowrey Parady Lebsack, LLC
1490 Lafayette Street, Suite 304
Denver, CO 80218

office 303.593.2595 | direct 720.239.2975 | fax 303.502.9119
web www.lowrey-parady.com
email ariel@lowrey-parady.com

**CLIENTS**: Do not forward this email, as doing so may cause it to lose its status as a privileged communication.
**CONFIDENTIALITY NOTICE:** The information contained in this e-mail is confidential, intended only for the named addressee, and may be protected by attorney-client privilege and/or as attorney work product.  If you believe you have received this e-mail in error, please notify us immediately and delete this email and any copies of the same.

---

**From:** Leatherman, Levy <LLeatherman@littler.com>
**Sent:** Thursday, June 13, 2024 4:47 PM
**To:** Hunter Swain <hunter@swainemploymentlaw.com>; Ariel DeFazio <ariel@lowrey-parady.com>
**Cc:** Darrow, Tanja <TDarrow@littler.com>; Wolfson, Julian G.G. <JWolfson@littler.com>; Davidson, Michelle <MDavidson@littler.com>
**Subject:** Mohamed v. SHRM - Supplemental Production and Confer

Hunter and Ariel:

I hope you are both well.

You'll shortly receive a share link via email with additional production, producing SHRM 1324, which is an audio recording of Carrie Mills' exit interview with Jeanne Morris.  Based on our evaluation of the recording, Mills appears to have lied under oath by making statements in her Declaration which are demonstrably false. For example, in her Declaration, Mills claims that she told Morris during this meeting that she was leaving SHRM because of how Plaintiff was treated and because she couldn't get past what Carolyn did to Plaintiff.  Likewise, the Declaration states that Mills told Morris that she would only come back to SHRM if Carolyn Barley was fired and that she decided not to be a consultant after her departure because it would have required her to keep in touch with Carolyn.  As you will hear in the recording, *see* SHRM 1324, Mills never made these statements to Morris during her exit interview. Note these are not the only examples of false statements and contradictions.

Not only does this call Mills' credibility into serious question, but it could implicate FRCP 11 and/or Colorado RPC 3.3 if the issue is not remedied. *See Vreeland v. Huss*, No. 118CV00303PABSKC, 2020 WL 1511845, at *2 (D. Colo. Mar. 29, 2020) (explaining that sanctions can be imposed under Rule 11 for continuing to advocate for a position after learning "that is ceases to have merit or is no longer tenable");  *Littler v. Martinez,* No. 2:16-cv-472-JMS-DLP, 2020 WL 42776, at *27–33 (S.D. Ind. Jan. 3, 2020) ("It is [the attorney's] obligation [to] ensure that she has reasonably investigated the factual contentions presented to the Court, and after such investigation reveals she has made a false assertion of fact, it is her obligation to fully and frankly correct these false assertions *before* the Court points them out.") (emphasis in original); *In re* Fisher, 202 P.3d 1186 (Colo. 2009) ("Colo. RPC 3.3[] disallows an attorney from offering evidence 'the lawyer knows to be false.'"); Colo. RPC 3.3(a)(3) ("If a lawyer . . . has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures . . ."). As these cases demonstrate, both FRCP 11 and RPC 3.3 contemplate that a party who has provided false information to the Court must take action to remedy it.

To be clear, we are not asserting that either of you had anything to do with Mills providing false statements, or that you were aware that those statements were false. But the rules cited above require affirmative steps to remedy this issue now that you are aware. Here, we don't believe that anything short of withdrawing the Mills Declaration would suffice. To the extent that you refuse to do so, we intend on submitting supplemental briefing to the Court regarding our Motion to Strike and otherwise alerting the Court of the falsehoods contained in the Declaration. Additionally, we'll consider other relief as necessary.

Please let us know Plaintiff's position and whether you would like to schedule a call to discuss these issues.

Thanks,

**Levy Leatherman**
Of Counsel
303.362.2824 direct, 720.357.0868 mobile
LLeatherman@littler.com



Labor & Employment Law Solutions | Local Everywhere
1900 Sixteenth Street, Suite 800, Denver, CO 80202-5835

-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.