IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.1:22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Defendant Society for Human Resource Management ("SHRM" or "Defendant"), by and through its attorneys, submits the following Response to Plaintiff's Motion *in Limine* (Dkt. No. 120).

**I.    INTRODUCTION**

Plaintiff Rehab Mohamed's ("Ms. Mohamed" or "Plaintiff") Motion *in Limine* to exclude Exhibit 115 is based on a fundamentally misleading narrative. Plaintiff contends that SHRM's disclosure of an audio recording between Vice President of Educational Programs Jeanne Morris and former Instructional Designer Carrie Mills was untimely and prejudicial. The record, however, tells a different story.

Plaintiff has been aware of the recording since June 13, 2024, when SHRM produced it in response to her discovery requests and identified it as responsive. Her motion even concedes this fact. What Plaintiff now characterizes as "new" or "late" evidence has, in reality, been in her possession for over a year and a half prior to trial.

1

Case No. 1:22-cv-01625-GPG-KAS   Document 122   filed 10/22/25   USDC Colorado
pg 2 of 10

Plaintiff's effort to exclude Exhibit 115 is not grounded in surprise or prejudice. Rather, it reflects a strategic attempt to bar evidence that contradicts portions of Ms. Mills' testimony and undermines her credibility. The Federal Rules do not reward such gamesmanship. Because SHRM timely supplemented its disclosures and Plaintiff has suffered no prejudice, the Court should deny the motion.

## II.     PROCEDURAL HISTORY

Plaintiff sued her former employer, SHRM, alleging that it violated 42 U.S.C. § 1981 when it terminated her employment in 2022 because of her race and in retaliation for engaging in protected activity. In response, SHRM contends that it terminated Plaintiff's employment due to her poor performance on two key projects.

On September 11, 2023, discovery closed. (Dkt. No. 48). On September 23, 2022, Ms. Mohamed disclosed Ms. Mills as a potential witness on her initial disclosures as having information about "Plaintiff's job duties, work projects, job performance, and the performance of her peers." (Dkt. No. 75 at 1). Defendant obtained new counsel in October 2023. (Dkt. No. 66).

On June 13, 2024, SHRM's new counsel, notified Ms. Mohamed's counsel that SHRM would be producing an audio recording of a conversation between Ms. Mills and Ms. Morris that had taken place around February 2021. **Exhibit A**. SHRM identified the recording as responsive to RFP 6 in its Third Supplemental Discovery Responses, and promptly produced the recording and a summary of its use and relevance. **Exhibit B**. Plaintiff did not object to the recording, until she filed her Motion *in Limine* on October 20, 2025. (Dkt. No. 120).

2

4905-8850-5460

### III. LEGAL STANDARD

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quotation omitted). "A creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence, the motion *in limine* gives the court the opportunity to take up before trial those certain and limited evidentiary issues in order to minimize interruptions at trial." *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179 (D. Kan. 1997). The decision of whether and how to rule on a motion *in limine* lies within the district court's discretion. *Jones*, 59 F.3d at 146.

The moving party "has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, No. 17-cv-01595-CMA-NRN, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000)). Denial of a motion *in limine*, however, does not mean that all of the evidence contemplated by the motion will automatically be admitted at trial. *Id.* Rather, the Court "may alter its limine ruling based on developments at trial or on its own sound judicial discretion." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

IV.     **ARGUMENT**

    A.     **SHRM'S Disclosure of Exhibit 115 was Timely.**

"Federal Rule of Civil Procedure 26(e)(1)(A) imposes an ongoing duty on parties to supplement or correct their disclosures and discovery responses in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" *Well Master Corp. v. Flowco Prod. Sols., LLC*, No. 21-CV-02145-CMA-KAS, 2025 WL 894337, at *4 (D. Colo. Mar. 24, 2025) (internal citations and quotations omitted).

Here, however, SHRM has not violated Rule 26(e) as it disclosed Exhibit 115 shortly after learning of its existence. *See Fair Isaac Corp. v. Fed. Ins. Co.*, 337 F.R.D. 413, 418–19 (D. Minn. 2021) ("The duty to supplement also requires that the supplementation be made in 'timely' fashion. In the context of the rule, however, timeliness is not measured by a particular date or event; rather, timeliness means without undue delay upon discovering the information that is to be provided."). The mere fact that SHRM's disclosure of Exhibit 115 did not occur until after the discovery cutoff has passed does mean that such disclosure was untimely, particularly whereas here, SHRM "produced the information promptly after learning of it." *Rios v. Texas Christian Univ.*, 348 F.R.D. 606, 609 (N.D. Tex. 2025).

B. **SHRM's Failure to Disclose Was Substantially Justified or Harmless.**[1]

Even if the Court finds that SHRM's disclosure of Exhibit 115 was untimely, imposing penalties under Rule 37 would not be appropriate under these circumstances.

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Tenth Circuit considers four factors in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Id.*

Here, each of the *Woodworker's* factors support a finding that SHRM's failure to disclose was either substantially justified or harmless thereby obviating the need to impose the drastic exclusionary sanctions requested by Plaintiff. *See Johnson Electric North America Inc. v. Mabuchi Motor America Corp.,* 77 F.Supp.2d 446, 458

---

[1] Even assuming, *arguendo*, that SHRM's disclosure of Exhibit 115 was not timely, a motion *in limine* is not the proper mechanism to challenge this allegedly belated disclosure. *See Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094 (C.D. Cal. 2012) (explaining that a motion *in limine* is not to be used "as a substitute for motions to compel discovery or for discovery sanctions that should have been brought earlier"); *McCon v. Perez*, Cause No. 1:17cv77-LG-RHW, 2018 WL 4006971, *1 (S.D. Miss. Aug. 20, 2018) (denying a motion *in limine* seeking Rule 37(c) relief).

(S.D.N.Y.1999) (recognizing that preclusion of evidence not disclosed in discovery is a drastic remedy that should only be applied "where the failure to disclose represents a flagrant bad faith and callous disregard of the rules") *cited with approval in Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-CV-01511-WYD-BNB, 2014 WL 3512851, at *7 (D. Colo. July 14, 2014).

### 1. Plaintiff cannot claim surprise or prejudice because she has known about the recording for over a year.

The first factor—prejudice or surprise—weighs decidedly in SHRM's favor. SHRM produced Exhibit 115 and provided a summary of its contents to Plaintiff on June 13, 2024—over a year ago. *See Walker v. Spina*, No. CV 17-0991 JB\SCY, 2019 WL 145626, at *10 (D.N.M. Jan. 9, 2019) (collecting cases) ("When a party has time to respond to the information in an untimely disclosure or expert report, or when the party already knew of the information, the Court is less likely to conclude that the party has been prejudiced, that the prejudice is incurable, or that the trial will be disrupted."). Plaintiff had more than sufficient time to pursue any procedural remedies, including filing a motion for Rule 37, but chose not to do so until less than a month before trial. *See Cricut, Inc. v. Enough for Everyone, Inc.*, No. 2:21-CV-00601-TS-DAO, 2025 WL 1918721, at *4 (D. Utah July 11, 2025) ("As to the first factor, the Court finds that there is no prejudice or surprise to Plaintiff. Plaintiff learned about this more than two years ago at which point it could have filed a motion under Rule 37 or moved to re-open discovery based on the untimely disclosure."). Indeed, Plaintiff could have sought to reopen discovery for the purpose of re-deposing Ms. Morris or could have amended Ms. Mills' declaration as she signaled she would, but inexcusably failed to do so. *Continental Indus., Inc. v. Integrated Logistics*

6

4905-8850-5460

*Sols., LLC,* 211 F.R.D. 442, 444 (N.D.Okla. 2002) (holding that a failure to pursue discovery remedies in a timely manner may result in a waiver of discovery violations); *cf. Butler v. Benson,* 193 F.R.D. 664, 666 (D.Colo.2000) (explaining that a party cannot ignore available discovery remedies and then move to compel on the eve of trial).

### 2. Any alleged prejudice was curable through reasonable and available procedural remedies.

The second factor—ability to cure the prejudice—also weighs heavily in favor of a finding that SHRM's failure to disclose was substantially justifiable or harmless. Plaintiff's assertion that she has "no ability to cure" the alleged prejudice is unfounded and mischaracterizes both the procedural history and the remedies available under the federal rules. While it is true that Plaintiff cannot continue the deposition of Ms. Morris or conduct a deposition of Ms. Mills with less than a month before trial, Plaintiff's inability to do so stems from solely from her inexcusable neglect to bring this issue before the Court at an earlier date. Because Plaintiff's inability to cure any prejudice that may result from SHRM's belated disclosure of Exhibit 115 was entirely self-inflicted, it should not be taken into consideration by the Court. *Cf. Castro v. KFC Corp.*, No. 6:19-CV-1898-WWB-LRH, 2021 WL 4264865, at *1 (M.D. Fla. Aug. 30, 2021) ("This Court will not allow a party to seek the wholesale exclusion of a witness when much of the prejudice has been self-inflicted by failing to timely seek the assistance of the Court.").

### 3. Plaintiff concedes that introducing Exhibit 115 will not disrupt trial, further confirming that should not be excluded.

The third factor—disruption at trial—clearly supports the admission of Exhibit 115. Plaintiff herself concedes in her Motion that she "does not anticipate that the introduction

7

4905-8850-5460

of Exhibit 115 will disrupt trial." (Dkt. 120) at p. 4. Moreover, SHRM provided a detailed summary of the recording's contents upon disclosure, giving Plaintiff ample notice of its relevance and intended use. *See Cricut*, 2025 WL 1918721, at *4 ("Plaintiff had the ability to raise its objection for the past two years, it cannot now argue that introduction of this evidence and testimony will disrupt the trial by holding the objection until the eve of trial."). There is no indication that the exhibit will require additional witnesses, delay proceedings, or introduce new issues that would complicate trial management. As such, this factor weighs strongly in favor of a finding that the disclosure was substantially justified or harmless under Rule 37(c)(1).

### 4. Plaintiff has offered no evidence that SHRM acted in bad faith or willfully withheld Exhibit 115.

The fourth factor—bad faith or willfulness—also weighs in favor of allowing Exhibit 115. Defendants did not act in a dilatory manner but simply were unable to produce the information at the time. While Plaintiff alleges that "the circumstances tend to show 'a neglect or refusal to fulfill some duty['] . . . which is indicative of bad faith." Plaintiff presents no evidence that SHRM willfully failed to disclose the recording. *See Vanderlaan v. Ameriprise Auto & Home Ins.*, 20-CV-00191, 2021 WL 4441518, at *8 (D. Colo. Sept. 28, 2021) (determining bad faith requires more than just a party's failure to satisfy disclosure requirements alone). Therefore, this factor also weighs in favor finding that the disclosure was substantially justified or harmless.

8

## V. CONCLUSION

In light of the foregoing arguments, SHRM respectfully requests that the Court the Court deny Plaintiff's Motion *in limine* in its entirety.

Dated October 22, 2025.

<u>*s/ Virginia L. Woodfork*</u>
Virginia L. Woodfork
Julian G.G. Wolfson
Nicholas Hankins
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.362.2824
Facsimile:  303.629.0200
Email: vwoodfork@littler.com
       jwolfson@littler.com
       nhankins@littler.com


Tanja Darrow
LITTLER MENDELSON, P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile:   213.443.4299
Email: tdarrow@littler.com

*Attorneys for Defendant*

9

4905-8850-5460

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2025, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE** was filed by CM/ECF and was served on the following parties:

Ariel Beryl DeFazio
Lowrey Parady Lebsack LLC
1490 Lafayette Street, Suite 304
Denver, CO 80218
Tel: 303-593-2595
ariel@lowrey-parady.com

Hunter Anthony Swain
Swain Law LLC
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Tel: 720-815-5281
hunter@swainemploymentlaw.com

*Attorneys for Plaintiff*

Robert Allen Lees
Robert A. Lees & Associates
5655 South Yosemite Street, Suite 350
Greenwood Village, CO 80111
Tel: 303-292-1020
ral@robertalees.com

*Attorney for Interested Party*

                                          *s/ Laura L. Custer*
                                          Laura L. Custer, Legal Assistant

4905-8850-5460