# EXHIBIT A TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

## *Rehab Mohamed v. Society for Human Resource Management*

## Case No.: 1:22-cv-01625-GPG-KAS

| | |
|---|---|
| **From:** | Leatherman, Levy |
| **To:** | Hunter Swain; Ariel DeFazio |
| **Cc:** | Darrow, Tanja; Wolfson, Julian G.G.; Davidson, Michelle |
| **Subject:** | Mohamed v. SHRM - Supplemental Production and Confer |
| **Date:** | Thursday, June 13, 2024 4:46:32 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | Defendant"s Third Supplemental Discovery Responses.pdf |

Hunter and Ariel:

I hope you are both well.

You'll shortly receive a share link via email with additional production, producing SHRM 1324, which is an audio recording of Carrie Mills' exit interview with Jeanne Morris. Based on our evaluation of the recording, Mills appears to have lied under oath by making statements in her Declaration which are demonstrably false. For example, in her Declaration, Mills claims that she told Morris during this meeting that she was leaving SHRM because of how Plaintiff was treated and because she couldn't get past what Carolyn did to Plaintiff. Likewise, the Declaration states that Mills told Morris that she would only come back to SHRM if Carolyn Barley was fired and that she decided not to be a consultant after her departure because it would have required her to keep in touch with Carolyn. As you will hear in the recording, *see* SHRM 1324, Mills never made these statements to Morris during her exit interview. Note these are not the only examples of false statements and contradictions.

Not only does this call Mills' credibility into serious question, but it could implicate FRCP 11 and/or Colorado RPC 3.3 if the issue is not remedied. *See Vreeland v. Huss*, No. 118CV00303PABSKC, 2020 WL 1511845, at *2 (D. Colo. Mar. 29, 2020) (explaining that sanctions can be imposed under Rule 11 for continuing to advocate for a position after learning "that is ceases to have merit or is no longer tenable"); *Littler v. Martinez,* No. 2:16-cv-472-JMS-DLP, 2020 WL 42776, at *27–33 (S.D. Ind. Jan. 3, 2020) ("It is [the attorney's] obligation [to] ensure that she has reasonably investigated the factual contentions presented to the Court, and after such investigation reveals she has made a false assertion of fact, it is her obligation to fully and frankly correct these false assertions *before* the Court points them out.") (emphasis in original); *In re* Fisher, 202 P.3d 1186 (Colo. 2009) ("Colo. RPC 3.3[] disallows an attorney from offering evidence 'the lawyer knows to be false.'"); Colo. RPC 3.3(a)(3) ("If a lawyer . . . has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures . . ."). As these cases demonstrate, both FRCP 11 and RPC 3.3 contemplate that a party who has provided false information to the Court must take action to remedy it.

To be clear, we are not asserting that either of you had anything to do with Mills providing false statements, or that you were aware that those statements were false. But the rules cited above require affirmative steps to remedy this issue now that you are aware. Here, we don't believe that anything short of withdrawing the Mills Declaration would suffice. To the extent that you refuse to do so, we intend on submitting supplemental briefing to the Court regarding our Motion to Strike and otherwise alerting the Court of the falsehoods contained in the Declaration. Additionally, we'll consider other relief as necessary.

Please let us know Plaintiff's position and whether you would like to schedule a call to discuss these issues.

Thanks,

**Levy Leatherman**
Of Counsel
303.362.2824 direct, 720.357.0868 mobile
LLeatherman@littler.com



Labor & Employment Law Solutions | Local Everywhere
1900 Sixteenth Street, Suite 800, Denver, CO 80202-5835