IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion In Limine (Motion) (D. 120). Plaintiff Rehab Mohamed asks the Court to exclude the recording of an exit interview with her former coworker Carrie Mills (the Recording) (*id.*). For the reasons set forth below, the Court DENIES the Motion.

This is a messy employment discrimination case. The Parties agree that Defendant Society for Human Resources Management first disclosed the Recording on June 13, 2024, months after the close of discovery in this case.

Mills' exit interview that the Recording relates to has previously been addressed tangentially in this case in relation to a motion to strike her declaration and a response to summary judgment to which the declaration was attached. In relation to the motion to strike, the Court stated:

> At the end of August 2023, Mohamed's counsel contacted Mills for the first time (D. 75 at 13). On September 11, 2023, discovery closed. On that date, Mohamed supplemented her initial disclosures to identify those among her previously disclosed potential witnesses that have information regarding

1

"Plaintiff's protected activity during her employment and Defendant's response to the same, including retaliatory treatment of Plaintiff;" "Defendant's pattern of race and color discrimination and retaliation against other employees;" and "Plaintiff's economic and/or non-economic damages" (D. 75-2 at 4–7). Mohamed identified Mills in each of these categories. Mohamed also disclosed the "Declaration of Carrie Mills, signed September 8, 2023" as a document she would use to support her claim and produced a copy (*id*. at 8).

On October 18, 2023, Defendant's prior attorneys were terminated as counsel of record (D. 65) and new counsel entered their appearance shortly thereafter (D. 66).

In January 2024, Mohamed attached the previously disclosed declaration as an exhibit to her response to the motion for summary judgment (D. 73-1 at 74–80).

Defendant asserts that Mohamed violated Federal Rules of Civil Procedure 26(a) and 26(e) through her initial and supplemental disclosures and Rule 26(g)(3) by failing to make a proper inquiry before making her initial disclosures (D. 75 at 4, 12). Defendant asserts that the initial disclosures were inadequate because Mills is listed with forty-one other individuals with knowledge about her work (i.e. Defendant's employees) and that the supplemental disclosures were untimely (*id*. at 4–11). These arguments are not well taken. There is nothing in the Motion or the record to suggest that Mohamed knew Mills had further information than was listed on the initial disclosures, and disclosing Mills with other coworkers is consistent with Mohamed's obligations in the context of an employment discrimination case. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) ("each individual likely to have discoverable information--along with the subjects of that information"). Thus, the initial disclosures were not materially incomplete. Likewise, Mohamed's supplemental disclosure was not untimely given that they were made shortly after Mills was first contacted and Mills was already listed as a witness. The cases that Defendant cites in support of its argument are not analogous. They involve disclosures of hundreds of names with generic descriptions of information or the disclosure of new witnesses shortly before the close of discovery. *See, e.g., Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) ("Sender disclosed the names of 196 investors and 126 brokers"); *First W. Cap. Mgmt. Co. v. Malamed*, No. 16-CV-01961-WJM-MJW, 2017 WL 6628108, at *2 (D. Colo. Oct. 2, 2017) (new witness disclosed two days before the close of discovery).

Even if Defendant could show a violation of Rule 26, the Court would find it harmless. Fed. R. Civ. P. 37(c)(1); *Sender*, 225 F.R.D. at 656 ("Failure to

> comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." (internal quotations omitted)). Mills is Defendant's former employee and, according to her uncontested declaration, told Defendant in no uncertain terms what she thought about issues relevant to the case. Defendant's (prior) counsel's failure to uncover (or disclose) this may put Defendant's (new) counsel in a tight spot. The Court is sympathetic. But this is not harm as prejudicial injustice or unfairness as contemplated by the Rule. *Id*. ("prejudice or surprise to the party against whom the testimony is offered" (internal quotations omitted)); *Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC*, 501 F. Supp. 3d 886, 896 (E.D. Cal. 2020) (holding a violation harmless where "Clear was aware of the additional facts Comcast seeks to use"). Defendant itself cannot credibly claim surprise. Likewise, in these circumstances, Defendant's assertion that it was Mohamed's counsel that failed to conduct a sufficient Rule 26(g)(3) investigation before making her initial disclosures is absurd.
>
> The Court denies the Motion and will also deny Defendant's requested alternative relief. To the extent that Defendant is presented with difficulties due to Mohamed contacting Mills late in the discovery process, these difficulties are of Defendant's own making. *See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) ("Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."). As Mohamed argues, Defendant "has known about the depth and breadth of Ms. Mills's knowledge for years and had ample opportunity to obtain her testimony through discovery but chose not to do so" (D. 79 at 2).

(D. 82 at 2–5) (footnotes omitted).

In relation to Defendant's Motion for Summary Judgment, the Court explained:

> Mohamed's teammate Mills stated in a declaration that Mohamed's two projects were assigned one each to her and the other their other white teammate, Godmere (D. 84-1 at 78). For the project given to Mills, Mills declares that Barley told her that she was not sure how complete it was and gave her no completion date (*id*.). Mills asserts she completed it within a week (*id*. at 79). Mills also declared that "[n]ot once during my employment with [Defendant] did I *ever* meet the target completion deadline for a major project [and] was never disciplined or coached for missing a deadline" (*id*. at 78). She stated that she found Barley's focus on deadlines with respect to Mohamed "quite odd given that neither me nor Ann Godmere were held to the same standard" (*id*.).

3

(D. 89 at 5) (footnote omitted).

> Mohamed presents evidence under which the use of facially neutral deadlines could plausibly be viewed as discriminatory in context because her non-white colleagues were not treated in the same way. *See Carpenter*, 456 F.3d at 1186 (addressing discrimination where "supervisors are exercising their discretion (intentionally or subconsciously)"). Indeed, she presents evidence that her colleagues Thompson and Mills, who were aware of the context, viewed Barley's alleged different management style for whites and non-whites as discriminatory, including with respect to deadlines.

(D. 89 at 10).

Thus, Plaintiff first contacted and disclosed Mills very late in the discovery process and her potential testimony. Defendant claimed it was surprised and sought to exclude her declaration. Plaintiff opposed.

A few months later, while the motions were pending in 2024, Defendant disclosed the Recording, which it asserted was inconsistent with her declaration (D. 122-1 at 2). Plaintiff apparently did nothing. The Court ruled on the motions to strike and for summary judgment in 2025. Plaintiff now seeks to exclude a recording that may contradict the declaration.

Motions *in limine* enable the court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Michael v. Rocky Mountain Festivals, Inc.*, No. 1:16-CV-02969-SKC, 2019 WL 10011881, at *1 (D. Colo. July 19, 2019) (citation omitted). However, such rulings are often better left until trial when the Court can assess the question and evidence presented. *Vanderheyden v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-03182-CMA-MEH, 2022 WL 4131439, at *2 (D. Colo. Sept. 12, 2022). The movant has the burden of establishing that the "evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain*

4

*Specialty Ins. Co.*, No. 17-CV-01595-CMA-NRN, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (citation omitted); *see also Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard [of clearly inadmissible], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Plaintiff seeks exclusion under Federal Rule of Civil Procedure 37. Rule 37(c)(1) provides in relevant part that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A failure to disclose is "substantially justified" when "the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance." *Poitra v. Sch. Dist. No. 1*, 311 F.R.D. 659, 668 (D. Colo. 2015). The Court may consider several factors to determine if a delayed disclosure was harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The Court finds that there is a reasonable basis in law and fact for the late disclosure of the recording. It was supplementary and related to something disclosed by Plaintiff on the last day of discovery. Any substantive investigation of such a disclosure would necessarily occur after the close of discovery. There is no indication that Defendant delayed disclosing the recording "in a timely manner" after discovering it. Fed. R. Civ. P. 26(e)(1)(A). Even if the disclosure was

5

untimely, the Court would find it harmless for essentially the same reasons stated in relation to the motion to strike. Plaintiff has had ample time to investigate the recording, including by seeking leave based on the disclosure after the close of discovery. There is, in particular, nothing indicating Plaintiff is unable to ask Mills about the recording even without leave of the Court.

Accordingly, it is ORDERED that Plaintiff's Motion In Limine (D. 120) is DENIED.

DATED November 4, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge