IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

**INTRODUCTORY JURY INSTRUCTIONS**

2

**Instruction No. 1**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the "plaintiff." In this action, the plaintiff is Rehab "Ruby" Mohamed. The party being sued is called the "defendant." In this case, the defendant is the Society for Human Resource Management, also called SHRM.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. During the trial you should keep an open mind and

should not form or express any opinion about the case until you have heard all of the testimony and evidence, my instructions to you on the law, and the lawyers' closing arguments.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments about the trial.

From time to time during the trial, I may make rulings on objections or motions made by the parties. It is a party's duty to object when the other side offers testimony or other evidence that the party believes is not admissible. You should not hold it against a party that the party has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The parties are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the parties out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**Instruction No. 2—Order of Trial**

The case will proceed as follows:

First, each side may make an opening statement. What is said in opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of her claims and the defendant may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses in order to defend against the plaintiff's claims. If the defendant introduces evidence in defense of any of plaintiff's claims, the plaintiff may then present rebuttal evidence.

After the evidence is presented, I will instruct you on the law that you are to apply in reaching your verdict.

Finally, the parties will make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence. You will then decide the case.

**Instruction No. 3—Evidence in the Case**

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

Statements and arguments of counsel, as opposed to sworn testimony, are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the parties stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

Just to be clear, the following things are not evidence: statements and arguments of counsel, questions asked of witnesses and objections to such questions, testimony that I instruct you to disregard, and anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you

find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

    At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**Instruction No. 4—Direct and Circumstantial Evidence**

There are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness or ear witness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Instruction No. 5—Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Instruction No. 6—Burden of Proof**

The plaintiff has the burden of proving her claims by a preponderance of the evidence. If the plaintiff fails to establish any essential element of her claims by a preponderance of the evidence, you should find for the defendant on that claim. Likewise, the defendant has the burden of proving any affirmative defenses by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

"Burden of proof" means the obligation a party has to prove its claims by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you. If a party fails to meet its burden of proof as to any claim or defense, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

**Instruction No. 7—Notetaking Permitted**

Before concluding these opening instructions, there are some instructions which I should give concerning the way that you must, as jurors, conduct yourself during the course of the trial. During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

A word of caution is in order. You must not allow your notetaking to distract you from the proceedings. Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**Instruction No. 8—Questions by Jurors Prohibited**

I do not permit jurors to ask questions of witnesses or of the parties.  If you are unable to hear a witness or a party, please raise your hand immediately and I will see that this is corrected.

12

**Instruction No. 9—Statement of the Case**

Plaintiff Rehab "Ruby" Mohamed was employed by Defendant SHRM from April 18, 2016 until her termination on September 1, 2020. Ms. Mohamed claims that SHRM discriminated against her on the basis of her race, and retaliated against her for complaining about race discrimination and retaliation, when SHRM terminated her employment.

SHRM denies these allegations and contends that Ms. Mohamed's employment was terminated due to her failure to perform her job satisfactorily.