### INSTRUCTION NO. ___1___

Now that you have heard the evidence, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.



**INSTRUCTION NO. ___2___**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

INSTRUCTION NO. ____3____

**EQUALITY UNDER THE LAW**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations are entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals. You should not be influenced by who the parties are, or who the witnesses are, i.e., whether they are rich or poor, young or old, well-educated or not. The nature of a corporation's business does not alter the preponderance of the evidence burden discussed later.

You also should be aware of the natural human tendency to look at others, and to filter what they have to say, through the lens of our own personal experience and background. Because we all do this, we often see life – and evaluate evidence – in a way that tends to favor people who are like ourselves or who have had life experiences like our own. In deciding this case, I urge you to be aware of this natural human tendency to stereotype other people and to make assumptions about them based on the stereotypes, and I urge you to avoid such stereotyping.

**INSTRUCTION NO.     4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**INSTRUCTION NO. ___5___**

**INFERENCES**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

INSTRUCTION NO. ___6___

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

Ms. Mohamed has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If she should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for SHRM as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

INSTRUCTION NO. ___7___

STIPULATED FACTS

The parties have stipulated to certain facts. This agreement makes the presentation of any evidence to prove this fact unnecessary. The agreement means that you must accept this fact as true.

In this case, the parties have stipulated to the following facts:

1. SHRM hired Ms. Mohamed as an e-Learning Specialist on April 18, 2016.

2. Ms. Mohamed was born in Egypt.

3. SHRM is a human resources ("HR") membership association providing education, certification, and networking opportunities to its members.

4. In July 2018, Ms. Mohamed's position changed from e-Learning Specialist to Instructional Designer.

5. On January 29, 2020, SHRM notified Ms. Mohamed that she received a promotion to Senior Instructional Designer. The promotion was effective February 10, 2020 and included a salary increase.

6. When Ms. Mohamed was first promoted, she reported initially to Jeanne Morris, Vice President of Education. By May 2020, Ms. Mohamed began reporting to Carolyn Barley, Manager Instructional Design.

7. Ms. Barley oversaw Ms. Mohamed as well as three other Senior Instructional Designers: Ann Godmere (white), Carrie Mills (white), and Ebony Thompson (Black).

8. On September 1, 2020, SHRM notified Ms. Mohamed that it was terminating her employment the next day.

**INSTRUCTION NO.      8     **

**USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

INSTRUCTION NO. ___9___

## WITNESS CREDIBILITY

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including: the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify. The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

You may, in short, accept or reject the testimony of any witness in whole or in part. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission

is "knowingly" done if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## INSTRUCTION NO. ___10___

### NO REQUIREMENT TO PRODUCE ALL WITNESSES OR EXHIBITS

The law does not require any party to call as witnesses every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. ___11___**

**42 U.S.C. § 1981 – STATUTE INVOLVED**

In this case, Ms. Mohamed brings claims of race discrimination and retaliation under a federal civil rights law called Section 1981 of the Civil Rights Act, also known as "Section 1981." The purpose of Section 1981 is to protect the rights of individuals to be free from workplace discrimination and related retaliation.

**INSTRUCTION NO. ____12____**

### SECTION 1981 DISCRIMINATION – NATURE OF THE CLAIM

Plaintiff Ms. Mohamed has alleged a claim under Section 1981 prohibiting employers from discriminating against employees in the terms and conditions of their employment because of the employees' race.

Specifically, Ms. Mohamed claims that she was discharged from employment by SHRM because of her race.

SHRM denies that defendant discriminated against Ms. Mohamed in any way and further asserts that the decision to discharge Ms. Mohamed's employment was based on legitimate, non-discriminatory reasons without regard to Ms. Mohamed's race, including SHRM's evaluation of her performance.

INSTRUCTION NO. \_\_\_\_13\_\_\_\_

### 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE

Ms. Mohamed claims that Defendant's termination of her constitutes race discrimination.

In order for Ms. Mohamed to establish her claim for race discrimination under Section 1981, she must prove the following by a preponderance of the evidence:

1. SHRM terminated Ms. Mohamed; and

2. SHRM would not have terminated Ms. Mohamed but for her race.

Regarding the second element, race must be a "but-for" cause of Ms. Mohamed's termination. SHRM may be held liable for race discrimination if other factors contributed to its decision to terminate Ms. Mohamed, as long as Ms. Mohamed can show that her race was the factor that made a difference. Ms. Mohamed's race does not need to be the sole or primary cause of Defendant's decision to terminate her.

SHRM does not dispute that it terminated Ms. Mohamed. As a result, Ms. Mohamed only needs to prove the second element, i.e., that SHRM would not have terminated her but for her race. If you find that Ms. Mohamed has failed to prove the second element by a preponderance of the evidence, then you must find against her on her discrimination claim and in favor of SHRM. If, on the other hand, you find that Ms. Mohamed has proved the second element by a preponderance of the evidence, then you must find in her favor and against SHRM.

INSTRUCTION NO.     14

**42 U.S.C. § 1981 – RETALIATION GENERALLY**

Ms. Mohamed's claim for retaliation is also brought under Section 1981. The anti-retaliation protection in Section 1981 provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices.

INSTRUCTION NO. ___15___

42 U.S.C. § 1981 – ELEMENTS OF RETALIATION

Ms. Mohamed claims that SHRM's termination of her amounts to retaliation. In order for Ms. Mohamed to establish her claim for retaliation under Section 1981, she must prove the following by a preponderance of the evidence:

1. Ms. Mohamed complained about what she reasonably believed was race discrimination and/or retaliation;

2. SHRM terminated Ms. Mohamed; and

3. SHRM would not have terminated Ms. Mohamed but for Ms. Mohamed's complaints of discrimination and/or retaliation.

SHRM does not dispute that it terminated Ms. Mohamed. As a result, Ms. Mohamed only needs to prove the first and third elements.

Regarding the third element, retaliation or retaliatory motive must be a "but-for" cause of Ms. Mohamed's termination. SHRM may be held liable for retaliation if other factors contributed to its decision to terminate Ms. Mohamed, as long as Ms. Mohamed can show that her complaints of discrimination and/or retaliation were the factor that made a difference. Ms. Mohamed's complaints of discrimination and/or retaliation do not need to be the sole or primary cause of SHRM's decision to terminate her.

If you find that Ms. Mohamed has failed to prove the first and third elements by a preponderance of the evidence, then you must find against her on her retaliation claim and in favor of SHRM. If, on the other hand, you find that Ms. Mohamed has proved the first and third elements by a preponderance of the evidence, then you must find in her favor and against SHRM.

INSTRUCTION NO. ___16___

**SIMILARLY SITUATED – DEFINED**

You may, but are not required to, infer that SHRM discriminated or retaliated against Ms. Mohamed if there is evidence that SHRM treated Ms. Mohamed differently from other "similarly situated" employees that are not of her race or did not engage in protected activity. Evidence to consider in determining whether the employees Ms. Mohamed compares herself with are "similarly situated" include reporting to the same supervisor, holding similar positions, having similar experience, having similar responsibilities, being held to the same standards, and running afoul of those standards to at least the same degree.

**INSTRUCTION NO. ___17___**

**BUSINESS JUDGMENT**

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race and not retaliate against them because they engaged in protected activity.

SHRM may terminate an employee, including Ms. Mohamed, for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of SHRM even though you personally may not approve of the action taken and would have acted differently under the circumstances.

## INSTRUCTION NO.    18

### PRETEXT

Ms. Mohamed claims that SHRM's stated reasons for its termination of Ms. Mohamed are false and are a pretext (an excuse) to cover up for race discrimination and retaliation.

If you do not believe one or more of the reasons SHRM offered for the termination, then you may, but are not required to, infer that race and/or retaliation was a factor that made a difference in SHRM's decision to terminate Ms. Mohamed. Ms. Mohamed need not disprove every reason stated by SHRM in order to prove pretext.

Ms. Mohamed may show that SHRM's stated reasons for its actions are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretext are:

- Evidence that an employer treated an employee differently compared to similarly situated employees of a different race;

- Evidence that an employer misused subjective criteria in its evaluation of an employee;

- Evidence of an employer's prior treatment of an employee;

- Evidence that one or more of an employer's witnesses lack credibility;

- Evidence of temporal proximity between an employee's complaints of discrimination and retaliation and the actions that the employer took to effectuate termination;

- Evidence that an employer exhibited procedural irregularities in dealing with an employee, including acting contrary to its policy or established practice;

- Evidence that an employer failed to fully investigate an employee's complaints of discrimination and/or retaliation;

- Evidence that an employer did not uniformly enforce its own rules; and/or

- Evidence that any one of an employer's stated reasons for the employee's termination is false, contradictory, implausible, or not worthy of belief.

In determining whether SHRM's stated reasons for its actions are genuine or pretextual, you may consider any or all of these factors. If you find pretext, you may, but are not required to infer that race and/or retaliation was a factor that made the difference in SHRM's termination of Ms. Mohamed.

**INSTRUCTION NO.    19**

**SAME RESULT**

Even if you find that SHRM violated Section 1981, if you find by the preponderance of the

evidence that SHRM would have terminated Ms. Mohamed's employment regardless of her race,

or whether she engaged in protected activity under Section 1981, you must find in SHRM's favor.

**INSTRUCTION NO.    20**

**DAMAGES – GENERALLY**

The instructions that follow govern how you should go about awarding damages for Ms. Mohamed's claims in this case.  The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to a verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you find in favor of Ms. Mohamed on either or both of her claims in accordance with the other instructions.

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.  You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Ms. Mohamed prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

INSTRUCTION NO. ___21___

COMPENSATORY DAMAGES

If you find the SHRM discriminated against Ms. Mohamed based on her race or retaliated against her, then you must determine an amount that is fair compensation for her damages. You may award compensatory damages only for injuries that Ms. Mohamed proves were caused by the SHRM's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award compensatory damages for any pain, suffering or mental anguish Ms. Mohamed experienced as a consequence of the SHRM's allegedly wrongful acts in discriminating against her. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.

There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial. In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Ms. Mohamed prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

INSTRUCTION NO. ___22___

## MULTIPLE RECOVERY PROHIBITED

You may not award economic or compensatory damages more than once for the same injury. Ms. Mohamed is only entitled to be made whole once. Of course, if different injuries are attributable to the separate claims and Ms. Mohamed proves all of those claims, you must compensate Ms. Mohamed for all of her injuries.

**INSTRUCTION NO.    23**

**DAMAGES – PUNITIVE DAMAGES**

If you find that SHRM intentionally discriminated or retaliated against Ms. Mohamed, the law allows, but does not require, an award of punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct, and also to provide a warning to others.

You may award punitive damages if you find that SHRM engaged in discrimination or retaliation with malice or with reckless indifference to the right of Ms. Mohamed to be free from such intentional discrimination and retaliation. In order to find SHRM liable for punitive damages, you must find that SHRM discriminated or retaliated in the face of a perceived risk that its actions would violate federal law.

In deciding the amount of punitive damages, you may consider the following:

1. The offensiveness of the conduct;

2. The amount needed, considering SHRM's financial condition, to prevent the conduct from being repeated; and

3. Whether the amount of punitive damages bears a reasonable relationship to the actual damages awarded.

Where discriminatory acts on the part of SHRM's managerial employees were contrary to SHRM's good faith efforts to comply with the law by implementing and enforcing policies and programs designed to prevent unlawful discrimination, you shall not award punitive damages.

## INSTRUCTION NO. ___24___

### EFFECT OF INSTRUCTION AS TO DAMAGES

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## INSTRUCTION NO. __25__

### JURY PROCEDURES

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts,

your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are

ready to return to the courtroom.

## INSTRUCTION NO.   26

### ADDITIONAL JURY PROCEDURES

The original forms of the written instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. (The instructions labeled "copy" may be marked or used in any way you see fit.)

The Courtroom Deputy will now escort you to the jury room. After you get to the jury room you shall select one of your members to be the foreperson of the jury. That person will be in charge of your discussions. You must all agree on your verdict, and you must sign the original form of whatever verdict you reach.

Please notify the Courtroom Deputy when you have reached a verdict, but do not tell the Courtroom Deputy what your verdict is. You shall keep the verdict forms, these instructions and the exhibits until I give you further instructions.

Once you begin your deliberations, if you have a question about the evidence in this case or about the instructions that you have been given, your Foreperson should write the question on a piece of paper, sign it and give it to the Courtroom Deputy who will bring it to me.

I will then confer with the attorneys as to the appropriate way to answer your question. However, there may be some questions that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.