IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.1:22-cv-01625-GPG-KAS

REHAB MOHAMED,

    Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

    Defendant.

**DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT FILING BOND**

Defendant Society for Human Resource Management ("SHRM" or "Defendant"), by and through its attorneys, submits the following Motion to Stay Execution of Judgment Without Filing Bond.

## I. CERTIFICATION OF CONFERRAL

Undersigned counsel certify that they conferred with counsel for Plaintiff before filing this Motion. Plaintiff does not oppose the stay of execution of judgment pending the resolution of the post-trial motions, but does oppose Defendant's request that the Court waive any bond requirement throughout the duration of this stay.

## II. INTRODUCTION

On December 5, 2025, the jury returned a verdict finding that SHRM violated Plaintiff's rights under 42 U.S.C. § 1981 and awarded Plaintiff $11.5 million in damages. [Dkt. No. 154]. The Court entered final judgment on January 12, 2026. [Dkt. No. 164].

1

Pursuant to Fed. R. Civ. P. 62(a), the judgment is automatically stayed for 30 days, up to and including February 11, 2026. SHRM now moves to stay execution of the judgment pending resolution of its post-trial motions and requests that the Court waive, or at minimum, reduce any bond requirement throughout the duration of this stay. [Dkt. Nos. 170–171].

### III. ARGUMENT

The decision to stay the execution of a judgment is within the sound discretion of the court." *Live Face on Web, LLC v. Integrity Sols. Grp., Inc.*, No. 16-CV-01627-CMA-STV, 2018 WL 6415383, at *3 (D. Colo. Dec. 6, 2018). That discretion is particularly broad where, as here, a party seeks a stay pending resolution of post-trial motions rather than a stay pending appeal. Unlike a stay pending appeal under Fed. R. Civ P. 62(d), which generally requires the posting of a supersedeas bond, Rule 62(b) affords district courts greater flexibility to determine whether a stay is warranted and what security, if any, is necessary to protect the judgment creditor. *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-CV-01398-PAB-KLM, 2013 WL 2634640, at *1 (D. Colo. June 12, 2013).

Consistent with this discretion, courts within this District and elsewhere have recognized their authority to waive the bond requirement entirely where circumstances warrant. *See, e.g., Stockmar v. Colo. Sch. of Traditional Chinese Med., Inc.*, No. 13-CV-02906-CMA-MJW, 2015 WL 4456207, at *1 (D. Colo. July 21, 2015). Waiver of a bond is particularly appropriate where it is undisputed that the debtor possesses ample financial resources to satisfy the judgment. *See Compania de Inversiones Mercantiles*

2

4918-5218-0622

*S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, No. 1:15-CV-02120-JLK, 2019 WL 8223560, at *1 (D. Colo. May 21, 2019) ("[T]he district court has the discretion to reduce or waive the bond requirement if the appellant demonstrates a present financial ability to respond to the judgment that is likely to continue"); *Am. W. Bank Members v. Utah*, No. 2:16-CV-326, 2024 WL 1658193, at *2 (D. Utah Apr. 17, 2024) (noting that a bond may be unnecessary where the defendant's ability to pay is not in question).

In determining whether to waive the bond requirement, a court may also consider the following factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is obvious enough that the cost of a bond would be a waste of money; and (5) whether the appellant is in such dire financial circumstances that a bond would place the appellant's other creditors at risk." *Myers v. Mid-West Nat'l Life Ins. Co.*, No. 04-cv-00396-CMA-KLM, 2009 WL 306366, at *2 (D. Colo. Feb. 6, 2009) (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir.1988)).

Here, these factors weigh in favor of waiving the bond requirement. With respect to the first two factors—which go the complexity and duration of the collection process— the judgment is against a single domestic entity and there is no indication that assets would need to be located or assigned through a time-intensive process. Indeed, the funds that would be used to pay the judgment are readily available. *Stella v. Davis Cnty.*, No. 1:18-CV-00002-JNP, 2023 WL 8283854, at *3 (D. Utah Nov. 30, 2023) (waiving bond

3

4918-5218-0622

requirement based on the fact that the funds to pay the judgment are readily available). Likewise, there is nothing which raises any concern that Plaintiff will not be able to obtain a judgment within a reasonable time if they are able to successfully defend against SHRM's post-trial motions.

As it concerns the latter two factors—which relate to the Court's confidence in the debtor's ability to satisfy a judgment—SHRM's most recent publicly available tax returns indicate that it has ample assets. As such, SHRM is more than capable of paying the $11.5 judgment entered by the Court. *See Stella*, 2023 WL 8283854 at *3 (explaining that defendants do not need to fully illuminate their financial condition to demonstrate that funds are or will be available to pay the judgment). Indeed, SHRM's ability to pay the judgment is so clear that the cost of a bond "would be a waste of money." Assessment of the final factor likewise confirms that waiving bond is appropriate as there is no evidence that Defendant is in a "precarious financial situation."

In sum, the relevant factors overwhelmingly support waiver of the bond requirement while the post-trial motions are pending. SHRM's substantial financial resources eliminate any risk of nonpayment, and there is no evidence that requiring a bond is necessary to protect Plaintiff's interests. Under these circumstances, imposing a bond would serve no practical purpose and would contravene the discretionary, equitable principles underlying Rule 62(b). Accordingly, the Court should waive the bond requirement in its entirety throughout the duration of the requested stay.

In the event the Court declines to waive the bond requirement, SHRM respectfully requests, in the alternative, that any bond be substantially reduced. Although courts in

4

4918-5218-0622

this District often require a bond in the full amount of the judgment, they retain discretion under Rule 62(b) to tailor the bond to the circumstances of the case. Here, SHRM requests that it be required to post a bond in the amount of $1.5 million, corresponding to the compensatory damages awarded by the jury. See *Valenzuela v. Coleman*, No. 18-CV-00329-CMA-STV, 2022 WL 1120506, at *2 (D. Colo. Apr. 13, 2022) (reducing bond amount where full bond was unnecessary to protect the judgment creditor).

A reduced bond is appropriate given SHRM's undisputed financial strength and ability to satisfy the judgment, which eliminates any risk that Plaintiff would be unable to recover if post-trial motions are unsuccessful. Accordingly, if the Court determines that some security is warranted, SHRM respectfully requests that the bond be limited to $1.5 million.

## IV. CONCLUSION

For the foregoing reasons, SHRM respectfully requests that the Court grant the relief sought in this Motion, including staying enforcement of the judgment pending resolution of Defendant's post-trial motions and waiving or reducing any bond requirement throughout the duration of this stay.

Dated February 10, 2026.

*s/ Virginia L. Woodfork*
Virginia L. Woodfork
Julian G.G. Wolfson
Nicholas Hankins
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.362.2824
Facsimile: 303.629.0200

5

4918-5218-0622

Email: vwoodfork@littler.com
jwolfson@littler.com
nhankins@littler.com

Tanja Darrow
LITTLER MENDELSON, P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile:   213.443.4299
Email: tdarrow@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2026, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT FILING BOND** was filed by CM/ECF and was served on the following parties:

Ariel Beryl DeFazio
Lowrey Parady Lebsack LLC
1490 Lafayette Street, Suite 304
Denver, CO 80218
Tel: 303-593-2595
ariel@lowrey-parady.com

Hunter Anthony Swain
Swain Law LLC
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Tel: 720-815-5281
hunter@swainemploymentlaw.com

*Attorneys for Plaintiff*

Robert Allen Lees
Robert A. Lees & Associates
5655 South Yosemite Street, Suite 350
Greenwood Village, CO 80111
Tel: 303-292-1020
ral@robertalees.com

*Attorney for Interested Party*

*s/ Laura Custer*
Laura Custer, Legal Assistant

4918-5218-0622