IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:22-cv-01625-GPG-KAS

REHAB MOHAMED,

      Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

      Defendant.

---

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

---

Plaintiff Rehab Mohamed, by and through her counsel, pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), hereby submits this Motion for Attorneys' Fees ("Motion").

**D.C.COLO.LCivR 7.1(a) Certification:** Undersigned counsel states that Defendant Society for Human Resource Management ("SHRM") opposes the relief sought in this motion, including undersigned counsel's hourly rates and the number of hours claimed.

### I. Factual and Procedural Background

Ms. Mohamed, a Black woman from Egypt, worked for SHRM as an eLearning Specialist/Instructional Designer and then Senior Instructional Designer from April 2016 until September 2020. During her employment, Ms. Mohamed received positive performance reviews and raises. Around the time of her selection for the Senior Instructional Designer position in early 2020, Ms. Mohamed started reporting to Instructional Design Manager Carolyn Barley, a former peer. Ms. Mohamed observed that

Ms. Barley treated her differently than her white peers. For example, Ms. Barley scrutinized Ms. Mohamed's work more, minimized her abilities, and took a harsher tone with Ms. Mohamed in calls and meetings.

In early June 2020, Ms. Mohamed shared her concerns about this race-based treatment by Ms. Barley with Vice President of Education Jeanne Morris. As the situation with Ms. Barley deteriorated over the summer, Ms. Mohamed raised her concern about race discrimination to other leaders at SHRM, including its CEO Johnny Taylor, Jr., Chief Human Resources Officer Sean Sullivan, and Chief Global Development Officer Nick Schacht. SHRM's leadership did not fully investigate Ms. Mohamed's complaints and, instead, supported Ms. Barley in her efforts to document supposed issues with Ms. Mohamed's performance. SHRM terminated Ms. Mohamed on September 1, 2020.

Ms. Mohamed filed this civil action, in which she brought claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, in June 2022 [Dkt. 1]. Discovery began in September 2022 and lasted for twelve months[1] [Dkt. 48]. Over that time, undersigned counsel requested the Court's assistance with several discovery issues, including two hearings regarding the 30(b)(6) deposition [Dkt. 38 and 58]. In the interim, SHRM filed a motion for summary judgment [Dkt. 40] to which Ms. Mohamed responded [Dkt. 73].

---

[1] Although the discovery cutoff was only extended to September 2023 [Dkt. 48], the Court granted the parties leave to complete the 30(b)(6) deposition on or before December 15, 2023 [Dkt. 69].

SHRM's counsel then filed a motion to strike a critical witness [Dkt. 75] that the Court denied [Dkt. 82]. Prior to trial, SHRM's counsel filed a motion in limine [Dkt. 105] and a motion to bifurcate Ms. Mohamed's punitive damages claim [Dkt. 106], both of which the Court denied [Dkt. 119].

At the conclusion of the five-day jury trial held December 1-5, 2025, the jury returned a verdict of $11.5 million for Ms. Mohamed on her race discrimination and retaliation claims under 42 U.S.C. § 1981 [Dkt. 154]. The Court entered final judgment for Ms. Mohamed against Defendant SHRM on January 12, 2026 [Dkt. 164]. Defendant then filed three post-trial motions [Dkt. 170, 171, 174] to which Plaintiff has responded [Dkt. 179, 181, 182].

## II.    Legal Argument

### a.  Ms. Mohamed is entitled to her reasonable attorneys' fees.

In this Motion, Ms. Mohamed seeks an award of attorneys' fees in the amount of $536,308, which reflects 1,065.4 hours expended by two attorneys and one paralegal. Under 42 U.S.C. § 1988(b), the Court may award Ms. Mohamed her reasonable attorney fees. "Although the power to award such fees is discretionary, that discretion is narrow once a civil rights plaintiff demonstrates that [s]he is a 'prevailing party.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

Here, Ms. Mohamed is undoubtedly the prevailing party: the jury found for her on both of her claims—discrimination and retaliation under 42 U.S.C. § 1981—and awarded her $1.5 million and $10 million in compensatory and punitive damages, respectively [Dkt. 154]. *White v. Chafin*, No. 13-cv-01761-CMA-MJW, 2016 U.S. Dist. LEXIS 195805, at *6

3

(D. Colo. Sept. 23, 2016) (*citing Farrar v. Hobby*, 506 U.S. 103, 106 (1992) ("[a] plaintiff who wins damages is a prevailing party under § 1988)).

### b. The fees requested by Ms. Mohamed's attorneys are reasonable.

Having established that Ms. Mohamed is the prevailing party, she must next prove that her fee request is reasonable. *Robinson*, 160 F.3d at 1280. The starting point of the attorney fee award in a civil rights action is the lodestar figure, which is the number of hours reasonably expended multiplied by the attorneys' reasonable hourly rates. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). There is a strong presumption that the lodestar figure is the reasonable fee. *Id.* The lodestar figure is presumed to be the "minimum reasonable fee" to which counsel is entitled. *Pa v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986).

In determining whether the hours claimed were reasonably expended, the Court should determine whether the tasks sought to be charged to the opposing party would normally be billed to a paying client. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). If so, the hours are fully compensable. In determining whether the hours reported for each task are reasonable, the Court should consider the complexity of the case, whether the strategies pursued were reasonable, and the responses necessitated by maneuvering on the opposing side. *Id.*

The reasonable hourly rate should be based on the prevailing market rate commanded by lawyers of similar skill, experience, and reputation in the relevant community. *Blum*, 465 U.S. at 897. More specifically, the hourly rate should be "based on the lawyer's skill and experience in civil rights or analogous litigation." *Ramos*, 713 F.2d

at 555. A firm's normal billing rate is entitled to deference, particularly where the firm specializes in a particular field of expertise and the case at issue involves the firm's specialty. *See id.* "It goes without saying that if a court's compensation is not adequate to match what the market will bear for a lawyer's services, then competent lawyers will go elsewhere to offer their services. Such a result would do irreparable damage to our system of private enforcement of federal civil rights." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The hourly rate awarded should reflect the respective attorney's rate in effect at the time of the fee award, not the rate in effect at the time the services were performed. *Ramos*, 713 F.2d at 555. Awarding compensation at the attorney's current rate "will roughly approximate periodic compensation adjusted for inflation and interest and will obviate the necessity of guessing when periodic billings would have been made and paid in an analogous private practice situation." *Id.*; *see also Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) (holding that "an appropriate adjustment for delay in payment–whether by the application of current rather than historic hourly rates or otherwise–is within the contemplation of the statute.")

Plaintiff is also entitled to compensation for the work of non-lawyers, such as paralegals, who contribute to the overall attorney work product. *Jenkins*, 491 U.S. at 285-88. Plaintiff is further entitled to an award of fees incurred in obtaining an award of attorneys' fees. *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). Compensating attorneys for their work in resolving the fee issue furthers the purpose of encouraging attorneys to accept federal civil rights cases. *Id.* Ms. Mohamed has

included such amounts incurred to date in the itemized attorneys' fees statements attached as Exhibits 1 and 2.

### c. The Fees Requested

The itemized attorneys' fees statements of Ms. Mohamed's counsel, Hunter Swain of Swain Law, LLC and Ariel DeFazio of Lowrey Parady Lebsack DeFazio, LLC ("LPLD"), are attached as Exhibits 1 and 2, respectively. The total amount of fees incurred is summarized in the table below. The table reflects time spent by each attorney on Ms. Mohamed's case since representation began in September 2020 through the filing of this motion as reflected in Exhibits 1 and 2.

| Name | Hourly Rate | Hours | Total |
|---|---|---|---|
| **Swain Law, LLC Time (Ex. 1)** | | | |
| Hunter Swain | $500 | 467.1 | $ 233,550 |
| **SUBTOTAL** | | | $ 233,500 |
| **LPLD Time (Ex. 2)** | | | |
| Carol Allen | $180 | 71.1 | $ 12,798 |
| Ariel DeFazio | $550 | 527.2 | $ 289,960 |
| **SUBTOTAL** | | | $ 302,758 |
| | | **TOTAL FEES** | **$ 536,308** |

### i. *The number of hours claimed is reasonable.*

Before submitting the final itemized fee statements attached hereto, and as required by *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), Mr. Swain and Ms. DeFazio undertook a good faith review of their billing statements to ensure that recovery is sought only for necessary and reasonable time and to avoid duplication of efforts. (Ex. 3, Swain Aff., ¶ 24; Ex. 4, DeFazio Aff., ¶ 17.) Specifically, 12.1 hours of time was removed from LPLD's billing statement (Ex. 2), which consisted of: 5.7 hours spent researching and briefing Plaintiff's Motion in Limine, which was ultimately unsuccessful; 4.5 hours spent by three other attorneys at LPL to provide feedback on a version of the opening statement; 1 hour spent by another attorney at LPL to conduct research; 0.7 hours for travel time; and 0.2 hours of attorney time for duties that were administrative in nature. After undertaking a good-faith review of his time, Hunter Swain exercised his professional judgement to reduce 7.4 hours of time, which included time spent on administrative tasks, time spent with an expert witness that Plaintiff ultimately did not retain, and time spent drafting documents.

Counsel's adjusted hours are reasonable given this lengthy and, at times, zealously litigated case. Counsel for Ms. Mohamed took the depositions of six individuals—one of whom, Mike Jackson, had to be deposed three separate times [Dkt 167-3]—as well as a deposition of SHRM, which took place over six different days from August through December 2023 and required the intervention of then-Magistrate Judge Crews to resolve various disputes, i.e., [Dkt. 38 and 58]. In addition, Defendant filed a motion for summary judgment, a motion to strike, and two pre-trial motions that required

extensive work to successfully preserve Ms. Mohamed's claims and ability to use evidence critical to her case. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (a court should consider "the responses necessitated by the maneuvering of the other side" when determining "what is reasonable time in which to perform a given task or to prosecute the litigation as a whole"). Defendant then filed three post-trial motions, which required significant work on the part of Plaintiff's counsel to defend the eight-figure jury verdict.

It is evident from the itemized statements of counsel for Ms. Mohamed that both Mr. Swain and Ms. DeFazio appeared at hearings, depositions, the mediation, and phone calls with Ms. Mohamed and opposing counsel. Certainly, courts have the discretion to deny compensation if the same task if performed by more than one lawyer in order to counter claims for excess time. Here, however, the practice of Mr. Swain and Ms. DeFazio jointly attending critical case-related events and communications and strategizing internally is evidence of the attorneys' intent and practice of prosecuting this case as co-counsel; it should not be viewed as duplicative work. Indeed, the whole of Ms. Mohamed's representation was more than the sum of its parts. In contrast to Ms. Mohamed's lean team of two attorneys, SHRM was represented by three or four attorneys at any one time for a total of eight attorneys over the course of this litigation [Dkt. 7, 9, 10, 63, 66, 72, 117, 118]. *Ramos*, 713 F.2d at 554 (suggesting that the court "look to how many lawyers the other side utilized in similar situations as an indication of the effort required").

In addition to affidavits from Mr. Swain (Ex. 3) and Ms. DeFazio (Ex. 4) that discuss their experience and time spent on this case, Ms. Mohamed offers two declarations in support of the hours incurred by her counsel from recognized experts in the field of

employment law, both in Colorado and nationwide: Darold Killmer (Ex. 5), partner at KILLMER LANE, LLP who has practiced civil rights and employment law for nearly 40 years, and Ben Lebsack (Ex. 6), partner at LPLD who has practiced employment law since 2012 and has extensive experience in the area of legal ethics. Both Mr. Killmer and Mr. Lebsack have previously provided expert testimony and declarations in support of fee petitions. (Ex. 5, ¶¶ 7-9; Ex. 6, ¶¶ 5.) In their declarations, Mr. Killmer and Mr. Lebsack support the reasonableness of the number of hours incurred by Mr. Swain, Ms. DeFazio, and Ms. Allen. (Ex. 5, ¶¶ 18-19; Ex. 6, ¶ 20.)

ii. *Ms. Mohamed's attorneys' hourly rates are reasonable.*

Ms. Mohamed's attorneys are seeking the following hourly rates: $500 for Mr. Swain and $550 for Ms. DeFazio. Ms. Mohamed also seeks $180 per hour for the time of Carol Allen, LPLD's senior paralegal. Pursuant to D.C.COLO.LCivR 54.3(b)(1)-(2), the summary of the relevant qualifications and experiences for each person for whom fees are claimed are detailed below. With respect to a description of counsel's services rendered, after the pre-litigation period during which Ms. Mohamed was represented solely by Mr. Swain, Mr. Swain and Ms. DeFazio participated equally in crafting case strategy, drafting pleadings, preparing outgoing and reviewing responsive discovery, taking depositions, and communicating with Ms. Mohamed. Counsel committed to an equal division of labor at trial with respect to directing and crossing witnesses, delivering the opening statement and closing argument, and preparing jury instructions and voir dire.

- **Hunter Swain.** Mr. Swain has over twelve years of experience representing Colorado and New York employees primarily in matters of

discrimination and retaliation. (Ex. 3, ¶¶ 4-8.) He has represented hundreds of plaintiffs in state and federal litigation and pre-litigation matters and served as sole counsel or co-counsel in over 37 civil actions (including appeals) that primarily included claims of discrimination and retaliation. (*Id.* at ¶ 11-13.) Mr. Swain is an active member of the Denver and Colorado legal communities, having multiple authored articles and book chapters, spoken at continuing legal education events, taught as an adjunct law professor, and served in elected leadership positions in bar associations. (*Id.* at ¶ 14-21.)

- **Ariel DeFazio.** Ms. DeFazio has over fourteen years of experience representing Colorado employees primarily in matters of discrimination and retaliation. (Ex. 4, ¶¶ 3-4.) She has represented hundreds of plaintiffs in state and federal litigation and pre-litigation matters and served as co-counsel in over 60 civil actions that included discrimination and retaliation claims. (*Id.* at ¶ 10.) Ms. DeFazio has served in leadership positions with the Faculty of Federal Advocates, Colorado Plaintiff Employment Lawyers Association, and Colorado LGBT Bar Association, and has received formal recognition as a notable plaintiff-side employment attorney in Colorado. (*Id.* at ¶ 7.) She has co-authored book chapters and an article on topics related to employment law and discovery (*id.* at ¶ 8) and she presents regularly to legal and lay audiences on employment law (*id.* at ¶ 9).

- **Carol Allen.** Ms. Allen is LPLD's paralegal. (Ex. 4, ¶ 13.) She has worked as a paralegal for 18 years and has served as LPLD's dedicated paralegal for ten years. From May 2022 through August 2025, Ms. Allen provided general litigation support, including noting deadlines and saving and organizing discovery documents and pleadings. Beginning in October 2025, Ms. Allen was integral in preparing exhibit notebooks and, in December 2025, assisting counsel with exhibits at trial.

In support of the reasonableness of Ms. Mohamed's counsels' hourly rates, Ms. Mohamed offers the declarations of Mr. Killmer (Ex. 5) and Mr. Lebsack (Ex. 6), as well as a declaration from John Culver, partner at Benezra & Culver, P.C. who has been practicing civil rights and employment law for over 30 years (Ex. 7). All three declarations support the reasonableness of the hourly rates for Mr. Swain, Ms. DeFazio, and Ms. Allen. (Ex. 5, ¶¶ 14-17; Ex. 6, ¶¶ 18-19; Ex. 7, ¶¶ 19-20.)

Finally, the reasonableness of the hourly rates of Ms. Mohamed's counsel is evident from recent attorney fees awards in the U.S. District Court for the District of Colorado. In a civil rights case brought under 42 U.S.C. § 1983, Judge Rodriguez found the $550 per hour billing rate for the partner on the matter to be reasonable in light of her experience and prevailing market rates. *Trevizo-Gonzalez v. Brunnemer*, No. 21-cv-02851-RMR-NRN, 2024 U.S. Dist. LEXIS 247589, at **12-13 (D. Colo. Dec. 11, 2024). In support of this finding, Judge Rodriguez cited to two cases, *Valdez v. Motyka*, No. 15-cv-0109-WJM-STV, 2022 WL 1092182 (D. Colo. April 12, 2022) and *U.S. ex rel. Swanton v. Zhong*, No. 20-cv-1742-NYW, 2024 WL 1858532 (D. Colo. April 29, 2024), in which the

11

courts held that hourly rates of $575-$595 and $650 for partners, respectively, were reasonable. *Trevizo-Gonzalez*, 2024 U.S. Dist. LEXIS 247589 at *13. In *Stroup v. United Airlines, Inc.*, No. 15-cv-01389-WYD-STV, 2018 U.S. Dist. LEXIS 236205, at **25-26 (D. Colo. Dec. 5, 2018), Judge Daniel held that $540 per hour for a partner with 20 years of experience and $175 per hour for a paralegal with 15 years of experience were reasonable in the Denver market as of 2018. Ms. Allen's hourly rate of $180 is less than the hourly rate that was approved for senior paralegals in *Valdez v. Macdonald*, 66 F.4th 796, 838 (10th Cir. 2023) (affirming the district court's approval of $200 per hour for senior paralegals).

Based upon the affidavits of Ms. Mohamed's counsel regarding their experience (Exhibits 3-4), the declarations of three premier employment attorneys in Denver (Exhibits 5-7), and the above cited legal authority, Ms. Mohamed respectfully requests that the Court find that the hourly rates charged by her counsel are reasonable within the Denver legal market for attorneys specializing in employment law.

iii.   *No reduction to the lodestar amount is appropriate.*

A district court may alter a lodestar calculation based on other considerations, the most critical of which is "the degree of success obtained." *Hensley*, 461 U.S. at 434, 436. Here any such reduction would be inappropriate: the jury returned a verdict for Ms. Mohamed on both of her claims and awarded her $11.5 million dollars in compensatory and punitive damages. Similarly, in *Stroup v. United Airlines, Inc.*, 2018 U.S. Dist. LEXIS 236205, at *5 (Dec. 5, 2018), Judge Daniel found that, where two employees successfully sued a large corporation for age discrimination and ultimately prevailed on all claims, the

jury's verdict in favor of the plaintiffs was "both significant as to the amount of damages awarded and as to the public purpose served." Judge Daniel went on to state that the "Plaintiffs' complete and total success" was one basis for his decision to award a "fully compensable fee" based on "excellent results." *Id.*

Although Ms. Mohamed did not ultimately present her Title VII race discrimination or retaliation claims to the jury, it cannot be said that she achieved only partial success. To the contrary, the Title VII and Section 1981 claims involve the same common core of facts and nearly identical theories (with the exception of a less onerous causation standard applying to Title VII claims), *Durham v. Xerox Corp.*, 18 F.3d 836, 839 (10th Cir. 1994) (observing that the "allocation of burdens under Title VII applies to proving intentional discrimination under Section 1981 as well"). It is not possible to disentangle the efforts that Ms. Mohamed's counsel made to ferret out evidence that supported her Section 1981 claims from those under Title VII; they are one and the same. The fact that she did not ultimately present these claims to the jury is of no consequence for purposes of her entitlement to a full fee award. *Hensley*, 461 U.S. at 435 ("[l]itigants should be given the breathing room to raise alternative legal grounds without fear that merely raising an alternative theory will threaten the attorney's subsequent compensation"). "The result is what matters," *id.*, and here that result was resounding success for Ms. Mohamed.

### III.    Conclusion

Ms. Mohamed has submitted thorough and detailed itemized billing statements of the work performed by both Swain Law, LLC and Lowrey Parady Lebsack DeFazio, LLC in this case. (Exhibits 1 and 2.) Undersigned has exercised expected and appropriate

13

billing judgment and voluntarily eliminated 19.5 hours of incurred attorney and paralegal time to avoid any appearance of duplication or excessiveness. The remaining time incurred was reasonably spent prosecuting this case. Ms. Mohamed obtained all relief sought and available by law and is entitled to a fully compensatory fee award at the hourly rates of her counsel, which are entirely reasonable and in accord with the Denver market.

In light of the above, Plaintiff Rehab Mohamed respectfully requests an award of attorneys' fees in the amount of $536,308, as well as post-judgment interest on the award of fees effective the date of the Court's order on the same, *Midamerica Federal Sav. & Loan Ass'n v. Shearson/American Express, Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992) (finding that post-judgment interest begins to accrue on an award of attorney fees "from the date on which the attorneys' fees are quantified and reduced to a judgment").

Respectfully submitted March 19, 2026, by:

SWAIN LAW, LLC

*s/Hunter A. Swain*
Hunter A. Swain
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Phone: (720) 815-5281
hunter@swainemploymentlaw.com

Attorney for Plaintiff

LOWREY PARADY LEBSACK DEFAZIO, LLC

*s/Ariel B. DeFazio*
Ariel B. DeFazio
1490 Lafayette Street, Suite 304
Denver, CO 80218
Phone: (303) 593-2595
Fax: (303) 502-9119
ariel@lowrey-parady.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 19, 2026 I personally filed the foregoing with the Clerk of Court using the CM/ECF system, which has been served on the following via email:

Tanja L. Darrow
tdarrow@littler.com

Virginia LeeAnn Woodfork
vwoodfork@littler.com

Julian G. G. Wolfson
jwolfson@littler.com

Nicholas Hankins
nhankins@littler.com

*Attorneys for Defendant*

*s/Ariel B. DeFazio*
Ariel B. DeFazio