IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 22-cv-01625-GPG-KAS

REHAB MOHAMED,

Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

Defendant.

---

**ORDER**

---

Before the Court is Plaintiff's Motion for Attorneys' Fees (D. 184). The Court GRANTS IN PART the motion for the following reasons.

## I. BACKGROUND

This civil action arises from the termination of Plaintiff Rehab "Ruby" Mohamed by Defendant Society for Human Resources Management (SHRM). On October 10, 2024, the Court denied SHRM's motion for summary judgment (D. 89). Before trial, Mohamed dismissed all but two of her claims: (1) discrimination in violation of 42 U.S.C. § 1981 (Section 1981) and (2) retaliation under the same section. SHRM sought to exclude various evidence (D. 75; D. 105), which the Court denied without prejudice (D. 82; D. 119). SHRM also sought to bifurcate the trial between liability and punitive damages issues (D. 106), but the Court denied this motion (D. 119).

The Court held a five-day jury trial from December 1–5, 2025 (D. 141–45, 147–48). SHRM moved for judgment by written motion at the close of Mohamed's evidence (D. 146). The

Court orally denied this motion (D. 147). The jury returned a verdict for Mohamed on all claims, awarding $1.5 million in compensatory damages and $10 million in punitive damages (D. 154).

Mohamed seeks "an award of attorneys' fees in the amount of $536,308, as well as post-judgment interest on the award of fees effective the date of the Court's order on the same" (D. 184 at 14).

## II. LEGAL STANDARD

Under 42 U.S.C. § 1988(b), for a prevailing party in civil rights litigation, "the court, in its discretion, may allow . . . a reasonable attorney's fee as part of the costs." Although such awards are discretionary, the "implication of our cases is that when a plaintiff prevails in a civil rights suit, the plaintiff ordinarily should not have his vindication of these rights eviscerated by an obligation to pay his attorney's reasonable fees." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). There is no dispute that Plaintiff is a prevailing party (*see* D. 189 at 1).

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249 (10th Cir. 1998) (internal citations omitted); *see also Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1210 (10th Cir. 1986) (internal citation of quotation marks omitted) ("It is Plaintiff's burden to prove and establish the reasonableness of each dollar, each hour, above zero."). The amount of the fee award is committed to the district court's discretion, but the "lodestar"—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate—is "presumptively reasonable." *Jane L. v. Bangerter,* 61 F.3d 1505, 1509 (10th Cir. 1995) (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)); *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.,* 616 F.3d 1098, 1102 (10th Cir. 2010).

The first step in calculating the lodestar is the determination of the number of hours reasonably spent by counsel. *Case,* 157 F.3d at 1250. The prevailing party bears the burden of proof in establishing this number "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* Additionally, the prevailing party must exercise billing judgment and make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley* 461 U.S. *at* 434. Where such an effort appears "inadequate, the district court may reduce the award accordingly." *Id.* at 433; *see also Carter v. Sedgwick County, Kan.,* 36 F.3d 952, 956 (10th Cir. 1994) (same).

The second step in calculating the lodestar is the determination of the reasonable rate per hour, that is, "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 483 U.S. 711 (1987). The relevant market rate is the local market rate. *Id.* In making this determination, a district judge "may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Bee v. Greaves,* 910 F.2d 686, 689 n.4 (10th Cir. 1990).

## III. ANALYSIS

SHRM specifically challenges only a portion of the fees sought by Mohamed (D. 189 at 9). It contends that the "Court should reduce Plaintiff's requested fee award by 92.48 hours" (*id.*) in relation to entries identified in an exhibit to SHRM's Response (D. 189-1).

In reviewing attorney fee requests, the Tenth Circuit has "suggested that among the factors to be considered were (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers." *Robinson*, 160 F.3d at 1281 (internal quotation marks omitted).

The Court has carefully reviewed the evidence submitted by Mohamed (D.1846-1 to -7). The Court finds the requested fees and costs reasonable as well as supported by the evidence. The Court, however, agrees with SHRM that a few instances are not compensable.

Within the entries challenged as administrative and clerical task, Mohamed seeks fees for "instructions to CA re labeling [two exhibits] and compiling all exhibits, 0.2" for Ariel DeFazio (D. 184-2 at 5). This entry appears to reflect a purely clerical task that is not recoverable as attorney fees and will be excluded. *See Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010). The Court finds that the remaining fees challenged as administrative or clerical to be of the sort properly collectable. For example, a section of the same entry reflects a charge for printing and reviewing two exhibits (D. 184-2 at 5). This is properly considered attorney work and will not be excluded simply because the attorney referenced printing the exhibits reviewed.

The Court does not find any of SHRM's challenges to alleged "block billing" to be persuasive. Although entries in the billing logs are grouped together, the individual tasks and time attributed to each task is identified and readily reviewable by the Court.[1] This is proper and does

[1] For example, an entry for Ariel DeFazio on September 25, 2025, totals 12.9 hours, but the individual tasks are identified:

not provide a reason for reduction. Likewise, the Court does not find any of SHRM's challenges to alleged duplicative attorney attendance persuasive. This case was very aggressively litigated by SHRM and the involvement of only two attorneys at important junctures, such as depositions of key witnesses and related hearings, is hardly excessive. The amount of time identified and challenged as excessive related to "intra-office conferences/meetings where both Ms. DeFazio and Mr. Swain attended" (D. 189-1 at 4) is surprisingly limited given the length and litigious nature of this case and, if anything, shows commendable efficiency on the part of defense counsel.

Finally, the Court generally agrees with Mohamed that attorney time related to filing of a charge with the Colorado Civil Rights Division are recoverable notwithstanding that such a charge was not necessary to the two claims maintained because such efforts allowed "learning SHRM's purported legitimate non-discriminatory and non-retaliatory reasons for its termination of Ms. Mohamed and gathering testimonial and documentary evidence to rebut the same" (D. 196 at 6). Nonetheless, the Court agrees with SHRM to the limited extent of excluding time directly related to the filing of the charge itself, namely, 3.1 hours of between February 12 and 24, 2021, by Hunter Swain.

These exclusions reduce the requested award of attorney fees by $1,660.[2]

---

> Review Defendant's and Plaintiff's draft jury instructions, 1.5; met with HS re same, 0.8; TC with OC re jury instructions, 0.9; Draft joint update to court re outstanding issues and settlement efforts, 0.7; compile, format, and finalize stipulated exhibits and send to OC to review, 0.9; review and respond to correspondence with mediator, 0.2; email corresp with OC re same and draft joint update, 0.1; compile plaintiff's competing and non-stipulated jury instructions, 3.8; draft arguments against defendant's competing and non-stip instructions, 3.8; review emails from mediator and respond to JAMS contact and HS re same, 0.2

(D. 184-2 at 7).

[2] 3.1*$500=$1,550; 0.2*$550=$110; $1,550+$110=$1,660.

SHRM does not contest the hourly rates sought by Mohamed or contest that she is entitled to post-judgment interest. The Court finds the hourly rates sought ($550/hr for Ms. DeFazio, $180/hr for Ms. Carol, a paralegal, and $500/hr for Mr. Swain) to be reasonable for the market and litigation at issue. *See Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002) ("the court may use other factors, including its own knowledge, to establish that rate").

## IV. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion for Attorneys' Fees (D. 184) is GRANTED IN PART. Plaintiff is awarded $534,648 in attorney fees under 42 U.S.C. § 1988(b) along with post-judgment interest from the date of this Order.

DATED November 2, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge